FILED
DALLAS COUNTY
3/12/2014 4:16:17 PM
GARY FITZSIMMONS
DISTRICT CLERK

1 CIT/ ATTY

Smith Gay

DC-14-02545

NO. _____

| | | |
|---|---|---|
| DAVID TYLER MOSS | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § 191ST-J | _____ JUDICIAL DISTRICT |
| | § | |
| MARKO PRINCIP | § | |
| Defendant. | § | OF DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES DAVID TYLER MOSS, PLAINTIFF in the above-referenced action, complaining of and about Marko Princip, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, David Tyler Moss, is an Individual whose address is 113 Pleasant Street, Belmont, North Carolina 28012.

3.    The last three numbers of David Tyler Moss's driver's license number are 025. The last three numbers of David Tyler Moss's social security number are 940.

4.    Defendant Marko Princip, an Individual who is a resident of Texas, may be served with process at his home at the following address: 18032 Windflower Way, Dallas, Texas 75252. Service of said Defendant as described above can be effected by personal delivery.

Plaintiff David Tyler Moss' Original Petition



1

**JURISDICTION AND VENUE**

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Plaintiff seeks:

a.      monetary relief in excess of $200,000.00, but not greater than $1,000.000.00.

7.      This court has jurisdiction over the parties because Defendant is a resident of the State of Texas.

8.      Venue in Dallas County is proper in this cause under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because this county was the county of residence of Marko Princip, Defendant herein, at the time the cause of action accrued.

**FACTS**

9.      On or about May 21, 2012, Plaintiff David Tyler Moss (hereinafter "Mr. Moss") and Marko Princip (hereinafter "Mr. Princip") entered into a Partnership Agreement (hereinafter "the Agreement") to be known as VideoGames Youtube Channel (hereinafter "VideoGames")(see Plaintiff's Exhibit A). VideoGames's web address is http://www.youtube.com/videogames. On or about May 15, 2012, Mr. Princip told Mr. Moss that he had signed a company named "Machinima" to a lucrative sponsorship deal for $3.00 per every 1,000 monetized views with ads running for a YouTube channel. Mr. Princip stated that he projected the channel to grow rapidly, and achieve great revenues. Mr. Princip told Moss that he needed $1,500.00 to start the VideoGames YouTube channel, and assured Mr. Moss that he would profit greatly from his investment. Acting on these statements made by the Mr. Princip, Moss agreed to enter into the Agreement with Mr. Princip, and invested the $1,500.00.

10.      The Agreement provided that David Tyler Moss and Marko Princip wish to

become legal partners in business, and that the partnership will be governed under the laws of the State of Texas.

11.    The Agreement provided that Plaintiff David Tyler Moss would invest $1,500.00 into the VideoGames channel, in return for thirty percent (30%) ownership of the company, and that Plaintiff David Tyler Moss would "make 30% off everything revolving around our brand, channel revenue, app revenue, etc."

12.    The Agreement provided that "David Tyler Moss is an advisor to the company, and has equal say into every decision we make."

13.    The Agreement provided that Marko Princip would return Plaintiff David Tyler Moss' initial investment within sixty (60) days of signing the Agreement, that Plaintiff David Tyler Moss would be able to log into VideoGames at any time that he pleased, and that Plaintiff David Tyler Moss would earn thirty percent (30%) of the channel revenue, paid out every 15th day of the month.

14.    Finally, the Agreement provided that, "The Partnership's primary purpose is Ensure that David Tyler Moss earns 30% of what the channel earns, and anything associated with the 'VideoGames' brand."

15.    On or about May 26, 2012, Mr. Princip admitted to Mr. Moss that the VideoGames YouTube channel was receiving $3.00 per every 1,000 monetized views with ads running on the channel..

16.    Mr. Princip, after much delay and at great inconvenience to Mr. Moss, finally returned Mr. Moss' $1,500.00 initial investment.

17.    From the time that Mr. Moss and Mr. Princip entered into the Agreement, Mr. Princip and the partnership consistently failed and/or refused to make timely payments to Mr.

Moss for 30% of all revenues from the VideoGames channel and its associated brand on the 15th day of each month, as set forth in the Agreement. Despite Mr. Moss' repeated requests, and Mr. Princip's acknowledgements that he owed Moss money from the VideoGames channel, Mr. Princip never paid Moss on time. Mr. Moss continued to make payment demands to Mr. Princip, to little or no avail.

