**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID TYLER MOSS AND BRANDON KEATING,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO.** **3:13-cv-4027- BN** |
| | § | |
| **vs.** | § | |
| | § | |
| **MARKO PRINCIP, Individually,** **d/b/a VIDEOGAMES YOUTUBE CHANNEL** **d/b/a ACHEIVEMENT GUIDE** **d/b/a GAME GUIDE, LLC AND BRIAN MARTIN** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S AMENDED NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to 28 U.S.C. § 1332(a), Defendants MARKO PRINCIP and BRIAN MARTIN in Cause No. 14-02545 in the 191st Judicial District Court  Dallas county, Texas files this Notice of Removal from that Court to the United States District Court for the Northern District of Texas, Dallas Division on the basis of diversity of citizenship.

In support of this Brief, Defendants show as follows:

1. Plaintiffs' First Amended Petition and Application for Temporary Restraining Order is attached as **Exhibit A**

2. Plaintiff BRANDON KEATING is a resident of Illinois as alleged in his pleading.

3. Defendant BRIAN MARTIN is a resident of California as alleged in Plaintiff's First Amended Petition.



4.      Defendants were first served with Plaintiffs' First Amended Petition and Application for Temporary Restraining Order on 08/27/2014.

5.      Venue is proper in this United States District Court under 28 U.S.C. § 446(a) because this District and Division include this county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

6.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Amended Notice of Removal will be filed with the Clerk of the Dallas County District Court promptly after Defendants file this Amended Notice.

7.      Defendants demand a jury trial

8.      Pursuant to FRCP 1, 702 and the authority cited above, Plaintiffs respectfully request this Honorable Court to DENY defendant Allstate's Motion to Strike Expert Witness Plaintiffs Attorney Robert D. Wilson and grant Plaintiffs request to "withdraw" Brian Rice from Expert Designation as requested;  and for all other relief the Court deems just.

WHEREFORE PREMISES CONSIDERED, Defendants MARKO PRINCIP and BRIAN MARTIN, pursuant to the above statutes and authority, hereby removes the case styled *David Tyler Moss and Brandon Keating v.  MARKO PRINCIP, Individually, d/b/a VIDEOGAMES YOUTUBE CHANNELd/b/a ACHEIVEMENT GUIDE d/b/a GAME GUIDE, LLC AND BRIAN MARTIN,* Cause No. 14-02545 and shall promptly give the adverse arty written notice of the filing of this Notice of Removal.

Respectfully submitted,
LAW OFFICES OF ROBERT D. WILSON, P.C.

Dated: 08/28/2014                    By:    /s/ *Robert D. Wilson*
                                     Robert D. Wilson

State Bar No. 00789823
18111 Preston Road
Suite 150 – Preston One
Dallas, Texas  75252
214-637-8866 (Tel)
214-637-2702 (Fax)
rwilson@wilsonlawtexas.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August 2014 in compliance with the Federal Rules of Civil Procedure, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following attorneys who are known to represent the United States of America and the corresponding parties.

/s/ *Robert D. Wilson*
Robert D. Wilson, Attorney for Defendants

**For Plaintiffs**

**Via Facsimile (214) 521-9130**
Telephone     (214) 521-9100

Mr. Hunter A. Nunn
WYDE & ASSOC.
10100 N. Central Expressway   Suite 590
Dallas, Texas 75231

Case 3:14-cv-03088-M   Document 7-4   Filed 09/02/14   Page 4 of 37   PageID 202

FILED
DALLAS COUNTY
9/2/2014 3:11:46 PM
GARY FITZSIMMONS
DISTRICT CLERK

NO. DC-14-02545

| | | |
|---|---|---|
| DAVID TYLER MOSS AND BRANDON KEATING | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| V. | § | 191ST JUDICIAL DISTRICT |
| | § | |
| MARKO PRINCIP, INDIVIDUALLY, | § | |
| MARKO PRINCIP D/B/A | § | |
| VIDEOGAMES YOUTUBE CHANNEL, | § | |
| MARKO PRINCIP D/B/A | § | |
| ACHIEVEMENT GUIDE, MARKO | § | |
| PRINCIP D/B/A GAME GUIDE, LLC, | § | |
| VIDEOGAMES YOUTUBE CHANNEL, | § | |
| AND BRIAN MARTIN, | § | |
| Defendants. | § | OF DALLAS COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DAVID TYLER MOSS, PLAINTIFF in the above-referenced action, complaining of and about Marko Princip, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, David Tyler Moss, is an Individual whose address is 113 Pleasant Street, Belmont, North Carolina 28012.

3.    The last three numbers of David Tyler Moss's driver's license number are 025. The last three numbers of David Tyler Moss's social security number are 940.

4.    Plaintiff, Brandon Keating, is an Individual whose address is 220 Bradwell Road, Inverness, Illinois 60010.

Plaintiffs' First Amended Petition



EXHIBIT
A

1

5.    The last three numbers of Brandon Keating's driver's license number are 013.  The last three numbers of Brandon Keating's social security number are 802.

