IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID TYLER MOSS AND BRANDON KEATING,** | § | |
| | | **CIVIL ACTION NO.** |
| Plaintiffs, | § | **3:14-cv-03088- M** |
| | | **(Jury)** |
| vs. | | |
| **MARKO PRINCIP, Individually,** | § | |
| d/b/a VIDEOGAMES YOUTUBE CHANNEL | | |
| d/b/a ACHIEVEMENT GUIDE | | |
| d/b/a GAME GUIDE, LLC AND BRIAN MARTIN | | |
| Defendants. | § | |

### DEFENDANT'S STATUS REPORT

In accordance with Federal Rules of Civil Procedure 26(f)(2)-(4), counsel Defendants Marko Princip, Brian Martin d/b/a Videogames Youtube Channel, et al ("Princip"), Robert D. Wilson, attempted over 10 times to communicate in writing and by telephone with Plaintiff's counsel for Plaintiffs David Tyler Moss and Brandon Keating("Moss"), and hereby submits the following Status Report:

1. <u>Brief statement of the nature of the case</u>:

   a. <u>Plaintiff's statement</u>:  Plaintiff contends Plaintiff and Defendant had a partnership contract and formed a business for which Plaintiff paid $1,500 dollars. Plaintiff contends Defendant breached the contract between the parties and Defendant failed to pay revenues from the business earnings. Defendant did pay approximately $7,500 dollars to Plaintiff. Further, given Defendant conduct of terminating the partnership, Plaintiffs contend Defendants conduct violated multiple Sections of the Texas Deceptive Trade Practices Act and

committed Fraud. Additionally, pursuant to the Texas Civil Practice & Remedies Code, the Plaintiffs are entitled to recover their attorneys fees and taxable court costs

      b.    <u>Defendant's statement</u>: Defendants contend that the partnership was terminated by Defendants and Plaintiffs several months after formation given their conduct and email exchanges, there was no intentional concealment, fraud and criminal acts.

2.    <u>Any challenge to jurisdiction or venue</u>:  There are no challenges to venue or jurisdiction.

3.    <u>Pending motions or contemplated motions and proposed time limit for filing motions</u>:  None at this time.

4.    <u>Matters which require a conference with the Court</u>:

    a.    <u>Plaintiff</u>:  None.

    b.    <u>Defendant</u>:  None.

5.    <u>Likelihood other parties will be joined</u>:

    a.    <u>Plaintiff</u>:  Plaintiff does not anticipate joining any additional parties.

    b.    <u>Defendant</u>:  Defendant does not anticipate joining any additional parties.

6.    <u>Discovery issues</u>:

a.    <u>Estimation of time needed, with reasons</u>: Defendant anticipates deposing witnesses, including but not limited to Plaintiffs and several others familiar with the parties relationships and communications.  Plaintiff concurs with Defendant that 9 months to complete discovery is adequate.

    b.    <u>Specification of the discovery contemplated</u>:

      (i)    <u>Plaintiff</u>:  Liability and damages.

      (ii)    <u>Defendant</u>:  Liability and damages.

    c.    <u>Limitations, if any, that should be placed on discovery</u>:

7. <u>Statement that counsel have read the Dondi decision, 121 F.R. D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.</u>

   a. <u>Plaintiff's statement</u>: Plaintiff's counsel has read the Dondi decision and is familiar with the Civil Justice Expense and Delay Reduction Plan.

   b. <u>Defendant's statement</u>: Defendant's counsel has read the Dondi decision and is familiar with the Civil Justice Expense and Delay Reduction Plan.

8. <u>Requested trial date, estimated length of trial, and whether jury has been demanded</u>: A jury has been demanded. The parties anticipate a 2-3 day trial.

9. <u>Consent to trial before United States Magistrate Judge</u>: The parties consent to a magistrate.

10. <u>Prospects for settlement, and status of settlement negotiations</u>: No settlement negotiations have occurred. The parties are not opposed to mediation after discovery has been completed.

11. <u>What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial) would be most appropriate for resolving this case and when it would be most effective (e.g., before discovery, after limited discovery, at the close of discovery).</u>: Mediation.

12. <u>Any other matters relevant to status or disposition of this case</u>: None.

                                        LAW OFFICES OF ROBERT D. WILSON, PC


                                        By __/s/ *Robert D. Wilson*__

                                        Robert D. Wilson
                                        State Bar No. 00789823
                                        rwilson@wilsonlawtexas.com
                                        18111 Preston Road, Suite 150
                                        Dallas, Texas  75252
                                        214-637-8866
                                        214-637-2702 (facsimile)

## CERTIFICATE OF SERVICE

   I hereby certify that on this 13th day of October 2014 in compliance with the Federal Rules of Civil Procedure, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following attorneys who are known to represent the United States of America and the corresponding parties.

          /s/ *Robert D. Wilson*
          Robert D. Wilson, Attorney for Defendants

**For Plaintiffs**

                       **Via Facsimile (214) 521-9130**
                       Telephone (214) 521-9100

Mr. Hunter A. Nunn
WYDE & ASSOC.
10100 N. Central Expressway   Suite 590
Dallas, Texas 75231