IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID TYLER MOSS AND BRANDON KEATING,** | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 3:14-cv-03088- M (Jury) |
| vs. | | |
| **MARKO PRINCIP, Individually,** **d/b/a VIDEOGAMES YOUTUBE CHANNEL** **d/b/a ACHIEVEMENT GUIDE** **d/b/a GAME GUIDE, LLC AND BRIAN MARTIN** | § | |
| Defendants. | § | |

**JOINT STATUS REPORT**

In accordance with Federal Rules of Civil Procedure 26(f)(2)-(4), counsel for Defendants Marko Princip, Brian Martin d/b/a Videogames Youtube Channel, et al ("Defendants"), Robert D. Wilson, and Hunter A. Nunn, counsel for Plaintiffs David Tyler Moss and Brandon Keating ("Plaintiffs"), hereby submit the following Joint Status Report:

1.  Brief statement of the nature of the case:

    a.  Plaintiff's statement:  Plaintiffs contend that each Plaintiff and Defendants Marko Princip, Marko Princip D/B/A VideoGames YouTube Channel, Marko Princip D/B/A Achievement Guide, and Marko Princip D/B/A Game Guide, L.L.C. (collectively referred to as "Defendant Marko Princip"), entered into a written partnership agreement and formed a business known as the VideoGames YouTube Channel.  Each Plaintiff agreed to and did invest $1,500.00 into the VideoGames YouTube Channel in exchange for 30% ownership interest in the VideoGames YouTube Channel, in addition to the right to participate equally in ownership, management, and business decisions.  Plaintiffs contend that Defendant Marko Princip breached

his contracts with each party by failing to pay each Plaintiff his rightful share of the VideoGames YouTube Channel's earnings and profits, and by bringing in additional partners and making important managerial and business decisions without consulting Plaintiffs. Defendant Marko Princip did pay some amount of money to each Plaintiff, which Plaintiffs contend is far less than the amount of money due and owing to each Plaintiff pursuant to their respective contracts with Defendant Marko Princip.

Plaintiffs further contend that Defendant Marko Princip fraudulently induced each Plaintiff into entering his respective contract and investing money into the VideoGames YouTube Channel, and that Defendants Marko Princip and Brian Martin have converted funds owing to Plaintiffs and to the partnership. Plaintiffs contend that Defendant Brian Martin has tortuously interfered with each of their respective contracts with Defendant Marko Princip, and that all Defendants have conspired to commit the acts complained of by Plaintiffs in their lawsuit. Plaintiffs contend Defendants committed violations in Fraud, Breach of Fiduciary Duty, Breach of Partnership Agreement, Conversion, Claim for Money Had & Received, Tortious Interference with Existing Contract, Conspiracy, and have pleaded for exemplary damages pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Additionally, Plaintiffs plead for attorney's fees and Court costs pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. Plaintiffs demand access to the books and records of the VideoGames YouTube Channel as partners, request judicial expulsion of Defendant Marko Princip as a partner, and bring an action to determine the terms of redemption of Defendant Marko Princip's partnership interest upon expulsion, all recognized by the Tex. Bus. Org. Code.

    b. <u>Defendant's statement</u>:  Defendants contend that the partnership was terminated by Defendants and Plaintiffs several months after formation given their conduct and email exchanges, Plaintiffs were paid their original investment and then some, there was no intentional concealment, fraud or other exclusionary acts committed by Defendants.

 2. <u>Any challenge to jurisdiction or venue</u>: There are no challenges to venue or jurisdiction.

 3. <u>Pending motions or contemplated motions and proposed time limit for filing motions</u>:

  Plaintiffs intend to seek preliminary injunctive relief against Defendants. Plaintiffs also intend to file a motion for leave to amend their pleadings, and a motion for leave to file a certificate of interested persons.

 4. <u>Matters which require a conference with the Court</u>:

  a. <u>Plaintiff</u>:  None.

  b. <u>Defendant</u>:  None.

 5. <u>Likelihood other parties will be joined</u>:

  a. <u>Plaintiff</u>:  Plaintiff does not anticipate joining any additional parties.

  b. <u>Defendant</u>:  Defendant does not anticipate joining any additional parties.

