**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID TYLER MOSS AND** | § | |
| **BRANDON KEATING** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO.** |
| **Vs.** | § | **3:14-CV-03088-M** |
| | § | **(JURY)** |
| **MARKO PRINCIP,** | § | |
| **Individually, MARKO** | § | |
| **PRINCIP  d/b/a** | § | |
| **VIDEOGAMES YOUTUBE** | § | |
| **CHANNEL, MARKO** | § | |
| **PRINCIP** | § | |
| **d/b/a       ACHIEVEMENT** | § | |
| **GUIDE, MARKO PRINCIP** | § | |
| **d/b/a GAME GUIDE, LLC,** | § | |
| **VIDEOGAMES    YOUTUBE** | | |
| **CHANNEL,** | | |
| **AND BRIAN MARTIN** | | |
| | | |
| **Defendants.** | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME DAVID TYLER MOSS and BRANDON KEATING, PLAINTIFFS in

the above-referenced action, complaining of and about Marko Princip Individually, Marko

Princip d/b/a VideoGames YouTube Channel, Marko Princip d/b/a Achievement Guide, Marko

Princip d/b/a Game Guide, LLC (hereinafter "Defendant Marko Princip" or "Mr. Princip,"

collectively), VideoGames YouTube Channel, and Brian Martin, hereinafter called Defendants,

and for cause of action shows unto the Court the following (pursuant to the Court's Scheduling

Order, a redlined version of the First Amended Petition and Application for Temporary

1

Restraining Order--Plaintiffs' most recent pleading, prior to removal of the case--is attached hereto as Pls.' Ex. "D"):

## PARTIES AND SERVICE

1.      Plaintiff, David Tyler Moss, is an Individual whose address is 113 Pleasant Street, Belmont, North Carolina 28012.

2.      The last three numbers of David Tyler Moss's driver's license number are 025. The last three numbers of David Tyler Moss's social security number are 940.

3.      Plaintiff, Brandon Keating, is an Individual whose address is 220 Bradwell Road, Inverness, Illinois 60010.

4.      The last three numbers of Brandon Keating's driver's license number are 013.  The last three numbers of Brandon Keating's social security number are 802.

5.      Defendant Marko Princip, an Individual who is a resident of Texas, has previously appeared in the lawsuit and may be served with process by and through his attorney of record, Robert D. Wilson.

6.      Defendant Marko Princip D/B/A VideoGames YouTube Channel, an Individual who is a resident of Texas, may be served with process by serving him personally at 18032 Windflower Way, Dallas, Texas 75252, or wherever he may be found.

7.      Defendant Marko Princip D/B/A Achievement Guide, an Individual who is a resident of Texas, may be served with process by serving him personally at 18032 Windflower Way, Dallas, Texas 75252, or wherever he may be found.

8.      Defendant Marko Princip D/B/A Game Guide, LLC, an entity who is a resident of Texas, may be served with process by serving him personally at 18032 Windflower Way, Dallas, Texas 75252, or wherever he may be found.

9.      Defendant VideoGames YouTube Channel, a General Partnership based in Texas, may be served with process by serving it personally at 18032 Windflower Way, Dallas, Texas 75252, or wherever he may be found.

10.     Defendant Brian Martin, an Individual who is a nonresident of Texas, may be served with process at his home at the following address:  941 Cimarron Lane, Corona, California 92879, or wherever he may be found.  Service of said Defendant as described above can be effected by personal delivery.

11.     Plaintiffs have standing, as each Plaintiff is a partner/owner/investor in the VideoGames YouTube Channel, each Plaintiff has sustained injury caused by Defendants' actions complained of herein, and Plaintiffs seek relief that will likely remedy the injury.

## JURISDICTION AND VENUE

12.     The subject matter in controversy is within the jurisdictional limits of this court.

13.     Plaintiffs seek:

a.      monetary relief over $1,000,000.  The amount in controversy exceeds $75,000.00.

14.     Defendant Marko Princip is a resident of Texas.  This court has jurisdiction over Defendant Brian Martin, because said Defendant purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Brian Martin will not

offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15.     Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant Brian Martin to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

16.     Defendant Brian Martin committed a tort in whole or in part in the State of Texas, thus conferring personal jurisdiction upon the Court pursuant to Tex. Civ. Prac. & Rem. §17.042

17.     Venue in the Northern District, Dallas Division is proper in this cause pursuant to 28 U.S.C. §1446, as this action was pending in Dallas County, Texas at the time of removal. Further, a substantial part of the events or omissions giving rise to the claim occurred in the Northern District, Dallas Division.

## FACTS

18.     On or about March 9, 2012, Plaintiff Brandon Keating ("Mr. Keating") Defendants Marko Princip, Marko Princip D/B/A Achievement Guide, Marko Princip D/B/A Game Guide, LLC (collectively "Mr. Princip"), John Brandt, and Edward Brandt entered into an agreement entitled "Game Guide, LLC Membership Agreement," attached hereto as Pls.' Ex. "A" ("the Membership Agreement") and incorporated herein by reference.  The Membership Agreement provides that Brandon Keating is a 30% owner of the company, and 30% owner of any YouTube channel, sponsorship, or project with the exception of "TEAMNOBLE."  Mr. Keating was given his 30% interest in exchange for the payment of $1,500.00 to Mr. Princip. The VideoGames YouTube Channel was a YouTube project initiated by Mr. Princip pursuant to the Membership Agreement.