18.     On or about November 19, 2012, Mr. Moss was involved in a Skype chat with Mr. Princip, and another individual named Brian Martin. Mr. Princip stated that Brian Martin (hereinafter "Mr. Martin") was his "business partner." Mr. Martin stated to Mr. Moss that he was a "business partner," and that he had "experience in legal and other arenas." Mr. Martin advised Mr. Moss that Mr. Martin was "the official manager of VideoGames," and that Mr. Moss was "in violation of extortion" due to his repeated demands that Mr. Princip pay him as set forth in the Agreement. Mr. Martin stated that he was "going to have to drop business with you and the channel VideoGames as it is ultimately the decision of the Manager in which I am." Mr. Martin further advised Mr. Moss that, "Your contract is void."

19.     Mr. Princip has made a few small payments to Mr. Moss since the Agreement was signed; no such payments in accordance with the Agreement have been made by Mr. Princip or by the VideoGames Youtube Channel to Mr. Moss since approximately December 1, 2012.

20.     Princip has since claimed that he "lost control" of the VideoGames Youtube channel. The identity of the current controller or entity claiming ownership of the VideoGames Youtube channel is unknown for certain to Mr. Moss at this time, as Mr. Princip has stated to Mr. Moss that he does not have possession of or access to the VideoGames Youtube channel.

Plaintiff David Tyler Moss' Original Petition

## DAVID TYLER MOSS' CLAIM FOR COMMON-LAW FRAUD

21.    Plaintiff incorporates by reference the factual allegations set forth in paragraphs 9-20 of his Original Petition herein.

22.    Defendant made representations to Plaintiff; specifically, that Plaintiff and Defendant would be partners with equal say in the VideoGames channel, and that Plaintiff would be entitled to receive 30% of all revenue and earnings from everything associated with the VideoGames channel and its brand, to be paid on the 15th day of each month.

23.    These representations were material; these representations were the reasons that Plaintiff agreed to enter the Agreement and fund VideoGames. Without these promises in the Agreement, Plaintiff would not have entered into the Agreement, and would not have invested money in VideoGames.

24.    The representations were false. To date, Defendant has not performed any of his duties as set forth in the Agreement in the manner that he agreed to perform them. Defendant has consistently made excuses for nonpayment to Plaintiff on the 15th day of each month, and has not made payments as he agreed to do. Additionally, Defendant apparently involved other individuals and/or entities in the management and direction of the VideoGames channel, without the knowledge and/or consent of Plaintiff David Tyler Moss, as set forth in the Agreement.

25.    When Defendant made the representations, the Defendant knew that the representations were false, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

26.    Defendant made the representations with the intent that Plaintiff David Tyler Moss act on them, and invest money to start the VideoGames Youtube channel.

27.    Plaintiff David Tyler Moss relied on the representations, and invested money to

start the VideoGames Youtube channel

28.     Defendant's representations caused Plaintiff David Tyler Moss injury.  Plaintiff David Tyler Moss has received no payments since 2012 from the VideoGames channel as Defendant and the partnership are obligated to do under the terms of the Agreement.

### DAVID TYLER MOSS' CLAIM FOR BREACH OF FIDUCIARY DUTY

29.     Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 9-20 of his Original Petition herein.

30.     Plaintiff David Tyler Moss and Defendant had a fiduciary relationship, as they agreed to be legal partners in business in the VideoGames channel in the Agreement.

31.     Defendant breached his fiduciary duty as a partner to Plaintiff David Tyler Moss. Defendant breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership.  Defendant breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without Plaintiff David Tyler Moss' consent, and by making managerial decisions and directional decisions without Plaintiff David Tyler Moss' knowledge or consent.  Defendant breached the duty of full disclosure by bringing other individuals and/or entities into the partnership without Plaintiff David Tyler Moss' knowledge and/or consent, and by making managerial decisions and directional decisions without Plaintiff David Tyler Moss' knowledge and/or consent.

32.     Defendant's breach resulted in injury to the Plaintiff and/or benefit to the Defendant.  David Tyler Moss has received either no payments, or far insufficient payments, from the VideoGames channel partnership as is he entitled to receive under the terms of the

6

Agreement as a result of Defendant's breach.

### DAVID TYLER MOSS' CLAIM FOR BREACH OF PARTNERSHIP AGREEMENT

33.    Plaintiff incorporates by reference the factual allegations set forth in paragraphs 9-19 of his Original Petition herein.

34.    Plaintiff hereby brings this claim for Breach of the VideoGames Youtube channel Partnership Agreement pursuant to Tex. Bus. Org. Code §152.211.

35.    Plaintiff and Defendant have a valid, enforceable Partnership Agreement.

36.    Plaintiff David Tyler Moss is a partner to the VideoGames channel, and is a proper party to sue for breach of the Partnership Agreement.

37.    Plaintiff David Tyler Moss performed his obligation to the partnership by investing $1,500.00 into the VideoGames channel, as agreed.

38.    Defendant has breached the Agreement, by failing and/or refusing to make payments in the amount of 30% of all revenue and earnings from the VideoGames channel and its brand to Plaintiff David Tyler Moss on the 15th day of each month, beginning in June 2012.