6.    Defendant Marko Princip, an Individual who is a resident of Texas, may be served with process by serving his attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

7.    Defendant Marko Princip D/B/A VideoGames YouTube Channel, an Individual who is a resident of Texas, may be served with process by serving his attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

8.    Defendant Marko Princip D/B/A Achievement Guide, an Individual who is a resident of Texas, may be served with process by serving his attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

9.    Defendant Marko Princip D/B/A Game Guide, LLC, an entity who is a resident of Texas, may be served with process by serving its attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

10.    Defendant VideoGames YouTube Channel, a General Partnership based in Texas, may be served with process by serving its attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

11.    Defendant Brian Martin, an Individual who is a nonresident of Texas, may be served with process at his home at the following address:   941 Cimarron Lane, Corona, California 92879.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

12.    The subject matter in controversy is within the jurisdictional limits of this court.

13.    Plaintiffs seek:

a.    monetary relief over $1,000,000.

14.    This court has jurisdiction over Defendant Brian Martin, because said Defendant purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Brian Martin will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15.    Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant Brian Martin to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

16.    Defendant Brian Martin committed a tort in whole or in part in the State of Texas, thus conferring personal jurisdiction upon the Court pursuant to Tex. Civ. Prac. & Rem. 17.042

17.    Venue in Dallas County is proper in this cause under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because this county was the county of residence of Marko Princip, Defendant herein, at the time the cause of action accrued.  Furthermore, because venue is proper with respect to Defendant Marko Princip, venue for this action with respect to all Defendants is proper under 15.005 of the Texas Civil Practice and Remedies Code.

## FACTS

18.    On or about March 9, 2012, Plaintiff Brandon Keating ("Mr. Keating") Defendants Marko Princip, Marko Princip D/B/A Achievement Guide, Marko Princip D/B/A Game Guide, LLC (collectively "Mr. Princip"), John Brand, and Edward Brandt entered into an agreement entitled "Game Guide, LLC Membership Agreement," and attached hereto as Exhibit

"A" ("the Membership Agreement").   The Membership Agreement provides that Brandon Keating is a 30% owner of the company, and 30% owner of any YouTube channel, sponsorship, or project with the exception of "TEAMNOBLE."   Mr. Keating was given his 30% interest in exchange for the payment of $1,500.00 to these Defendants.   The VideoGames YouTube Channel was a YouTube project initiated by these Defendants.

19.     The Membership Agreement provides that Plaintiff Brandon Keating will act as an advisor to the company, own 30% of the stock and interest of the company, and would have the right to make decisions on how the company grows.   In the event of a disagreement, Mr. Keating's vote would count for 30% of the vote. Marko Princip confirmed Brandon Keating was 30% owner of VideoGames Youtube Channel in an email sent June 21, 2014. *See* Exhibit 'B'.

20.     On or about May 21, 2012, Plaintiff David Tyler Moss ("Mr. Moss") and Marko Princip entered into a Partnership Agreement (hereinafter "the Partnership Agreement") to be known as VideoGames Youtube Channel (hereinafter "VideoGames"), attached with this pleading as Exhibit "C."   The VideoGames YouTube Channel's web address is http://www.youtube.com/videogames. On or about May 15, 2012, Mr. Princip told Mr. Moss that he had signed a company named "Machinima" to a lucrative sponsorship deal for $3.00 per every 1,000 monetized views with ads running for a YouTube channel. Mr. Princip stated that he projected the channel to grow rapidly, and achieve great revenues. Mr. Princip told Mr. Moss that he needed $1,500.00 to start the VideoGames YouTube channel, and assured Mr. Moss that he would profit greatly from his investment.   Acting on these statements made by the Mr. Princip, Mr. Moss agreed to enter into the Agreement with Mr. Princip, and invested the $1,500.00.

21.     The Agreement provided that David Tyler Moss and Marko Princip wish to

become legal partners in business, and that the partnership will be governed under the laws of the State of Texas.

  22. The Agreement provided that Plaintiff David Tyler Moss would invest $1,500.00 into the VideoGames channel, in return for thirty percent (30%) ownership of the company, and that Plaintiff David Tyler Moss would "make 30% off everything revolving around our brand, channel revenue, app revenue, etc."

  23. The Agreement provided that "David Tyler Moss is an advisor to the company, and has equal say into every decision we make."

  24. The Agreement provided that Marko Princip would return Plaintiff David Tyler Moss' initial investment within sixty (60) days of signing the Agreement, that Plaintiff David Tyler Moss would be able to log into VideoGames at any time that he pleased, and that Plaintiff David Tyler Moss would earn thirty percent (30%) of the channel revenue, paid out every 15th day of the month.

  25. Finally, the Agreement provided that, "The Partnership's primary purpose is Ensure that David Tyler Moss earns 30% of what the channel earns, and anything associated with the 'VideoGames' brand."

  26. On or about May 26, 2012, Mr. Princip admitted to Mr. Moss that the VideoGames YouTube channel was receiving $3.00 per every 1,000 monetized views with ads running on the channel..

  27. Mr. Princip, after much delay and at great inconvenience to Mr. Moss, finally returned Mr. Moss' $1,500.00 initial investment.

  28. From the time that Mr. Moss and Mr. Princip entered into the Agreement, Mr. Princip and the partnership consistently failed and/or refused to make timely payments to Mr.

Moss for 30% of all revenues from the VideoGames channel and its associated brand on the 15th day of each month, as set forth in the Agreement. Despite Mr. Moss' repeated requests, and Mr. Princip's acknowledgements that he owed Mr. Moss money from the VideoGames YouTube Channel, Mr. Princip never paid Mr. Moss on time. Mr. Moss continued to make payment demands to Mr. Princip, who continuously assured Mr. Moss that he would pay him in accordance with the Partnership Agreement, without ever following through.