 6. <u>Discovery issues</u>:

  a. <u>Estimation of time needed, with reasons</u>:

Plaintiffs anticipate conducting mainly written discovery on the following issues:

  1) All revenues and/or profits generated by the Channel since its inception;

  2) Where revenues and/or profits were disbursed to or transferred to after receipt by the Channel or Defendants;

    3)    All personnel and management transactions by the Channel since its inception;

    4)    The identity, status, and circumstances of any additional partners, owners, or investors added at any time before or after Plaintiffs;

    5)    The identity, status, and circumstances of any and all business transactions entered into by the Channel or using the Channel's brand and goodwill since its inception.

Plaintiffs agree with Defendants that these issues mainly go to liability and damages. Plaintiffs may wish to conduct depositions or additional discovery in the event that it is deemed necessary. Plaintiffs will likely conduct discovery on any defenses asserted by Defendants, including the parties' relationships and communications.

Defendant anticipates deposing witnesses, including but not limited to Plaintiffs and several others familiar with the parties relationships and communications. Plaintiffs and Defendants agree that 9 months to complete discovery is adequate.

    b.    <u>Specification of the discovery contemplated</u>: Depositions and Written Discovery

        (i)    <u>Plaintiff</u>: Liability and damages.

        (ii)    <u>Defendant</u>: Liability and damages.

    c.    <u>Limitations, if any, that should be placed on discovery</u>: No specific limitations are contemplated by the parties at this time.

7.    <u>Statement that counsel have read the Dondi decision, 121 F.R. D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.</u>

    a.    <u>Plaintiff's statement</u>: Plaintiff's counsel has read the Dondi decision and is familiar with the Civil Justice Expense and Delay Reduction Plan.

  b. <u>Defendant's statement</u>:  Defendant's counsel has read the Dondi decision and is familiar with the Civil Justice Expense and Delay Reduction Plan.

8. <u>Requested trial date, estimated length of trial, and whether jury has been demanded</u>:  A jury has been demanded.  The parties anticipate a 2-3 day trial.  A jury trial date anytime after October 1, 2015 should be adequate.

9. <u>Consent to trial before United States Magistrate Judge</u>:  The parties consent to a magistrate conditioned on Magistrate Judges Stickney or Kaplan only.

10. <u>Prospects for settlement, and status of settlement negotiations</u>:  No settlement negotiations have occurred.  The parties are not opposed to mediation after discovery has been completed and will agree to a date and time, and mediator at a mutually agreeable time, or as otherwise instructed by the Court.

11. <u>What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial) would be most appropriate for resolving this case and when it would be most effective (e.g., before discovery, after limited discovery, at the close of discovery).</u>:  Mediation.

12. <u>Any other matters relevant to status or disposition of this case</u>:  None.

LAW OFFICES OF ROBERT D. WILSON, PC

By  /s/  *Robert D. Wilson*

Robert D. Wilson
State Bar No. 00789823
rwilson@wilsonlawtexas.com
18111 Preston Road, Suite 150
Dallas, Texas  75252
214-637-8866
214-637-2702 (facsimile)
ATTORNEYS FOR PLAINTIFFS

WYDE & ASSOCIATES

By  /s/  *Hunter A. Nunn*

Dan L. Wyde

        State Bar No. 22095500
        Hunter A. Nunn
        State Bar No. 24083587
        Read H. Reily
        State Bar No. 24080126
        wydelaw@gmail.com
        10100 N. Central Expressway Suite 590
        Dallas, Texas 75231
        214-521-9100
        214-637-9130 (facsimile)
        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of November 2014 in compliance with the Federal Rules of Civil Procedure, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following attorneys who are known to represent the United States of America and the corresponding parties.

/s/ *Robert D. Wilson*
Robert D. Wilson, Attorney for Defendants

**For Plaintiffs**

      **Via Facsimile (214) 521-9130**
      Telephone   (214) 521-9100

Mr. Hunter A. Nunn
WYDE & ASSOC.
10100 N. Central Expressway, Suite 590
Dallas, Texas 75231