19.     The Membership Agreement provides that Mr. Keating will act as an advisor to the company, own 30% of the stock and interest of the company, and would have the right to make decisions on how the company grows.  In the event of a disagreement, Mr. Keating's vote would count for 30% of the vote. Marko Princip confirmed Brandon Keating was 30% owner of VideoGames YouTube Channel in an email sent June 21, 2014.  Please see Pls.' Ex. "B," attached hereto and incorporated herein by reference.

20.     On or about May 21, 2012, Plaintiff David Tyler Moss ("Mr. Moss") and Defendant Marko Princip entered into a Partnership Agreement (hereinafter "the Partnership Agreement") to be known as VideoGames YouTube Channel, attached hereto as Pls.' Ex. "C," and incorporated herein by reference.  The VideoGames YouTube Channel's web address is http://www.youtube.com/videogames.  On or about May 15, 2012, Mr. Princip represented to Mr. Moss that he had signed a company named "Machinima" to a lucrative sponsorship deal for $3.00 per every 1,000 monetized views with ads running for a YouTube channel.  Mr. Princip represented to Mr. Moss that he projected the channel to grow rapidly, and achieve great revenues.  Mr. Princip represented to Mr. Moss that he needed $1,500.00 to start the VideoGames YouTube Channel, and assured Mr. Moss that he would profit greatly from his investment.  Acting on these representations made by Mr. Princip, Mr. Moss agreed to enter into the Partnership Agreement with Mr. Princip, and invested the $1,500.00.

21.     The Partnership Agreement provided that Mr. Moss and Mr. Princip wish to become legal partners in business, and that the partnership will be governed under the laws of the State of Texas.

22.     The Partnership Agreement provided that Plaintiff David Tyler Moss would invest $1,500.00 into the VideoGames YouTube Channel, in return for thirty percent (30%)

ownership of the company, and that Mr. Moss would "make 30% off everything revolving around our brand, channel revenue, app revenue, etc."

23.     The Partnership Agreement provided that "David Tyler Moss is an advisor to the company, and has equal say into every decision we make."

24.     The Partnership Agreement provided that Mr. Princip would return Mr. Moss's initial investment within sixty (60) days of signing the Agreement, that Mr. Moss would be able to log into the VideoGames YouTube Channel at any time that he pleased, and that Mr. Moss would earn thirty percent (30%) of the channel revenue, paid out every 15th day of the month.

25.     Finally, the Partnership Agreement provided that, "The Partnership's primary purpose is Ensure [sic] that David Tyler Moss earns 30% of what the channel earns, and anything associated with the 'VideoGames' brand."

26.     On or about May 26, 2012, Mr. Princip admitted to Mr. Moss that the VideoGames YouTube channel was receiving $3.00 per every 1,000 monetized views with ads running on the channel.

27.     Mr. Princip, after much delay and at great inconvenience to Mr. Moss, finally returned Mr. Moss's $1,500.00 initial investment.

28.     From the time that Mr. Moss and Mr. Princip entered into the Partnership Agreement, Mr. Princip and the partnership consistently failed and/or refused to make timely payments to Mr. Moss for 30% of all revenues from the VideoGames YouTube Channel and its associated brand on the 15th day of each month, as set forth in the Partnership Agreement. Despite Mr. Moss's repeated requests, and Mr. Princip's acknowledgements that he owed Mr. Moss money from the VideoGames YouTube Channel, Mr. Princip never paid Mr. Moss on time.  Mr. Moss continued to make payment demands to Mr. Princip, who continuously assured

Mr. Moss that he would pay him in accordance with the Partnership Agreement, without ever actually sending payments.  Further, Mr. Princip has never allowed Mr. Moss access to the VideoGames YouTube Channel as agreed upon, or consulted Mr. Moss in making decisions regarding the partnership and the VideoGames YouTube Channel as agreed upon.

29.     On or about November 19, 2012, Mr. Moss was involved in a Skype chat with Mr. Princip, and another individual named Brian Martin.  Mr. Princip stated that Brian Martin (hereinafter "Mr. Martin") was his "business partner."  Mr. Martin stated to Mr. Moss that he was a "business partner," and that he had "experience in legal and other arenas."  Mr. Martin advised Mr. Moss that Mr. Martin was "the official manager of VideoGames," and that Mr. Moss was "in violation of extortion" due to his repeated demands that Mr. Princip pay him as set forth in the Partnership Agreement.  Mr. Martin stated that he was "going to have to drop business with you and the channel VideoGames as it is ultimately the decision of the Manager in which I am."  Mr. Martin further advised Mr. Moss that, "Your contract is void."