39.    The Defendant's breach caused Plaintiff David Tyler Moss injury, in that Plaintiff David Tyler Moss has not received the 30% revenues from the VideoGames Youtube channel and everything associated with its brand, as he entitled to pursuant to the Agreement.

### DAVID TYLER MOSS' DEMAND FOR ACCESS TO BOOKS AND RECORDS

40.    Plaintiff David Tyler Moss, partner in the VideoGames Youtube channel, hereby makes demand upon Marko Princip to allow access of all partnership books and records in the possession of, or obtainable by, Marko Princip to David Tyler Moss and the attorneys at Wyde & Associates, specifically Dan L. Wyde, Hunter A. Nunn, and Read H. Reily.

7

## DAMAGES FOR PLAINTIFF DAVID TYLER MOSS

41.    As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, David Tyler Moss, was caused to suffer economic damages, mental anguish damages,

lost earnings, and lost profits, and to incur the following damages:

> A.    Lost earnings and profits as set forth in the Agreement, due to Defendant's misconduct in fraudulently inducing David Tyler Moss to enter into the Agreement, Defendant's breach of fiduciary duty, and Defendant's breach of partnership Agreement.

> B.    Mental anguish damages, as a result of Defendant's Breach of Fiduciary Duty, and mental anguish was a foreseeable result of the breach of fiduciary duty pursuant to Douglas v. Delp, 987 S.W.2d 879, 884 (Tex. 1999).

## EXEMPLARY DAMAGES

42.    Plaintiff David Tyler Moss pleads for an award of exemplary damages for

Defendant's Breach of Fiduciary Duty pursuant to *International Bankers Life Ins. Co. v.*

*Holloway*, 368 S.W.2d 567, 584 (Tex. 1963).  Plaintiff David Tyler Moss pleads for an award of

exemplary damages for Defendant's Common-Law Fraud, pursuant to Tex. Civ. Prac. & Rem.

§41.003(a)(1), and for exemplary damages for Defendants' Breach of Fiduciary Duty and Breach

of Partnership Agreement pursuant to Tex. Civ. Prac. & Rem. §41.003(a)(2)-(3).

## APPLICATION TO APPOINT RECEIVER

43.    Plaintiff David Tyler Moss respectfully presents this Application to Appoint

Receiver, and prays that the Court will appoint a receiver for the VideoGames partnership

pursuant to Tex. Bus. Org. Code §11.404 on the following grounds:

A.    The VideoGames partnership's primary place of business is 18032 Windflower

Way, Dallas, Texas 75252, as set forth in the Agreement.  Pursuant to Tex. Bus. Org. Code

§11.402(b)(1), this Court has jurisdiction to appoint a receiver under §11.404.

8

Plaintiff David Tyler Moss' Original Petition

B.      This action is brought by David Tyler Moss, an owner or member of the VideoGames partnership. This action is brought due to actions by a governing person, Marko Princip, that were fraudulent, and because the property of the partnership is being misapplied or wasted, as the partnership's primary purpose is to ensure that David Tyler Moss will receive the 30% of all revenues and earnings that he is entitled to pursuant to the Agreement. Tex Bus. Org. Code §11.404(a)(1)(C)-(D).

C.      Pursuant to Tex. Bus. Org. Code §11.404(b)(1)-(3), Plaintiff David Tyler Moss would show the Court the following:

1)      The circumstances in this case necessitate the appointment of a receiver to conserve the property and business of the VideoGames partnership and avoid damage to the interest of Plaintiff David Tyler Moss;

2)      All other requirements of law are complied with; and

3)      all other available legal and equitable remedies, including the appointment of a receiver for specific property of the domestic entity under Section 11.402(a), are inadequate. Plaintiff David Tyler cannot prove danger or threat of loss at this time, but Plaintiff can show mismanagement of the partnership by Defendant Marko Princip.

## APPLICATION FOR JUDICIAL EXPULSION OF PARTNER

44.     Plaintiff David Tyler Moss presents this Application for Judicial Expulsion of Partner pursuant to Tex. Bus. Org. Code §152.501(b)(5), and would show the Court that:

A.      Defendant Marko Princip engaged in wrongful conduct that adversely and materially affected the partnership business;

B.      Defendant Marko Princip willfully and/or persistently committed a material breach of the partnership agreement by failing and/or refusing to pay Plaintiff David Tyler Moss

9

as agreed in the Agreement.  Defendant Marko Princip also committed material breaches of the duty of loyalty by failing to keep an accounting and hold profits for partnership benefit, the duty of good faith, and the duty of care for his actions in governing and maintaining the VideoGames partnership; and

      C.     Defendant Marko Princip engaged in conduct relating to the partnership business that has made it not reasonably practicable to carry on the business in partnership with Defendant.