29.    On or about November 19, 2012, Mr. Moss was involved in a Skype chat with Mr. Princip, and another individual named Brian Martin. Mr. Princip stated that Brian Martin (hereinafter "Mr. Martin") was his "business partner." Mr. Martin stated to Mr. Moss that he was a "business partner," and that he had "experience in legal and other arenas." Mr. Martin advised Mr. Moss that Mr. Martin was "the official manager of VideoGames," and that Mr. Moss was "in violation of extortion" due to his repeated demands that Mr. Princip pay him as set forth in the Agreement. Mr. Martin stated that he was "going to have to drop business with you and the channel VideoGames as it is ultimately the decision of the Manager in which I am." Mr. Martin further advised Mr. Moss that, "Your contract is void."

30.    Mr. Princip has made a few small payments to Mr. Moss since the Partnership Agreement was signed; no such payments in accordance with the Partnership Agreement have been made by Mr. Princip or by the VideoGames Youtube Channel to Mr. Moss since approximately December 1, 2012.

31.    Mr. Princip has not made a payment from the VideoGames YouTube Channel to Plaintiff Brandon Keating in over one year, as of the date of filing this pleading. Mr. Princip paid $4,000 to Mr. Keating in January 2013, and may have made one other payment of $1,500.00 to Mr. Keating prior to the January 2013 payment. No payment has been made to Mr.

Keating since, despite his repeated requests, and Mr. Princip's repeated assurances that he would pay Mr. Keating in accordance with the Membership Agreement.

32.  Mr. Princip claimed that he "lost control" of the VideoGames YouTube Channel for a time, and has now claimed that he is back in control of the VideoGames YouTube Channel, along with Defendant Brian Martin.

## DAVID TYLER MOSS' CLAIM FOR COMMON-LAW FRAUD

33.  Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-32 of the First Amended Petition herein.

34.  Defendant made representations to Plaintiff; specifically, that Plaintiff and Defendant would be partners with equal say in the VideoGames channel, and that Plaintiff would be entitled to receive 30% of all revenue and earnings from everything associated with the VideoGames channel and its brand, to be paid on the 15th day of each month.

35.  These representations were material; these representations were the reasons that Plaintiff agreed to enter the Partnership Agreement and fund VideoGames. Without these promises in the Partnership Agreement, Plaintiff would not have entered into the Partnership Agreement, and would not have invested money in VideoGames.

36.  The representations were false. To date, Defendant has not performed any of his duties as set forth in the Partnership Agreement in the manner that he agreed to perform them. Defendant has consistently made excuses for nonpayment to Plaintiff on the 15th day of each month, and has not made payments as he agreed to do. Additionally, Defendant apparently involved other individuals and/or entities in the management and direction of the VideoGames channel, without the knowledge and/or consent of Plaintiff David Tyler Moss, as set forth in the Partnership Agreement.

37.    When Defendant made the representations, the Defendant knew that the representations were false, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

38.    Defendant made the representations with the intent that Plaintiff David Tyler Moss act on them, and invest money to start the VideoGames Youtube channel.

39.    Plaintiff David Tyler Moss relied on the representations, and invested money to start the VideoGames Youtube channel

40.    Defendant's representations caused Plaintiff David Tyler Moss injury.  Plaintiff David Tyler Moss has received no payments since 2012 from the VideoGames channel as Defendant and the partnership are obligated to do under the terms of the Partnership Agreement.

## DAVID TYLER MOSS' CLAIM FOR BREACH OF FIDUCIARY DUTY

41.    Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-32 of the First Amended Petition herein.

42.    Plaintiff David Tyler Moss and Defendant had a fiduciary relationship, as they agreed to be legal partners in business in the VideoGames channel in the Partnership Agreement.

43.    Defendant breached his fiduciary duty as a partner to Plaintiff David Tyler Moss. Defendant breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership.  Defendant breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without Plaintiff David Tyler Moss' consent, and by making managerial decisions and directional decisions without Plaintiff David Tyler Moss' knowledge or consent.  Defendant breached the duty of full disclosure by bringing other individuals and/or

entities into the partnership without Plaintiff David Tyler Moss' knowledge and/or consent, and by making managerial decisions and directional decisions without Plaintiff David Tyler Moss' knowledge and/or consent.

44.    Defendant's breach resulted in injury to the Plaintiff and/or benefit to the Defendant. David Tyler Moss has received either no payments, or far insufficient payments, from the VideoGames channel partnership as is he entitled to receive under the terms of the Partnership Agreement as a result of Defendant's breach.

## DAVID TYLER MOSS' CLAIM FOR BREACH OF PARTNERSHIP AGREEMENT

45.    Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-32 of the First Amended Petition herein.

46.    Plaintiff hereby brings this claim for Breach of the VideoGames Youtube channel Partnership Agreement pursuant to Tex. Bus. Org. Code §152.211.

47.    Plaintiff and Defendant have a valid, enforceable Partnership Agreement.

48.    Plaintiff David Tyler Moss is a partner to the VideoGames channel, and is a proper party to sue for breach of the Partnership Agreement.

49.    Plaintiff David Tyler Moss performed his obligation to the partnership by investing $1,500.00 into the VideoGames channel, as agreed.