30.     Mr. Princip has made a few small payments to Mr. Moss since the Partnership Agreement was signed; no such payments in accordance with the Partnership Agreement have been made by Mr. Princip or by the VideoGames YouTube Channel to Mr. Moss since approximately December 2012.

31.     Mr. Princip has not made a payment from the VideoGames YouTube Channel to Mr. Keating in over one year, as of the date of filing this pleading.  Mr. Princip paid $4,000 to Mr. Keating in January 2013, and may have made one other payment of $1,500.00 to Mr. Keating prior to the January 2013 payment.  No payment has been made to Mr. Keating since, despite his repeated requests, and Mr. Princip's repeated assurances that he would pay Mr. Keating in accordance with the Membership Agreement.  Further, Mr. Keating's rights to participate

in the VideoGames YouTube Channel's management and operations have not been honored, and Defendants refuse to pay Mr. Keating.

32.     Mr. Princip claimed that he "lost control" of the VideoGames YouTube Channel for a time, and has now claimed that he is back in control of the VideoGames YouTube Channel, along with Defendant Brian Martin.

33.     Mr. Princip and Mr. Martin are now controlling the VideoGames YouTube Channel.  Mr. Princip arranged for A.L., a minor child, to manage and grow the VideoGames YouTube Channel days after Mr. Moss signed the Partnership Agreement with Mr. Princip-- without Mr. Moss's or Mr. Keating's knowledge or consent.  Mr. Princip and Mr. Martin--who later entered an arrangement with Mr. Princip, which Mr. Princip has since claimed is 50% ownership of the VideoGames YouTube Channel, along with Mr. Princip as 50% owner of the VideoGames YouTube Channel--have subsequently initiated and settled litigation with Abby and Adam Lovinger (A.L.'s parents), both in California and Virginia, without the knowledge or consent of Plaintiffs.  New litigation has commenced in California to enforce the terms of the settlement, which Defendants have apparently breached.  Defendants settled the prior litigation with the Lovingers for $30,000.00 to be paid to the Lovingers from the VideoGames YouTube Channel's gross revenues less expenses--before any payments of any kind to Martin, Princip, or any related persons or entities, and before taxes.  Now, the Lovingers have obtained a judgment in excess of $40,000.00 against Defendants in California because Defendants refuse to pay the settlement in accordance with its terms.

34.     Defendants have not allowed Plaintiffs to participate in the management of the VideoGames YouTube Channel's affairs, as each Plaintiff is entitled to do by his respective written agreement with Mr. Princip.  Defendants have acted willfully and maliciously, at a

8

minimum, in denying Plaintiffs access to the VideoGames YouTube Channel, and their rights to participate in its management and operation.

36. In addition, Defendants have embedded inappropriate coding into videos on the VideoGames YouTube Channel, designed to drive traffic to their personal YouTube channels. This has resulted in disciplinary action against the VideoGames YouTube Channel by YouTube under YouTube's rules and policies, including a temporary suspension. Further, Defendants have brought harm to the VideoGames YouTube Channel by refusing to compensate video creators and producers pursuant to written agreements, resulting in copyright infringement claims and other detrimental action being brought against the VideoGames YouTube Channel.

36. Plaintiffs now come as partners, owners, and investors in the VideoGames YouTube Channel and seek relief in the form of damages for injuries, performance of their contractual rights, and injunctive and other relief. Plaintiffs further seek injunctive relief to enjoin Defendants from taking any further action to deny Plaintiffs their contractual rights to participate in the management and operation of the VideoGames YouTube Channel and its brand, deny payment of contractual revenues and profits to Plaintiffs, and from taking any action to expose the VideoGames YouTube Channel to any further disciplinary action from YouTube or liability from third parties.

37. All conditions precedent have occurred or been performed.

### DAVID TYLER MOSS'S CLAIM FOR COMMON-LAW FRAUD

38. Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

39.     Defendant Marko Princip made representations to Mr. Moss; specifically, that Mr. Moss and Mr. Princip would be partners with equal say in the VideoGames YouTube Channel, and that Mr. Moss would be entitled to receive 30% of all revenue and earnings from everything associated with the VideoGames YouTube Channel and its brand, to be paid on the 15th day of each month.

40.     These representations were material; these representations were the reasons that Mr. Moss agreed to enter the Partnership Agreement and fund the VideoGames YouTube Channel.  Without these promises in the Partnership Agreement, Mr. Moss would not have entered into the Partnership Agreement, and would not have invested money in the VideoGames YouTube Channel.

41.     The representations were false.  To date, Mr. Princip has not performed any of his duties as set forth in the Partnership Agreement in the manner that he agreed to perform them. Mr. Princip has consistently made excuses for nonpayment to Mr. Moss on the 15th day of each month, and has not made payments as he agreed to do.  Additionally, Mr. Princip apparently involved other individuals and/or entities (including but not limited to Brian Martin and A.L.) in the management and direction of the VideoGames channel, without the knowledge and/or consent of Mr. Moss, as set forth in the Partnership Agreement.

42.     When Mr. Princip made the representations, Mr. Princip knew that the representations were false, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

43.     Mr. Princip made the representations with the intent that Mr. Moss act on them, and invest money to start the VideoGames YouTube channel.