<b>ACTION TO DETERMINE THE TERMS OF REDEMPTION</b>

      45.     Plaintiff David Tyler Moss respectfully requests the Court to determine the terms of redemption of Defendant Marko Princip's interest in the partnership, pursuant to Tex. Bus. Org. Code §152.609(1), and prays for a set off of attorney's fees and any fees owed to a receiver, should the Court appoint a receiver, as damages for the wrongful withdrawal of Defendant Marko Princip against Defendant Marko Princip's redemption pursuant to Tex. Bus. Org. Code §152.604.

<b>ATTORNEY'S FEES</b>

     It was necessary for Plaintiff David Tyler Moss to retain the services of Dan L. Wyde, Hunter A. Nunn, and Read H. Reily, licensed attorneys, to prosecute his claims against Defendant Marko Princip.  Plaintiff David Tyler Moss pleads for an award of his attorney's fees pursuant to Tex. Civ. Prac. & Rem. §38.001(8), and an award for attorney's fees as damages incurred due to Defendant Marko Princip's wrongful withdrawal as a partner by judicial decree of expulsion pursuant to Tex. Bus. Org. Code §152.503(b)(3).

<b>PRAYER</b>

     <b>WHEREFORE, PREMISES CONSIDERED</b>, Plaintiff, David Tyler Moss, prays to the

<u>Plaintiff David Tyler Moss' Original Petition</u>

Court for the following:

     1.     That the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court;

     2.     That the Defendant be ordered to permit access to the partnership's books and records to Plaintiff David Tyler Moss, and Dan L. Wyde, Hunter A. Nunn, and Read H. Reily, his attorneys;

     3.     That the Defendant be ordered to make an accounting of the partnership from the date that the Partnership Agreement was entered into, until the present date;

     4.     That the Court appoint a receiver for the VideoGames partnership during the pendency of this action, and define the terms of the receivership;

     5.     That the Court enter a decree expelling the Defendant from the VideoGames partnership;

     6.     That the Court determine the terms of redemption about Defendant's expulsion by judicial decree;

     7.     That the Court award judgment in favor of Plaintiff with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; attorney's fees as pleaded for herein; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

                                Respectfully submitted,

                                Wyde & Associates

11

By: /S/ Dan L. Wyde
Dan L. Wyde
Texas Bar No. 22095500
Hunter A. Nunn
Texas Bar No. 24083587
Read H. Reily
Texas Bar No. 24080126
10100 North Central Expressway, Suite 590
Dallas, Texas 75231
Tel. (214) 521-9100
Fax. (214) 521-9130
Email: wydelaw@gmail.com
Attorneys for Plaintiff David Tyler Moss

12

Plaintiff David Tyler Moss' Original Petition

*PARTNERSHIP AGREEMENT*

This Partnership Agreement (the "Agreement") is made and entered into this May 21, 2012 (the "Effective Date"). The Partners in this Agreement are as follows:

Name: This Agreement will be known as VideoGames Youtube Channel (the "Agreement").

- David Tyler Moss "The Partner" and Marko Princip "The Partner" to this Agreement agree to the following:

- The Partners wish to become legal partners in business. -
The terms and conditions of their Partnership will be outlined in this Agreement. -
If the Agreement is executed, the Partnership will be in effect on May 21, 2012. -
The Partnership's primary place of business will be 18032 Windflower Way,
Dallas, Texas, 75252.

-The Partnership will be governed under the laws of the state of Texas.

-The Partnership's primary purpose is Ensure that David Tyler Moss earns 30% of what the channel earns, and anything associated with "VideoGames" brand.

Contributions:

The Partners will make an initial contribution to the Partnership as follows:

- David Tyler Moss will invest 1,500$ into VideoGames company, in return he gets 30% ownership of company and he will make 30% off everything revolving around our brand, channel revenue, website revenue, app revenue, etc.

-David Tyler Moss is an advisor to the company, and has equal say into every decision we make.

-Marko will pay back David Tyler Moss within 60 days of this agreement being signed.

-David Tyler Moss will be able to log into the channel whenever he wants to

Login:

Email: markoguide1693@gmail.com
Password: pediculispubis

David Tyler Moss will earn 30% of the channel revenue, paid out every 15th of the month.
Preferred payment method (If Paypal, include Paypal address)

____tymossemail@yahoo.com_____

IN WITNESS WHEREOF, this Agreement has been executed and delivered in the manner prescribed by law as of the Effective Date first written above.

Signature: *David Tyler Moss*
David Tyler Moss (May 21, 2012)

**Email:** tymossemail@yahoo.com

Signature: *Marko Princip*
Marko Princip (May 21, 2012)

**Email:** my.raw.nerve@gmail.com



PLAINTIFF'S EXHIBIT
A