50.    Defendant has breached the Partnership Agreement, by failing and/or refusing to make payments in the amount of 30% of all revenue and earnings from the VideoGames channel and its brand to Plaintiff David Tyler Moss on the 15th day of each month, beginning in June 2012.

51.    The Defendant's breach caused Plaintiff David Tyler Moss injury, in that Plaintiff David Tyler Moss has not received the 30% revenues from the VideoGames Youtube channel

and everything associated with its brand, as he entitled to pursuant to the Partnership Agreement.

## DAVID TYLER MOSS'S CLAIM FOR CONVERSION

52.    Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-32 of the First Amended Petition herein.

52.    Plaintiff David Tyler Moss owned, possessed, or had the right to immediate possession of property.

53.    The property was personal property, funds or monies that he was entitled to receive pursuant to the Partnership Agreement.

54.    Defendant Marko Princip wrongfully exercised dominion or control over the property.

55.    Plaintiff David Tyler Moss suffered injury.

## DAVID TYLER MOSS'S CLAIM FOR MONEY HAD AND RECEIVED

56.    Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-32 of the First Amended Petition herein.

56.    Defendant Marko Princip holds money.

57.    Money held by Defendant Marko Princip belongs to Plaintiff David Tyler Moss in equity and good conscience.

## BRANDON KEATING'S CLAIM FOR COMMON-LAW FRAUD

58.    Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-32 of the First Amended Petition herein.

59.    Defendant made representations to Plaintiff; specifically, that Plaintiff and Defendant would be members of the company which formed the VideoGames channel, that Plaintiff would own 30% of the company, and that Plaintiff be entitled to receive 30% of all

revenue and earnings from everything associated with the VideoGames channel and its brand as a YouTube project of the company.

60.    These representations were material; these representations were the reasons that Plaintiff agreed to enter the Membership Agreement and contribute money to the company. Without these promises in the Membership Agreement, Plaintiff would not have entered into the Membership Agreement, and would not have invested money in the VideoGames YouTube Channel.

61.    The representations were false.  To date, Defendant has not performed any of his duties as set forth in the Membership Agreement in the manner that he agreed to perform them. Defendant has consistently made excuses for nonpayment to Plaintiff, and has not made payments to Plaintiff as he agreed to do.  Additionally, Defendant apparently involved other individuals and/or entities in the management and direction of the VideoGames channel, without the knowledge and/or consent of Plaintiff Brandon Keating, as set forth in the Membership Agreement.

62.    When Defendant made the representations, the Defendant knew that the representations were false, or made the representations recklessly, as positive assertions, and without knowledge of their truth.

63.    Defendant made the representations with the intent that Plaintiff Brandon Keating act on them, and invest money to start the VideoGames Youtube channel.

64.    Plaintiff Brandon Keating relied on the representations, and invested money to start the VideoGames Youtube channel

65.    Defendant's representations caused Plaintiff Brandon Keating injury.  Plaintiff Brandon Keating has received no payments since 2012 from the VideoGames channel as

Defendant and the company are obligated to do under the terms of the Membership Agreement.

**BRANDON KEATING'S CLAIM FOR BREACH OF FIDUCIARY DUTY**

66.    Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-32 of the First Amended Petition herein.

67.    Plaintiff Brandon Keating and Defendant had a fiduciary relationship, as they agreed to be legal partners in business in the VideoGames Channel in the Membership Agreement.

68.    Defendant breached his fiduciary duty as a partner to Plaintiff Brandon Keating. Defendant breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership. Defendant breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without Plaintiff Brandon Keating's consent, and by making managerial decisions and directional decisions without Plaintiff Brandon Keating's knowledge or consent. Defendant breached the duty of full disclosure by bringing other individuals and/or entities into the partnership without Plaintiff Brandon Keating's knowledge and/or consent, and by making managerial decisions and directional decisions without Plaintiff Brandon Keating's knowledge and/or consent.

69.    Defendant's breach resulted in injury to the Plaintiff and/or benefit to the Defendant. Plaintiff Brandon Keating has received either no payments, or far insufficient payments, from the VideoGames channel partnership as is he entitled to receive pursuant to the terms of the Membership Agreement as a result of Defendant's breach.

**BRANDON KEATING'S CLAIM FOR BREACH OF PARTNERSHIP AGREEMENT**

70.     Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-32 of the First Amended Petition herein.

71.     Plaintiff hereby brings this claim for Breach of the Game Guide LLC Membership Agreement pursuant to Tex. Bus. Org. Code §152.211.

72.     Plaintiff and Defendant have a valid, enforceable partnership agreement.

73.     Plaintiff Brandon Keating is a partner and 30% owner of the VideoGames channel, and is a proper party to sue for breach of the Partnership Agreement.

74.     Plaintiff Brandon Keating performed his obligation to the partnership by investing $1,500.00 into the partnership and the VideoGames YouTube Channel, as agreed.

75.     Defendant has breached the Membership Agreement, by failing and/or refusing to make payments in the amount of 30% of all revenue and earnings from the VideoGames channel and its brand to Plaintiff Brandon Keating, as agreed in the Membership Agreement.

76.     The Defendant's breach caused Plaintiff Brandon Keating injury, in that Plaintiff Brandon Keating has not received the 30% revenues from the VideoGames Youtube channel and everything associated with its brand, as he entitled to pursuant to the Membership Agreement.