44.     Mr. Moss relied on the representations, and invested money to start the VideoGames YouTube channel

45.     Mr. Princip's representations caused Mr. Moss injury.  Mr. Moss has received no payments since 2012 from the VideoGames YouTube Channel as Mr. Princip and the partnership are obligated to do under the terms of the Partnership Agreement.

46.     Further, Defendant Brian Martin made representations to Mr. Moss that his contract with the VideoGames YouTube Channel was "void."

47.     The representations were material.

48.     The representations were false.

49.     When Mr. Martin made the representations, Mr. Martin knew that the representations were false, or he made the representations recklessly, without knowledge of their truth.

50.     Mr. Moss relied on the representations, and was therefore unable to pursue his rights to revenue and ownership participation in the VideoGames YouTube Channel.

51.     The representations caused Mr. Moss injury, as he lost revenue he was entitled to from the VideoGames YouTube Channel, and his right to participate in ownership and management decisions.

**DAVID TYLER MOSS'S CLAIM FOR BREACH OF FIDUCIARY DUTY**

52.     Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

53.     Plaintiff David Tyler Moss and Defendant Marko Princip had a fiduciary relationship, as they agreed to be legal partners in business in the VideoGames channel in the Partnership Agreement.

54.     Mr. Princip breached his fiduciary duty as a partner to Mr. Moss.  Mr. Princip breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership.  Mr. Princip breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without Mr. Moss's consent, and by making managerial decisions and directional decisions without Mr. Moss's knowledge or consent.  Mr. Princip breached the duty of full disclosure by bringing other individuals and/or entities into the partnership without Mr. Moss's knowledge and/or consent, and by making managerial decisions and directional decisions without Plaintiff David Tyler Moss's knowledge and/or consent.

55.     Defendant Marko Princip's breach resulted in injury to the Plaintiff David Tyler Moss and/or benefit to the Defendant Marko Princip.  Mr. Moss has received either no payments, or far insufficient payments, from the VideoGames channel partnership as is he entitled to receive under the terms of the Partnership Agreement as a result of Mr. Princip's breach.  Further, the VideoGames YouTube Channel is now liable in excess of $40,000.00 to the Lovingers.

56.     Further, Plaintiff David Tyler Moss and Defendant Brian Martin had a fiduciary relationship as they are legal partners in business in the VideoGames YouTube Channel--if, in fact, Brian Martin is a partner, as Defendants have claimed.

57.     If he is a partner, Mr. Martin breached his fiduciary duty as a partner to Mr. Moss. Mr. Martin breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership.  Mr. Martin breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without Mr. Moss's consent, and by making managerial decisions and directional decisions without Mr. Moss's knowledge or consent.  Mr. Martin breached the duty of full disclosure by bringing other individuals and/or entities into the partnership without Mr. Moss's knowledge and/or consent, and by making managerial decisions and directional decisions without Mr. Moss's knowledge and/or consent.

58.     Defendant Brian Martin's breach resulted in injury to Plaintiff David Tyler Moss and/or benefit to Defendant Brian Martin.  Mr. Moss has received either no payments, or far insufficient payments, from the VideoGames YouTube Channel partnership as is he entitled to receive under the terms of the Partnership Agreement as a result of Defendant's breach.

### DAVID TYLER MOSS'S CLAIM FOR
### BREACH OF PARTNERSHIP AGREEMENT

59.     Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

60.     Plaintiff David Tyler Moss hereby brings this claim for Breach of the VideoGames YouTube channel Partnership Agreement pursuant to Tex. Bus. Org. Code §152.211 and the common law

61.     Plaintiff David Tyler Moss and Defendant Marko Princip have a valid, enforceable Partnership Agreement.

13

62.     Plaintiff David Tyler Moss is a partner to the VideoGames channel, and is a proper party to sue for breach of the Partnership Agreement.

63.     Plaintiff David Tyler Moss performed his obligation to the partnership by investing $1,500.00 into the VideoGames channel, as agreed.

64.     Defendant Marko Princip has breached the Partnership Agreement, by failing and/or refusing to make payments in the amount of 30% of all revenue and earnings from the VideoGames YouTube Channel and its brand to Plaintiff David Tyler Moss on the 15th day of each month, beginning in June 2012.

61.     The Defendant's breach caused Plaintiff David Tyler Moss injury, in that Plaintiff David Tyler Moss has not received the 30% revenues from the VideoGames YouTube channel and everything associated with its brand, as he entitled to pursuant to the Partnership Agreement. Further, Mr. Moss has not been consulted on numerous decisions involving the VideoGames YouTube Channel's management and operations, which has resulted in liability to the VideoGames YouTube Channel that has damaged Mr. Moss.

## DAVID TYLER MOSS'S CLAIM FOR CONVERSION

62.     Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

63.     Plaintiff David Tyler Moss owned, possessed, or had the right to immediate possession of property.

64.     The property was personal property, funds or monies that he was entitled to receive pursuant to the Partnership Agreement.