### BRANDON KEATING'S CLAIM FOR CONVERSION

77.     Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-32 of the First Amended Petition herein.

77.     Plaintiff Brandon Keating owned, possessed, or had the right to immediate possession of property.

78.     The property was personal property, funds or monies that he was entitled to receive pursuant to the Membership Agreement.

79.     Defendant Marko Princip wrongfully exercised dominion or control over the

property.

80.    Plaintiff Brandon Keating suffered injury.

### BRADON KEATING'S CLAIM FOR MONEY HAD AND RECEIVED

81.    Plaintiff Brandon Keating incorporates by reference the factual allegations set

forth in paragraphs 18-32 of the First Amended Petition herein.

82.    Defendant Marko Princip holds money.

83.    Money held by Defendant Marko Princip belongs to Plaintiff Brandon Keating in

equity and good conscience.

### DAMAGES FOR PLAINTIFF DAVID TYLER MOSS

84.    As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, David Tyler Moss, was caused to suffer economic damages, mental anguish damages,

lost earnings, and lost profits, and to incur the following damages:

> A.    Lost earnings and profits as set forth in the Agreement, due to Defendant's misconduct in fraudulently inducing David Tyler Moss to enter into the Agreement, Defendant's breach of fiduciary duty, and Defendant's breach of partnership Agreement.
>
> B.    Mental anguish damages, as a result of Defendant's Breach of Fiduciary Duty, and mental anguish was a foreseeable result of the breach of fiduciary duty pursuant to Douglas v. Delp, 987 S.W.2d 879, 884 (Tex. 1999).

### EXEMPLARY DAMAGES

85.    Plaintiff David Tyler Moss pleads for an award of exemplary damages for

Defendant's Breach of Fiduciary Duty pursuant to *International Bankers Life Ins. Co. v.*

*Holloway*, 368 S.W.2d 567, 584 (Tex. 1963).  Plaintiff David Tyler Moss pleads for an award of

exemplary damages for Defendant's Common-Law Fraud,  Breach of Fiduciary Duty, Breach of

Partnership Agreement, Conversion, and Money Had and Received pursuant to Tex. Civ. Prac. &

Rem. §41.003(a).

## ATTORNEY'S FEES

86.     It was necessary for Plaintiff David Tyler Moss to retain the services of Dan L.

Wyde, Hunter A. Nunn, and Read H. Reily, licensed attorneys, to prosecute his claims against

Defendant Marko Princip.  Plaintiff David Tyler Moss pleads for an award of his attorney's fees

pursuant to Tex. Civ. Prac. & Rem. §38.001(8), and an award for attorney's fees as damages

incurred due to Defendant Marko Princip's wrongful withdrawal as a partner by judicial decree

of expulsion pursuant to Tex. Bus. Org. Code §152.503(b)(3).

## DAMAGES FOR PLAINTIFF BRANDON KEATING

87.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, Brandon Keating, was caused to suffer economic damages, mental anguish damages,

lost earnings, and lost profits, and to incur the following damages:

> A.     Lost earnings and profits as set forth in the Agreement, due to Defendant's
> misconduct in fraudulently inducing Brandon Keating to enter into the
> Agreement, Defendant's breach of fiduciary duty, and Defendant's breach
> of partnership Agreement.

> B.     Mental anguish damages, as a result of Defendant's Breach of Fiduciary
> Duty, and mental anguish was a foreseeable result of the breach of
> fiduciary duty pursuant to Douglas v. Delp, 987 S.W.2d 879, 884 (Tex.
> 1999).

## EXEMPLARY DAMAGES

88.     Plaintiff Brandon Keating pleads for an award of exemplary damages for

Defendant's Breach of Fiduciary Duty pursuant to *International Bankers Life Ins. Co. v.*

*Holloway*, 368 S.W.2d 567, 584 (Tex. 1963).  Plaintiff David Tyler Moss pleads for an award of

exemplary damages for Defendant's Common-Law Fraud,  Breach of Fiduciary Duty, Breach of

Partnership Agreement, Conversion, and Money Had and Received pursuant to Tex. Civ. Prac. &

Rem. §41.003(a).

## ATTORNEY'S FEES

89.    It was necessary for Plaintiff Brandon Keating to retain the services of Dan L. Wyde, Hunter A. Nunn, and Read H. Reily, licensed attorneys, to prosecute his claims against Defendant Marko Princip.  Plaintiff Brandon Keating pleads for an award of his attorney's fees pursuant to Tex. Civ. Prac. & Rem. §38.001(8), and an award for attorney's fees as damages incurred due to Defendant Marko Princip's wrongful withdrawal as a partner by judicial decree of expulsion pursuant to Tex. Bus. Org. Code §152.503(b)(3).

## PLAINTIFFS' DEMAND FOR ACCESS TO BOOKS AND RECORDS

90.    Plaintiffs David Tyler Moss and Brandon Keating, partners in the VideoGames YouTube channel, hereby make demand upon Marko Princip to immediately allow access of all partnership books and records in the possession of, or obtainable by, Marko Princip to David Tyler Moss, Brandon Keating, and the attorneys at Wyde & Associates, specifically Dan L. Wyde, Hunter A. Nunn, and Read H. Reily.