65.     Defendants Marko Princip and Brian Martin wrongfully exercised dominion or control over the property, and retained said property for their own use and enjoyment, rather than making appropriate monthly distributions to Mr. Moss, as Mr. Princip agreed with Mr. Moss.

66.     Plaintiff David Tyler Moss suffered injury--the loss of revenue which he was entitled to.

## DAVID TYLER MOSS'S CLAIM FOR MONEY HAD AND RECEIVED

67.     Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

68.     Defendants Marko Princip and Brian Martin hold money.

69.     Money held by Defendants Marko Princip and Brian Martin belongs to Plaintiff David Tyler Moss in equity and good conscience.

## DAVID TYLER MOSS'S CLAIM FOR
## TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

70.     Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

71.     Plaintiff David Tyler Moss has a valid contract with Defendant Marko Princip, the Partnership Agreement.

72.     Defendant Brian Martin willfully and intentionally interfered with the contract.

73.     The interference proximately caused Plaintiff David Tyler Moss injury.

74.     Plaintiff David Tyler Moss incurred actual damage or loss.

## DAVID TYLER MOSS'S CLAIM FOR CONSPIRACY

75.     Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

76.     Defendants Marko Princip and Brian Martin were members of a combination of two or more persons.

77.     The object of the combination was to accomplish an unlawful purpose, or a lawful purpose by unlawful means--committing all acts complained of by Plaintiff David Tyler Moss herein.

78.     The members had a meeting of the minds on the object or course of action.

79.     One of the members committed an unlawful, overt act to further the object or course of action.

80.     Plaintiff David Tyler Moss suffered injury as a proximate result of the wrongful act.

## BRANDON KEATING'S CLAIM FOR COMMON-LAW FRAUD

81.     Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

82.     Defendant Marko Princip made representations to Plaintiff Brandon Keating; specifically, that Mr. Keating and Defendant Marko Princip would be members of the company which formed the VideoGames channel, that Mr. Keating would own 30% of the company, that Mr. Keating would have the right to participate in the management and operation of the company, that Mr. Keating would have voting rights in the company, and that Mr. Keating

would be entitled to receive 30% of all revenue and earnings from everything associated with the VideoGames channel and its brand as a YouTube project of the company.

83.     These representations were material; these representations were the reasons that Plaintiff Brandon Keating agreed to enter the Membership Agreement and contribute money to the company.  Without these promises in the Membership Agreement, Plaintiff Brandon Keating would not have entered into the Membership Agreement, and would not have invested money in the VideoGames YouTube Channel.

84.     The representations were false.  To date, Defendant Marko Princip has not performed any of his duties as set forth in the Membership Agreement in the manner that he agreed to perform them.  Defendant Marko Princip has consistently made excuses for nonpayment to Plaintiff Brandon Keating, and has not made payments to Plaintiff Brandon Keating as he agreed to do.  Additionally, Defendant Marko Princip apparently involved other individuals and/or entities in the management and direction of the VideoGames channel, without the knowledge and/or consent of Plaintiff Brandon Keating, as set forth in the Membership Agreement.  Defendant has not allowed Mr. Keating to participate in management of the VideoGames YouTube Channel's affairs as agreed.

85.     When Defendant Marko Princip made the representations, Defendant Marko Princip knew that the representations were false, or made the representations recklessly, as positive assertions, and without knowledge of their truth.

86.     Defendant Marko Princip made the representations with the intent that Plaintiff Brandon Keating act on them, and invest money to start the VideoGames YouTube channel.

87.     Plaintiff Brandon Keating relied on the representations, and invested money to start the VideoGames YouTube channel.

88.     Defendant Marko Princip's representations caused Plaintiff Brandon Keating injury.  Mr. Keating has received no payments since 2012 from the VideoGames channel as Defendant Marko Princip and the company are obligated to do pursuant to the terms of the Membership Agreement.

## BRANDON KEATING'S CLAIM FOR BREACH OF FIDUCIARY DUTY

89.     Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

90.     Plaintiff Brandon Keating and Defendant Marko Princip had a fiduciary relationship, as they agreed to be legal partners in business in the VideoGames Channel in the Membership Agreement.

91.     Defendant Marko Princip breached his fiduciary duty as a partner to Plaintiff Brandon Keating.  Defendant Marko Princip breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership.  Defendant Marko Princip breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without Mr. Keating's consent, and by making managerial decisions and directional decisions without Mr. Keating's knowledge or consent.  Defendant Marko Princip breached the duty of full disclosure by bringing other individuals and/or entities into the partnership without Mr. Keating's knowledge and/or consent, and by making managerial decisions and directional decisions without Mr. Keating's knowledge and/or consent.

92.     Defendant Marko Princip's breach resulted in injury to the Plaintiff and/or benefit to the Defendant.  Mr. Keating has received either no payments, or far insufficient payments, from the VideoGames channel partnership as is he entitled to receive pursuant to the terms of the Membership Agreement as a result of Defendant Marko Princip's breach.

93.     Further, Plaintiff Brandon Keating and Defendant Brian Martin had a fiduciary relationship as they are legal partners in business in the VideoGames YouTube Channel--if, in fact, Brian Martin is a partner, as Defendants have claimed.