## APPLICATION FOR JUDICIAL EXPULSION OF PARTNER

91.    Plaintiffs David Tyler Moss and Brandon Keating present this Application for Judicial Expulsion of Partner pursuant to Tex. Bus. Org. Code §152.501(b)(5), and would show the Court that:

A.    Defendant Marko Princip engaged in wrongful conduct that adversely and materially affected the partnership business;

B.    Defendant Marko Princip willfully and/or persistently committed a material breach of the partnership agreement by failing and/or refusing to pay Plaintiffs as agreed in their respective agreements.  Defendant Marko Princip also committed material breaches of the duty

of loyalty by failing to keep an accounting and hold profits for partnership benefit, the duty of good faith, and the duty of care for his actions in governing and maintaining the VideoGames partnership; and

     C.     Defendant Marko Princip engaged in conduct relating to the partnership business that has made it not reasonably practicable to carry on the business in partnership with Defendant.

**ACTION TO DETERMINE THE TERMS OF REDEMPTION**

     92.     Plaintiffs respectfully request the Court to determine the terms of redemption of Defendant Marko Princip's interest in the partnership, pursuant to Tex. Bus. Org. Code §152.609(1), and prays for a set off of attorney's fees and any fees owed to a receiver, should the Court appoint a receiver, as damages for the wrongful withdrawal of Defendant Marko Princip against Defendant Marko Princip's redemption pursuant to Tex. Bus. Org. Code §152.604.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

     93.     Plaintiffs David Tyler Moss and Brandon Keating present this Application for Temporary Restraining Order and Temporary Injunction against Marko Princip and Defendants named in Plaintiffs' First Amended Petition, and in support thereof, would show the Court the following:

**PARTIES AND SERVICE**

     94.     Defendant Marko Princip, an Individual who is a resident of Texas, may be served with process by serving his attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

     95.     Defendant Marko Princip D/B/A VideoGames YouTube Channel, an Individual who is a resident of Texas, may be served with process by serving his attorney of record, Robert

D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

96.     Defendant Marko Princip D/B/A Achievement Guide, an Individual who is a resident of Texas, may be served with process by serving his attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

97.     Defendant Marko Princip D/B/A Game Guide, LLC, an entity who is a resident of Texas, may be served with process by serving its attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

98.     Defendant VideoGames YouTube Channel, a General Partnership based in Texas, may be served with process by serving its attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

99.     Defendant Brian Martin, an Individual who is a nonresident of Texas, may be served with process at his home at the following address:  941 Cimarron Lane, Corona, California 92879.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

100.    The subject matter in controversy is within the jurisdictional limits of this court.

101.    Plaintiff seeks:

    a.      monetary relief over $1,000,000.

102.    This court has jurisdiction over the parties because Defendant is a Texas resident.

103.    Venue in Dallas County is proper in this cause under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because this county was the county of residence of Marko Princip, Defendant herein, at the time the cause of action accrued.

## FACTS

Plaintiffs' First Amended Petition                                                                        18

104.   Plaintiffs incorporate by reference the factual allegations contained in paragraphs 9-20 of their First Amended Petition.

105.   Unless Marko Princip and the Defendants named herein are immediately enjoined and restrained, Defendant will delete or remove the VideoGames YouTube Channel, change login credentials, including usernames and passwords, continue to liquidate assets or hide revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs David Tyler Moss and Brandon Keating are each entitled to 30% of in their respective agreements, post material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, and remove profitable content from the VideoGames Youtube channel to the channel's detriment.

## ELEMENTS FOR INJUNCTIVE RELIEF

106.   In light of the above described facts, Plaintiff seeks permanent relief in the form of recovery from Defendant.  The nature of the lawsuit is Common-Law Fraud, Breach of Fiduciary Duty, Breach of Partnership Agreement, and Conversion.

107.   Injunctive relief is authorized by Tex. Civ. Prac & Rem. §65.011(1), (2), (3), and (5). Injunctive relief is also available for Conversion (see Taiwan Shrimp Farm Vill. Ass'n v. U.S.A. Shrimp Farm Dev., Inc., 915 S.W.2d 61, 65 (Tex.App.—Corpus Christi 1996, writ denied)), and for Money Had and Received (see Nowak v. Los Patios Investors, Ltd., 898 S.W.2d 9, 9-10 (Tex.App.—San Antonio 1995, no writ)).

108.   Plaintiffs are likely to succeed on the merits of this lawsuit because Plaintiffs have written have written agreements with Defendant Marko Princip, and can prove each and every element of their claims, as shown by the exhibits attached with the First Amended Petition and with this Application.

109.   Unless this Honorable Court immediately restrains the Defendants named herein,

the Plaintiffs will suffer a probable, immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiffs will show the court the following:

      A.    The harm to Plaintiffs is imminent because Defendant is in control of the VideoGames YouTube Channel (the "Channel"), which is generating revenue, and is not making distributions to the partners as he contracted to do so. Defendant is apparently driving a Mercedes automobile, which is evidence that he is benefitting financially from at the expense of Plaintiffs. In addition, Defendant has posted inappropriate content on the VideoGames YouTube Channel, and caused the Channel to receive two strikes for inappropriate content; a third strike will result in YouTube deactivating the Channel.