94.     If he is a partner, Defendant Brian Martin breached his fiduciary duty as a partner to Plaintiff Brandon Keating.  Defendant Brian Martin breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership.  Defendant Brian Martin breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without Mr. Keating's consent, and by making managerial decisions and directional decisions without Plaintiff Brandon Keating's knowledge or consent.  Defendant Brian Martin breached the duty of full disclosure by bringing other individuals and/or entities into the partnership without Plaintiff Brandon Keating's knowledge and/or consent, and by making managerial decisions and directional decisions without Plaintiff Brandon Keating's knowledge and/or consent.

95.     Defendant Brian Martin's breach resulted in injury to the Plaintiff Brandon Keating and/or benefit to Defendant Brian Martin.  Mr. Keating has received either no payments, or far insufficient payments, from the VideoGames channel partnership as is he entitled to receive under the terms of the Partnership Agreement as a result of Defendant Brian Martin's breach.

19

**BRANDON KEATING'S CLAIM FOR BREACH OF PARTNERSHIP AGREEMENT**

96.     Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

97.     Plaintiff Brandon Keating hereby brings this claim for Breach of the Game Guide, LLC Membership Agreement pursuant to Tex. Bus. Org. Code §152.211 and the common law.

98.     Plaintiff Brandon Keating and Defendant Marko Princip have a valid, enforceable partnership agreement.

99.     Plaintiff Brandon Keating is a partner and 30% owner of the VideoGames channel, and is a proper party to sue for breach of the Membership Agreement.

100.     Plaintiff Brandon Keating performed his obligation to the partnership by investing $1,500.00 into the partnership and the VideoGames YouTube Channel, as agreed.

101.     Defendant Marko Princip has breached the Membership Agreement, by failing and/or refusing to make payments in the amount of 30% of all revenue and earnings from the VideoGames channel and its brand to Plaintiff Brandon Keating, as agreed in the Membership Agreement.

102.     Defendant Marko Princip's breach caused Plaintiff Brandon Keating injury, in that Mr. Keating has not received the 30% revenues from the VideoGames YouTube channel and everything associated with its brand, as he entitled to pursuant to the Membership Agreement. Further, Mr. Keating has not been consulted on numerous decisions involving the VideoGames YouTube Channel's management and operations, which has resulted in liability to the VideoGames YouTube Channel that has damaged Mr. Keating.

## BRANDON KEATING'S CLAIM FOR CONVERSION

103.    Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

104.    Plaintiff Brandon Keating owned, possessed, or had the right to immediate possession of property.

105.    The property was personal property, funds or monies that he was entitled to receive pursuant to the Membership Agreement.

106.    Defendants Marko Princip and Brian Martin wrongfully exercised dominion or control over the property.

107.    Plaintiff Brandon Keating suffered injury.

## BRANDON KEATING'S CLAIM FOR MONEY HAD AND RECEIVED

108.    Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

109.    Defendant Marko Princip and Brian Martin hold money.

110.    Money held by Defendants Marko Princip and Brian Martin belongs to Plaintiff Brandon Keating in equity and good conscience.

## BRANDON KEATING'S CLAIM FOR
## TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

111.    Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

112.    Plaintiff Brandon Keating has a valid contract with Defendant Marko Princip, the Game Guide, LLC Membership Agreement.

113.    Defendant Brian Martin willfully and intentionally interfered with the contract.

114.    The interference proximately caused Plaintiff Brandon Keating injury.

115.    Plaintiff Brandon Keating incurred actual damage or loss.

## BRANDON KEATING'S CLAIM FOR CONSPIRACY

116.    Plaintiff Brandon Keating incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

117.    Defendants Marko Princip and Brian Martin were members of a combination of two or more persons.

118.    The object of the combination was to accomplish an unlawful purpose, or a lawful purpose by unlawful means--committing all acts complained of by Plaintiff Brandon Keating herein.

119.    The members had a meeting of the minds on the object or course of action.

120.    One of the members committed an unlawful, overt act to further the object or course of action.

121.    Plaintiff Brandon Keating suffered injury as a proximate result of the wrongful act.

## DECLARATORY RELIEF

122.    Plaintiffs, David Tyler Moss and Brandon Keating, request declaratory relief pursuant to 28 U.S.C. §2201-2202 to determine the identities and rights of the partners, owners, and investors in the VideoGames YouTube Channel.  The identities and rights of the partners,

owners, and investors are in dispute.  Declaratory relief will serve a useful purpose in clarifying

and settling legal relations at issue and provide relief from uncertainty, insecurity, and

controversy giving rise to the proceeding.  Plaintiffs request that the Court enter declaratory

relief confirming their status as partners/owners/investors, and their rights to participate in the

management and affairs of the VideoGames YouTube Channel pursuant to their respective

agreements with Defendant Marko Princip.