      B.    This imminent harm will cause Plaintiffs irreparable injury in that Plaintiff will likely lose revenues/profits/money from the partnership that they are each entitled to 30% of, and the partnership's interests will be harmed. Defendant has completely and intentionally refused to cooperate with discovery in this matter so far. Plaintiffs have filed a Motion to Compel Discovery, which is pending. As a result, Plaintiffs' damages are not presently ascertainable or easily calculated, due to Defendant's breach of fiduciary duty, fraud, breach of partnership agreement, conversion, and money had and received. Should Defendant's conduct cause a third strike from YouTube, the VideoGames YouTube Channel will be removed from YouTube at Plaintiffs' detriment.

      C.    There is no adequate remedy at law which will give Plaintiffs complete, final and equal relief because damages cannot be calculated at this time, Defendant is likely to remove content from the VideoGames channel, the Channel is in danger of being removed from YouTube due to Defendant's conduct, and Plaintiffs will be forced

into great expense and effort to recover any funds or assets moved by Defendant to avoid the effect of a judgment.

## BOND

110.    Plaintiffs are willing to post a reasonable temporary restraining order bond and requests the court to set such bond, in an amount not to exceed $10,000.00

## REMEDY

111.    Plaintiffs have met their burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiffs is entitled to the requested temporary restraining order.

112.    Plaintiffs requests that the Court restrain Defendant from liquidating assets or hiding revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs are each entitled to 30% of (60% total), posting material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, posting any inappropriate content of any type on the VideoGames YouTube Channel that could subject the Channel to a third strike, and removing profitable content from the VideoGames Youtube channel to the channel's detriment.  Plaintiffs also request that Defendant be ordered to immediately disclose and turn over the log-in credentials for the VideoGames YouTube Channel, including any usernames and passwords necessary to access the Channel.  Finally, Plaintiffs request that Defendant be ordered to execute any and all necessary releases or forms with YouTube, any service provider, and any network host to allow Plaintiffs to take control of the Channel.

113.    It is essential that the court immediately and temporarily restrain Marko Princip, Defendant herein, from liquidating assets or hiding revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs are each entitled to 30% of (60% total), posting

material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, posting any inappropriate content of any type on the VideoGames YouTube Channel that could subject the Channel to a third strike, and removing profitable content from the VideoGames Youtube channel to the channel's detriment.   It is essential that the Court order to Defendant to immediately disclose and turn over the log-in credentials for the VideoGames YouTube Channel, including any usernames and passwords necessary to access the Channel, and that Defendant be ordered to execute any and all necessary releases or forms with YouTube, any service provider, and any network host to allow Plaintiffs to immediately take control of the Channel.

It is essential that the court act immediately, prior to giving notice to Defendant and a hearing on the matter because Defendant will likely take these actions if he is given notice before Plaintiffs have enforceable recourse.

114.    In order to preserve the status quo during the pendency of this action, Plaintiffs request that the Defendant be temporarily enjoined from liquidating assets or hiding revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs are each entitled to 30% of (60% total), posting material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, posting any inappropriate content of any type on the VideoGames YouTube Channel that could subject the Channel to a third strike, and removing profitable content from the VideoGames Youtube channel to the channel's detriment.   Plaintiffs also request that Plaintiffs also request that Defendant be ordered to immediately disclose and turn over the log-in credentials for the VideoGames YouTube Channel, including any usernames and passwords necessary to access the Channel, and that Defendant be ordered to execute any and all necessary releases or forms with YouTube, any service provider, and any network host to allow Plaintiffs to immediately take control of the Channel as collective owners of 60% of the VideoGames

YouTube Channel.

## REQUEST FOR TEMPORARY INJUNCTION

115.   Plaintiffs request that the Court set a hearing for a temporary injunction to preserve the status quo for the duration of the litigation based on the allegations set forth herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, David Tyler Moss, Plaintiff herein, respectfully prays that:

A.   Marko Princip and all Defendants will be cited to appear and answer herein;

B.   A temporary restraining order will issue without notice to Marko Princip, and all Defendants named herein, restraining Defendants, Defendants' officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys from directly or indirectly liquidating assets or hiding revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs are each entitled to 30% of (60% total), posting material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, posting any inappropriate content of any type on the VideoGames YouTube Channel that could subject the Channel to a third strike, and removing profitable content from the VideoGames Youtube channel to the channel's detriment;

C.   That the Court will order Defendants to immediately disclose and surrender the log-in credentials for the VideoGames YouTube Channel to Plaintiffs, including any usernames and passwords necessary to access the Channel, and that the Court will order Defendants to execute any and all necessary releases or forms with YouTube, any service provider, and any network host to allow Plaintiffs to immediately

take control of the Channel as collective owners of 60% of the VideoGames YouTube Channel.

C.     The Court sets a reasonable bond for the temporary restraining order;

D.     After notice and hearing, a temporary injunction will issue enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly liquidating assets or hiding revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs are each entitled to 30% of (60% total), posting material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, posting any inappropriate content of any type on the VideoGames YouTube Channel that could subject the Channel to a third strike, and removing profitable content from the VideoGames Youtube channel to the channel's detriment;

E.     For such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

WYDE & ASSOCIATES

By: _____

Dan L. Wyde
Texas Bar No. 22095500
Hunter A. Nunn
Texas Bar No. 24083587
Read H. Reily
Texas Bar No. 24080126
Email: wydelaw@gmail.com
10100 North Central Expressway, Suite 590
Dallas, Texas 75231
Tel. (214) 521-9100
Fax. (214) 521-9130

Plaintiffs' First Amended Petition

24

Attorneys for Plaintiffs
David Tyler Moss and Brandon Keating

# Exhibit A

_Game Guide LLC Membership Agreement_

THIS CONTRACT dated 9 March 2012.