### DAMAGES FOR PLAINTIFF DAVID TYLER MOSS

123.    As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, David Tyler Moss, was caused to suffer economic damages, mental anguish damages,

lost earnings, and lost profits, and to incur the following damages:

>   A.    Actual damages, economic damages, lost earnings and profits as set forth
>         in the Partnership Agreement, due to Defendants' breach of partnership
>         agreement, breach of fiduciary duty, and Defendants' misconduct giving
>         rise to all other causes of action set forth herein.
>
>   B.    Mental anguish damages, as a result of Defendants' Breach of Fiduciary
>         Duty, and mental anguish was a foreseeable result of the breach of
>         fiduciary duty pursuant to *Douglas v. Delp*, 987 S.W.2d 879, 884 (Tex.
>         1999).

### EXEMPLARY DAMAGES

123.    Plaintiff David Tyler Moss pleads for an award of exemplary damages for

Defendant's Breach of Fiduciary Duty pursuant to *International Bankers Life Ins. Co. v.*

*Holloway*, 368 S.W.2d 567, 584 (Tex. 1963).  Plaintiff David Tyler Moss pleads for an award of

exemplary damages for Defendant's Common-Law Fraud, Breach of Fiduciary Duty, Breach of

Partnership Agreement, Conversion, and Money Had and Received pursuant to Tex. Civ. Prac. &

Rem. Chapter 41, for conduct committed with fraud, malice, or gross negligence.  Plaintiff David

Tyler Moss pleads for an award of exemplary damages for all of Defendants' conduct

complained of herein to the extent allowed by Tex. Civ. Prac. & Rem. Chapter 41 and by law.

## ATTORNEY'S FEES

124.     It was necessary for Plaintiff David Tyler Moss to retain the services of WYDE &

ASSOCIATES, licensed attorneys, to prosecute his claims against Defendants.  Plaintiff Brandon

Keating pleads for an award of his attorney's fees pursuant to Tex. Civ. Prac. & Rem. Chapter

38, and an award for attorney's fees as damages incurred due to Defendants' wrongful

withdrawal as partners by judicial decree of expulsion pursuant to Tex. Bus. Org. Code

§152.503(b)(3).  Plaintiff David Tyler Moss prays for an award of attorney's fees for all

misconduct complained of herein to the extent allowed by law.

## DAMAGES FOR PLAINTIFF BRANDON KEATING

125.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, Brandon Keating, was caused to suffer economic damages, mental anguish damages,

lost earnings, and lost profits, and to incur the following damages:

> A.     Actual damages, economic damages, lost earnings and profits as set forth
> in the Partnership Agreement, due to Defendants' breach of partnership
> agreement, breach of fiduciary duty, and Defendants' misconduct giving
> rise to all other causes of action set forth herein.

> B.     Mental anguish damages, as a result of Defendant's Breach of Fiduciary
> Duty, and mental anguish was a foreseeable result of the breach of
> fiduciary duty pursuant to *Douglas v. Delp*, 987 S.W.2d 879, 884 (Tex.
> 1999).

## EXEMPLARY DAMAGES

126.     Plaintiff Brandon Keating pleads for an award of exemplary damages for

Defendant's Breach of Fiduciary Duty pursuant to *International Bankers Life Ins. Co. v.*

*Holloway*, 368 S.W.2d 567, 584 (Tex. 1963).  Plaintiff David Tyler Moss pleads for an award of

exemplary damages for Defendant's Common-Law Fraud, Breach of Fiduciary Duty, Breach of Partnership Agreement, Conversion, and Money Had and Received pursuant to Tex. Civ. Prac. & Rem. Chapter 41, for conduct committed with fraud, malice, or gross negligence.  Plaintiff Brandon Keating pleads for an award of exemplary damages for all of Defendants' conduct complained of herein to the extent allowed by Tex. Civ. Prac. & Rem. Chapter 41 and by law.

### ATTORNEY'S FEES

127.    It was necessary for Plaintiff Brandon Keating to retain the services of WYDE & ASSOCIATES, licensed attorneys, to prosecute his claims against Defendants.  Plaintiff Brandon Keating pleads for an award of his attorney's fees pursuant to Tex. Civ. Prac. & Rem. Chapter 38, and an award for attorney's fees as damages incurred due to Defendants' wrongful withdrawal as partners by judicial decree of expulsion pursuant to Tex. Bus. Org. Code §152.503(b)(3).  Plaintiff Brandon Keating prays for an award of attorney's fees for all misconduct complained of herein to the extent allowed by law.

### DAMAGES AND REMEDIES

128.    Plaintiffs pray for restitution of monies owed pursuant to their respective agreements with Defendant Marko Princip, and for specific performance of their contractual rights pursuant to their respective agreements with Defendant Marko Princip.

129.    Plaintiffs plead for an award of lost profits, loss of goodwill, cost of delay in performance, reliance damages, and benefit-of-the-bargain damages.

130.    Plaintiffs plead that Defendant Marko Princip and Defendant Brian Martin be held jointly and severally liable for each act of conspiracy.

### INTEREST

131.    Plaintiffs plead for an award of pre-judgment and post-judgment interest as

allowed by law.