BETWEEN:

        Game Guide LLC (to be formed later)
          (the "Company")

                     OF THE FIRST PART

        - AND -

        Brandon Keating

                 OF THE SECOND PART

BACKGROUND:

A. Achievement Guide is of the opinion that Brandon
   Keating has the necessary qualifications,
   experience and abilities to assist and benefit the
   Company in its business and operation.
B. Company desires to work with Brandon Keating and
   agrees to accept and enter upon the terms and
   conditions set out in this Agreement.


IN CONSIDERATION OF the matters described above and of
the mutual benefits and obligations set forth in this
Agreement, the receipt and sufficiency of which
consideration is hereby acknowledged, the parties to
this Agreement agree as follows:

27

1. Guaranteed to  Company

   1. 1. A payment of 1500$ which will be directly going
      towards funding a trip to E3.
   2. Brandon Keating will act as an advisor to Company.


2. Guaranteed to Brandon Keating

1. 30% ownership  of the Company, which includes 30% of
   all revenue earned directly or indirectly related
   to the operation of Company.

2. 1500$ paid back to you within 90 days of entering
   the agreement.

3. Brandon Keating will own 30% of the stock and
   interest of the Company, and will have the right to
   make decisions, if he decides to, on how the
   company operated and grows. If there is ever a
   disagreement, the company will hold a vote, and
   Brandon Keating's vote will count as 30% of the
   overall vote count.

4. Marko Princip and Jon Brandt will make the
   operation and growth of Company their main
   priority for a period of 24 months, effective
   immediately. Any other Youtube Channel,
   sponsorship or project, with the exception of

TEAMNOBLE, will be considered directly related
to Company.

5.   If Company ever goes IPO (Initial public offering),
     Brandon Keating will be entitled to 30% of total
     stock of company. 100% of this stock will vest
     immediately upon execution of this agreement,
     And Brandon Keating will decide at a later date
     whether this stock will be considered non-
     qualified stock options, or incentive stock
     options.

6.   When the LLC is formed and registered for
     Company, Brandon Keating will be registered as 30%
     owner.

[Remainder of Page Intentionally Left Blank]

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first above written.

*Brandon Keating*
Brandon Keating (May 11, 2012)                              May 11, 2012
-----------------------------------------

(Brandon Keating)
Partner/Dated

*Marko Princip*

(Marko Princip CEO)
Owner Signature/Dated

*Jon Brandt*

(Jon Brandt COO)
Owner Signature/Dated

*Edward Brandt*

( EDWARD  BRANDT print name

Parent of Jon Brandt/Dated

30

# Exhibit B

On Saturday, June 21, 2014 1:18 AM, Marko Princip <busyforawhile@gmail.com> wrote:

To Brandon Keating,

This email is proof that you are 30% owner of Videogames Youtube Channel.

The deal is between Brandon Keating and Marko Princip.

By the 17th of every month you will receive your payment.

————

Your payment will be done by wire transfer.

————————

I will be fully transparent moving forward, and all I ask is you do not speak with Brian Martin anymore.

The deal is between Marko Princip and Brandon Keating.

————

You can expect 5500$ by end of business day June 23, 2014.

Best,
Marko Princip

32

# Exhibit C

*PARTNERSHIP AGREEMENT*

This Partnership Agreement (the "Agreement") is made and entered into this May 21, 2012 (the "Effective Date"). The Partners in this Agreement are as follows:

Name: This Agreement will be known as VideoGames Youtube Channel (the "Agreement").

- David Tyler Moss "The Partner" and Marko Princip "The Partner" to this Agreement agree to the following:

  The Partners wish to become legal partners in business. -
  The terms and conditions of their Partnership will be outlined in this Agreement. -
  If the Agreement is executed, the Partnership will be in effect on May 21, 2012. -
  The Partnership's primary place of business will be 18032 Windflower Way,
  Dallas, Texas, 75252.

-The Partnership will be governed under the laws of the state of Texas.

-The Partnership's primary purpose is Ensure that David Tyler Moss earns 30% of what the channel earns, and anything associated with "VideoGames" brand.

Contributions:

The Partners will make an initial contribution to the Partnership as follows:

- David Tyler Moss will invest 1,500$ into VideoGames company, in return he gets 30% ownership of company and he will make 30% off everything revolving around our brand, channel revenue, website revenue, app revenue, etc.

-David Tyler Moss is an advisor to the company, and has equal say into every decision we make.

-Marko will pay back David Tyler Moss within 60 days of this agreement being signed.

-David Tyler Moss will be able to log into the channel whenever he wants to

Login:

Email: markoguide1693@gmail.com
Password: pediculispubis

David Tyler Moss will earn 30% of the channel revenue, paid out every 15th of the month.
Preferred payment method (If Paypal, include Paypal address)

_____tymossemail@yahoo.com_____

IN WITNESS WHEREOF, this Agreement has been executed and delivered in the manner prescribed by law as of the Effective Date first written above.

Signature: *David Tyler Moss*
David Tyler Moss (May 21, 2012)

Email: tymossemail@yahoo.com

Signature: *Marko Princip*
Marko Princip (May 21, 2012)

Email: my.raw.nerve@gmail.com