## COSTS

132.     Plaintiffs plead for an award of all costs recoverable by law.

## PERMANENT INJUNCTION

133.     Plaintiffs pray the Court will enter a permanent injunction to enjoin Defendants

Marko Princip and Brian Martin, and each Defendant's officers, agents, servants, employees,

attorneys, and other persons who are in active concert or participation with any of the above-

referenced individuals from embedding inappropriate coding or otherwise posting inappropriate

content on the VideoGames YouTube Channel in violation of YouTube rules and policies, hiding

and/or misappropriating partnership profits, revenues, and assets of the VideoGames YouTube

Channel and its brand from Plaintiffs, and preventing Plaintiffs from access to the VideoGames

YouTube Channel and participating in the management and operation of the VideoGames

YouTube Channel.

## CONSTRUCTIVE TRUST AND DISGORGEMENT

134.     Plaintiffs request that the Court place a constructive trust on proceeds, funds, and

property obtained as a result of Defendants' breach of fiduciary duty.  Further, Plaintiffs request

that all profits obtained by Defendants as a result of breach of fiduciary be disgorged.

## PLAINTIFFS' DEMAND FOR ACCESS TO BOOKS AND RECORDS

135.     Plaintiffs David Tyler Moss and Brandon Keating, partners in the VideoGames

YouTube channel, hereby make demand upon Marko Princip and Brian Martin to immediately

allow access of all partnership books and records in the possession of, or obtainable by, Marko

Princip to David Tyler Moss, Brandon Keating, and the attorneys at Wyde & Associates,

specifically Dan L. Wyde, Hunter A. Nunn, and Read H. Reily.

## APPLICATION FOR JUDICIAL EXPULSION OF PARTNER

136.    Plaintiffs David Tyler Moss and Brandon Keating present this Application for Judicial Expulsion of Partner pursuant to Tex. Bus. Org. Code §152.501(b)(5), and would show the Court that:

A.    Defendant Marko Princip engaged in wrongful conduct that adversely and materially affected the partnership business;

B.    Defendant Marko Princip willfully and/or persistently committed a material breach of the partnership agreement by failing and/or refusing to pay Plaintiffs as agreed in their respective agreements.  Defendant Marko Princip also committed material breaches of the duty of loyalty by failing to keep an accounting and hold profits for partnership benefit, the duty of good faith, and the duty of care for his actions in governing and maintaining the VideoGames partnership; and

C.    Defendant Marko Princip engaged in conduct relating to the partnership business that has made it not reasonably practicable to carry on the business in partnership with Defendant.

137.    To the extent that Brian Martin is or may actually be found to be a partner, Plaintiffs ask for his expulsion, and would show the Court that:

A.    Defendant Brian Martin engaged in wrongful conduct that adversely and materially affected the partnership business;

B.    Defendant Brian Martin willfully and/or persistently committed a material breach of the partnership agreement by failing and/or refusing to pay Plaintiffs as agreed in their respective agreements.  Defendant Marko Princip also committed material breaches of the duty of loyalty by failing to keep an accounting and hold profits for partnership benefit, the duty of

good faith, and the duty of care for his actions in governing and maintaining the VideoGames partnership; and

C.    Defendant Brian Martin engaged in conduct relating to the partnership business that has made it not reasonably practicable to carry on the business in partnership with Defendant.

### ACTION TO DETERMINE THE TERMS OF REDEMPTION

138.    Plaintiffs respectfully request the Court to determine the terms of redemption of Defendant Marko Princip and Brian Martin's interest in the partnership, pursuant to Tex. Bus. Org. Code §152.609(1), and prays for a set off of attorney's fees and any fees owed to a receiver, should the Court appoint a receiver, as damages for the wrongful withdrawal of Defendant Marko Princip and Brian Martin against Defendant Marko Princip and Brian Martin's redemption pursuant to Tex. Bus. Org. Code §152.604.

139.    This pleading contains allegations made alternatively, hypothetically, and inconsistently pursuant to Fed. R. Civ. P. 8(d).

### PRAYER

140.    WHEREFORE, PREMISES CONSIDERED, David Tyler Moss and Brandon Keating, Plaintiffs herein, respectfully pray that:

A.    Marko Princip and all Defendants will be cited to appear and answer herein;

B.    After notice and hearing, Plaintiffs David Tyler Moss and Brandon Keating be granted all relief as requested herein; and

C.    For such other and further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

WYDE & ASSOCIATES


By: S/ *Dan L. Wyde*
Dan L. Wyde
Texas Bar No. 22095500
Hunter A. Nunn
Texas Bar No. 24083587
Read H. Reily
Texas Bar No. 24080126
Email:  wydelaw@gmail.com
10100 North Central Expressway, Suite 590
Dallas, Texas 75231
Tel. (214) 521-9100
Fax. (214) 521-9130
Attorneys for Plaintiffs,
David Tyler Moss and Brandon Keating


<u>Certificate of Service</u>

On March 31, 2015 I electronically submitted the foregoing document with the clerk of

court for the U.S. District Court, Northern District of Texas, using the electronic case filing

system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record

electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2)


s/ *Hunter A. Nunn*
Hunter A. Nunn
Attorney for Plaintiffs
Server

29