~~NO. DC-14-02545~~

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID TYLER MOSS AND** | § | ~~IN THE DISTRICT COURT~~ |
| **BRANDON KEATING** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO.** |
| **Vs.** | § | **3:14-CV-03088-M** |
| ~~V.~~ | § | ~~191ST JUDICIAL DISTRICT~~ |
| | § | |
| | § | **(JURY)** |
| **MARKO PRINCIP,** | § | |
| ~~INDIVIDUALLY~~ **Individually,** | § | |
| **MARKO PRINCIP** ~~D/B/A~~ **d/b/a** | § | |
| **VIDEOGAMES YOUTUBE** | § | |
| **CHANNEL, MARKO** | § | |
| **PRINCIP** ~~D/B/A~~ | § | |
| **d/b/a    ACHIEVEMENT** | § | |
| **GUIDE,  MARKO  PRINCIP** | § | |
| ~~D/B/A~~ | § | |
| **d/b/a GAME GUIDE, LLC,** | | |
| **VIDEOGAMES    YOUTUBE** | | |
| **CHANNEL,** | | |
| **AND BRIAN MARTIN,** | | |
| | | |
| **Defendants.** | § | ~~OF DALLAS COUNTY, TEXAS~~ |

**PLAINTIFFS' FIRST AMENDED** ~~PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER~~**COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

_____**NOW** ~~COMES~~**COME DAVID TYLER MOSS**~~, PLAINTIFF~~ **and BRANDON KEATING, PLAINTIFFS** in the above-referenced action, complaining of and about Marko Princip

Individually, Marko Princip d/b/a VideoGames YouTube Channel, Marko Princip d/b/a

Exhibit D

1

Achievement Guide, Marko Princip d/b/a Game Guide, LLC (hereinafter "Defendant Marko Princip" or "Mr. Princip," collectively), VideoGames YouTube Channel, and Brian Martin, hereinafter called ~~Defendant~~Defendants, and for cause of action shows unto the Court the following (pursuant to the Court's Scheduling Order, a redlined version of the First Amended Petition and Application for Temporary Restraining Order--Plaintiffs' most recent pleading, prior to removal of the case--is attached hereto as Pls.' Ex. "D") :

**PARTIES AND SERVICE**

~~2~~1.	Plaintiff, David Tyler Moss, is an Individual whose address is 113 Pleasant Street, Belmont, North Carolina 28012.

~~3~~	2.	The last three numbers of David Tyler Moss's driver's license number are 025. The last three numbers of David Tyler Moss's social security number are 940.

~~4~~3.	Plaintiff, Brandon Keating, is an Individual whose address is 220 Bradwell Road, Inverness, Illinois 60010.

~~5~~	4.	The last three numbers of Brandon Keating's driver's license number are 013. The last three numbers of Brandon Keating's social security number are 802.

~~6~~5.	Defendant Marko Princip, an Individual who is a resident of Texas, has previously appeared in the lawsuit and may be served with process by ~~serving him personally at 18032 Windflower Way, Dallas, Texas 75252, or wherever he may be found~~and through his attorney of record, Robert D. Wilson.

~~7~~6.	Defendant Marko Princip D/B/A VideoGames YouTube Channel, an Individual who is a resident of Texas, may be served with process by serving him personally at 18032 Windflower Way, Dallas, Texas 75252, or wherever he may be found.

2

Plaintiffs' First Amended ~~Petition~~Complaint

~~8~~7.    Defendant Marko Princip D/B/A Achievement Guide, an Individual who is a resident of Texas, may be served with process by serving him personally at 18032 Windflower Way, Dallas, Texas 75252, or wherever he may be found.

~~9~~8.    Defendant Marko Princip D/B/A Game Guide, LLC, an entity who is a resident of Texas, may be served with process by serving ~~its attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a~~him personally at 18032 Windflower Way, Dallas, Texas 75252, or wherever he may be found.

~~10~~9.    Defendant VideoGames YouTube Channel, a General Partnership based in Texas, may be served with process by serving ~~its attorney of record, Robert D. Wilson, by any method authorized by Tex. R.~~ it personally at 18032 Windflower Way, Dallas, Texas 75252, or wherever he may be found~~Civ. P. 21a~~.

~~11~~10.    Defendant Brian Martin, an Individual who is a nonresident of Texas, may be served with process at his home at the following address:  941 Cimarron Lane, Corona, California 92879~~.~~, or wherever he may be found.  Service of said Defendant as described above can be effected by personal delivery.

11.    Plaintiffs have standing, as each Plaintiff is a partner/owner/investor in the VideoGames YouTube Channel, each Plaintiff has sustained injury caused by Defendants' actions complained of herein, and Plaintiffs seek relief that will likely remedy the injury.

**JURISDICTION AND VENUE**

12.    The subject matter in controversy is within the jurisdictional limits of this court.

13.    Plaintiffs seek:

a.    monetary relief over $1,000,000.  The amount in controversy exceeds ~~14.~~ $75,000.00.

14.     Defendant Marko Princip is a resident of Texas.  This court has jurisdiction over Defendant Brian Martin, because said Defendant purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Brian Martin will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15.     Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant Brian Martin to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

16.     Defendant Brian Martin committed a tort in whole or in part in the State of Texas, thus conferring personal jurisdiction upon the Court pursuant to Tex. Civ. Prac. & Rem. §17.042

17.     Venue in Dallas County is proper in this cause under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because this county was the county of residence of Marko Princip, Defendant herein, at the time the cause of action accrued.  Furthermore, because venue is proper with respect to Defendant Marko Princip, venue for this action with respect to all Defendants is proper under 15.005 of the Texas Civil Practice and Remedies Code.

17.     Venue in the Northern District, Dallas Division is proper in this cause pursuant to 28 U.S.C. §1446, as this action was pending in Dallas County, Texas at the time of removal. Further, a substantial part of the events or omissions giving rise to the claim occurred in the Northern District, Dallas Division.

**FACTS**

4

Plaintiffs' First Amended PetitionComplaint

18.     On or about March 9, 2012, Plaintiff Brandon Keating ("Mr. Keating") Defendants Marko Princip, Marko Princip D/B/A Achievement Guide, Marko Princip D/B/A Game Guide, LLC (collectively "Mr. Princip"), John ~~Brand~~Brandt, and Edward Brandt entered into an agreement entitled "Game Guide, LLC Membership Agreement," ~~and~~ attached hereto as ~~Exhibit~~Pls.' Ex. "A" ("the Membership Agreement~~")~~") and incorporated herein by reference. The Membership Agreement provides that Brandon Keating is a 30% owner of the company, and 30% owner of any YouTube channel, sponsorship, or project with the exception of "TEAMNOBLE." Mr. Keating was given his 30% interest in exchange for the payment of $1,500.00 to ~~these Defendants.~~Mr. Princip. The VideoGames YouTube Channel was a YouTube project initiated by ~~these Defendants~~Mr. Princip pursuant to the Membership Agreement.

19.     The Membership Agreement provides that ~~Plaintiff Brandon~~Mr. Keating will act as an advisor to the company, own 30% of the stock and interest of the company, and would have the right to make decisions on how the company grows. In the event of a disagreement, Mr. Keating's vote would count for 30% of the vote. Marko Princip confirmed Brandon Keating was 30% owner of VideoGames ~~Youtube~~YouTube Channel in an email sent June 21, 2014. *See* ~~Exhibit 'B'.~~ Please see Pls.' Ex. "B," attached hereto and incorporated herein by reference.

20.     On or about May 21, 2012, Plaintiff David Tyler Moss ("Mr. Moss") and Defendant Marko Princip entered into a Partnership Agreement (hereinafter "the Partnership Agreement") to be known as VideoGames ~~Youtube~~YouTube Channel ~~(hereinafter "VideoGames"),~~, attached ~~with this pleading~~hereto as ~~Exhibit~~Pls.' Ex. "C.~~"~~" and incorporated herein by reference. The VideoGames YouTube Channel's web address is http://www.youtube.com/videogames. On or about May 15, 2012, Mr. Princip ~~told~~represented to Mr. Moss that he had signed a company named "Machinima" to a lucrative sponsorship deal for $3.00 per every 1,000 monetized views

Plaintiffs' First Amended ~~Petition~~Complaint

with ads running for a YouTube channel.  Mr. Princip ~~stated~~represented to Mr. Moss that he

projected the channel to grow rapidly, and achieve great revenues.  Mr. Princip ~~told~~represented to

Mr. Moss that he needed $1,500.00 to start the VideoGames YouTube ~~channel~~Channel, and

assured Mr. Moss that he would profit greatly from his investment.  Acting on these

~~statements~~representations made by ~~the~~ Mr. Princip, Mr. Moss agreed to enter into the Partnership

Agreement with Mr. Princip, and invested the $1,500.00.

> 21.    The Partnership Agreement provided that ~~David Tyler~~Mr. Moss and ~~Marko~~Mr.

Princip wish to become legal partners in business, and that the partnership will be governed

under the laws of the State of Texas.

> 22.    The Partnership Agreement provided that Plaintiff David Tyler Moss would

invest $1,500.00 into the VideoGames ~~channel~~YouTube Channel, in return for thirty percent

(30%) ownership of the company, and that ~~Plaintiff David Tyler~~Mr. Moss would "make 30% off

everything revolving around our brand, channel revenue, app revenue, etc."

> 23.    The Partnership Agreement provided that "David Tyler Moss is an advisor to the

company, and has equal say into every decision we make."

> 24.    The Partnership Agreement provided that ~~Marko~~Mr. Princip would return ~~Plaintiff

David Tyler Moss'~~Mr. Moss's initial investment within sixty (60) days of signing the Agreement,

that ~~Plaintiff David Tyler~~Mr. Moss would be able to log into the VideoGames YouTube Channel at

any time that he pleased, and that ~~Plaintiff David Tyler~~Mr. Moss would earn thirty percent (30%) of

the channel revenue, paid out every 15th day of the month.

> 25.    Finally, the Partnership Agreement provided that, "The Partnership's primary

purpose is Ensure [sic] that David Tyler Moss earns 30% of what the channel earns, and

anything associated with the 'VideoGames' brand."

6

Plaintiffs' First Amended ~~Petition~~Complaint

26.    On or about May 26, 2012, Mr. Princip admitted to Mr. Moss that the VideoGames YouTube channel was receiving $3.00 per every 1,000 monetized views with ads running on the channel~~..~~.

27.    Mr. Princip, after much delay and at great inconvenience to Mr. Moss, finally returned Mr. Moss' $1,500.00 initial investment.

28.    From the time that Mr. Moss and Mr. Princip entered into the <u>Partnership</u> Agreement, Mr. Princip and the partnership consistently failed and/or refused to make timely payments to Mr. Moss for 30% of all revenues from the VideoGames ~~channel~~<u>YouTube Channel</u> and its associated brand on the 15th day of each month, as set forth in the <u>Partnership</u> Agreement.  Despite Mr. ~~Moss'~~<u>Moss's</u> repeated requests, and Mr. Princip's acknowledgements that he owed Mr. Moss money from the VideoGames YouTube Channel, Mr. Princip never paid Mr. Moss on time.  Mr. Moss continued to make payment demands to Mr. Princip, who continuously assured Mr. Moss that he would pay him in accordance with the Partnership Agreement, without ever ~~following through~~<u>actually sending payments.  Further, Mr. Princip has never allowed Mr. Moss access to the VideoGames YouTube Channel as agreed upon, or consulted Mr. Moss in making decisions regarding the partnership and the VideoGames YouTube Channel as agreed upon</u>.

29.    On or about November 19, 2012, Mr. Moss was involved in a Skype chat with Mr. Princip, and another individual named Brian Martin.  Mr. Princip stated that Brian Martin (hereinafter "Mr. Martin") was his "business partner."  Mr. Martin stated to Mr. Moss that he was a "business partner," and that he had "experience in legal and other arenas."  Mr. Martin advised Mr. Moss that Mr. Martin was "the official manager of VideoGames," and that Mr. Moss "in violation of extortion" due to his repeated demands that Mr. Princip pay him as set

Plaintiffs' <u>First</u> Amended ~~Petition~~<u>Complaint</u>

forth in the Partnership Agreement.  Mr. Martin stated that he was "going to have to drop

business with you and the channel VideoGames as it is ultimately the decision of the Manager in

which I am."  Mr. Martin further advised Mr. Moss that, "Your contract is void."

   30.  Mr. Princip has made a few small payments to Mr. Moss since the Partnership

Agreement was signed; no such payments in accordance with the Partnership Agreement have

been made by Mr. Princip or by the VideoGames ~~Youtube~~YouTube Channel to Mr. Moss since

approximately December ~~1,~~ 2012.

   31.  Mr. Princip has not made a payment from the VideoGames YouTube Channel to

~~Plaintiff Brandon~~Mr. Keating in over one year, as of the date of filing this pleading.  Mr. Princip

paid $4,000 to Mr. Keating in January 2013, and may have made one other payment of

$1,500.00 to Mr. Keating prior to the January 2013 payment.  No payment has been made to Mr.

Keating since, despite his repeated requests, and Mr. Princip's repeated assurances that he would

pay Mr. Keating in accordance with the Membership Agreement.  Further, Mr. Keating's rights to

participate in the VideoGames YouTube Channel's management and operations have not been honored,

and Defendants refuse to pay Mr. Keating.


   32.  Mr. Princip claimed that he "lost control" of the VideoGames YouTube Channel

for a time, and has now claimed that he is back in control of the VideoGames YouTube Channel,

along with Defendant Brian Martin.

   33.  Mr. Princip and Mr. Martin are now controlling the VideoGames YouTube

Channel.  Mr. Princip arranged for A.L., a minor child, to manage and grow the VideoGames

YouTube Channel days after Mr. Moss signed the Partnership Agreement with Mr. Princip--

without Mr. Moss's or Mr. Keating's knowledge or consent.  Mr. Princip and Mr. Martin--who

Plaintiffs' First Amended ~~Petition~~Complaint

later entered an arrangement with Mr. Princip, which Mr. Princip has since claimed is 50%
ownership of the VideoGames YouTube Channel, along with Mr. Princip as 50% owner of the
VideoGames YouTube Channel--have subsequently initiated and settled litigation with Abby and
Adam Lovinger (A.L.'s parents), both in California and Virginia, without the knowledge or
consent of Plaintiffs.  New litigation has commenced in California to enforce the terms of the
settlement, which Defendants have apparently breached.  Defendants settled the prior litigation
with the Lovingers for $30,000.00 to be paid to the Lovingers from the VideoGames YouTube
Channel's gross revenues less expenses--before any payments of any kind to Martin, Princip, or
any related persons or entities, and before taxes.  Now, the Lovingers have obtained a judgment
in excess of $40,000.00 against Defendants in California because Defendants refuse to pay the
settlement in accordance with its terms.

34.    Defendants have not allowed Plaintiffs to participate in the management of the
VideoGames YouTube Channel's affairs, as each Plaintiff is entitled to do by his respective
written agreement with Mr. Princip.  Defendants have acted willfully and maliciously, at a
minimum, in denying Plaintiffs access to the VideoGames YouTube Channel, and their rights to
participate in its management and operation.

35.    In addition, Defendants have embedded inappropriate coding into videos on the
VideoGames YouTube Channel, designed to drive traffic to their personal YouTube channels.
This has resulted in disciplinary action against the VideoGames YouTube Channel by YouTube
under YouTube's rules and policies, including a temporary suspension.  Further, Defendants
have brought harm to the VideoGames YouTube Channel by refusing to compensate video
creators and producers pursuant to written agreements, resulting in copyright infringement
claims and other detrimental action being brought against the VideoGames YouTube Channel.

Plaintiffs' First Amended ~~Petition~~Complaint

36.    Plaintiffs now come as partners, owners, and investors in the VideoGames YouTube Channel and seek relief in the form of damages for injuries, performance of their contractual rights, and injunctive and other relief. Plaintiffs further seek injunctive relief to enjoin Defendants from taking any further action to deny Plaintiffs their contractual rights to participate in the management and operation of the VideoGames YouTube Channel and its brand, deny payment of contractual revenues and profits to Plaintiffs, and from taking any action to expose the VideoGames YouTube Channel to any further disciplinary action from YouTube or liability from third parties.

37.    All conditions precedent have occurred or been performed.

### DAVID TYLER ~~MOSS'~~MOSS'S CLAIM FOR COMMON-LAW FRAUD

~~33~~38.   Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-~~32~~36 of ~~the~~Plaintiffs' First Amended ~~Petition~~Complaint as if set forth in their entirety herein.

39.    ~~34.~~Defendant Marko Princip made representations to ~~Plaintiff~~Mr. Moss; specifically, that ~~Plaintiff~~Mr. Moss and ~~Defendant~~Mr. Princip would be partners with equal say in the VideoGames ~~channel~~YouTube Channel, and that ~~Plaintiff~~Mr. Moss would be entitled to receive 30% of all revenue and earnings from everything associated with the VideoGames ~~channel~~YouTube Channel and its brand, to be paid on the 15th day of each month.

~~35~~40.   These representations were material; these representations were the reasons that ~~Plaintiff~~Mr. Moss agreed to enter the Partnership Agreement and fund ~~the~~ VideoGames. YouTube Channel. Without these promises in the Partnership Agreement, ~~Plaintiff~~Mr. Moss would not have entered into the Partnership Agreement, and would not have invested money in the VideoGames YouTube Channel.

Plaintiffs' First Amended ~~Petition~~Complaint

36~~41.~~   The representations were false.  To date, ~~Defendant~~Mr. Princip has not performed any of his duties as set forth in the Partnership Agreement in the manner that he agreed to perform them.  ~~Defendant~~Mr. Princip has consistently made excuses for nonpayment to ~~Plaintiff~~Mr. Moss on the 15th day of each month, and has not made payments as he agreed to do. Additionally, ~~Defendant~~Mr. Princip apparently involved other individuals and/or entities (including but not limited to Brian Martin and A.L.) in the management and direction of the VideoGames channel, without the knowledge and/or consent of ~~Plaintiff David Tyler~~Mr. Moss, as set forth in the Partnership Agreement.

37~~42.~~   When ~~Defendant~~Mr. Princip made the representations, ~~the Defendant~~Mr. Princip knew that the representations were false, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

~~38.     Defendant~~ 43.  Mr. Princip made the representations with the intent that ~~Plaintiff David Tyler~~Mr. Moss act on them, and invest money to start the VideoGames ~~Youtube~~YouTube channel.

~~39.     Plaintiff David Tyler~~44.  Mr. Moss relied on the representations, and invested money to start the VideoGames ~~Youtube~~YouTube channel

~~40.     Defendant's~~    45.     Mr. Princip's representations caused ~~Plaintiff David Tyler~~Mr. Moss injury.  ~~Plaintiff David Tyler~~Mr. Moss has received no payments since 2012 from the VideoGames ~~channel~~YouTube Channel as ~~Defendant~~Mr. Princip and the partnership are obligated to do under the terms of the Partnership Agreement.

46.     Further, Defendant Brian Martin made representations to Mr. Moss that his contract with the VideoGames YouTube Channel was "void."

47.     The representations were material.

Plaintiffs' First Amended ~~Petition~~Complaint

48. The representations were false.

49. When Mr. Martin made the representations, Mr. Martin knew that the representations were false, or he made the representations recklessly, without knowledge of their truth.

50. Mr. Moss relied on the representations, and was therefore unable to pursue his rights to revenue and ownership participation in the VideoGames YouTube Channel.

51. The representations caused Mr. Moss injury, as he lost revenue he was entitled to from the VideoGames YouTube Channel, and his right to participate in ownership and management decisions.

**DAVID TYLER MOSS'S CLAIM FOR BREACH OF FIDUCIARY DUTY**

52. Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-~~41.    Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-32~~36 of the~~Plaintiffs'~~ First Amended ~~Petition~~Complaint as if set forth in their entirety herein.

~~42~~53. Plaintiff David Tyler Moss and Defendant Marko Princip had a fiduciary relationship, as they agreed to be legal partners in business in the VideoGames channel in the Partnership Agreement.

~~43.    Defendant~~54. Mr. Princip breached his fiduciary duty as a partner to ~~Plaintiff David Tyler~~Mr. Moss. ~~Defendant~~Mr. Princip breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership. ~~Defendant~~Mr. Princip breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without

12

Plaintiffs' First Amended ~~Petition~~Complaint

~~Plaintiff David Tyler Moss'~~Mr. Moss's consent, and by making managerial decisions and directional decisions without ~~Plaintiff David Tyler Moss'~~Mr. Moss's knowledge or consent.  ~~Defendant~~Mr. Princip breached the duty of full disclosure by bringing other individuals and/or entities into the partnership without ~~Plaintiff David Tyler Moss'~~Mr. Moss's knowledge and/or consent, and by making managerial decisions and directional decisions without Plaintiff David Tyler ~~Moss'~~Moss's knowledge and/or consent.

~~44.    Defendant's~~55. Defendant Marko Princip's breach resulted in injury to the Plaintiff David Tyler Moss and/or benefit to the Defendant.  ~~David Tyler~~ Marko Princip.  Mr. Moss has received either no payments, or far insufficient payments, from the VideoGames channel partnership as is he entitled to receive under the terms of the Partnership Agreement as a result of Mr. Princip's breach.  Further, the VideoGames YouTube Channel is now liable in excess of $40,000.00 to the Lovingers.

56.    Further, Plaintiff David Tyler Moss and Defendant Brian Martin had a fiduciary relationship as they are legal partners in business in the VideoGames YouTube Channel--if, in fact, Brian Martin is a partner, as Defendants have claimed.

57.    If he is a partner, Mr. Martin breached his fiduciary duty as a partner to Mr. Moss. Mr. Martin breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership.  Mr. Martin breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without Mr. Moss's consent, and by making managerial decisions and directional decisions without Mr. Moss's knowledge or consent.  Mr. Martin breached the duty of full disclosure by bringing other individuals and/or entities into the partnership without

Plaintiffs' First Amended ~~Petition~~Complaint

Mr. Moss's knowledge and/or consent, and by making managerial decisions and directional

decisions without Mr. Moss's knowledge and/or consent.

      58.    Defendant Brian Martin's breach resulted in injury to Plaintiff David Tyler Moss

and/or benefit to Defendant Brian Martin.  Mr. Moss has received either no payments, or far

insufficient payments, from the VideoGames YouTube Channel partnership as is he entitled to

receive under the terms of the Partnership Agreement as a result of Defendant's breach.

               

## DAVID TYLER MOSS'S CLAIM FOR
## BREACH OF PARTNERSHIP AGREEMENT
45

      59.    Plaintiff David Tyler Moss incorporates by reference the factual allegations set

forth in paragraphs 18-3236 of the Plaintiffs' First Amended PetitionComplaint as if set forth in

their entirety herein.

      4660.    Plaintiff David Tyler Moss hereby brings this claim for Breach of the

VideoGames YoutubeYouTube channel Partnership Agreement pursuant to Tex. Bus. Org. Code

§152.211. and the common law

      4761.    Plaintiff David Tyler Moss and Defendant Marko Princip have a valid,

enforceable Partnership Agreement.

      4862.    Plaintiff David Tyler Moss is a partner to the VideoGames channel, and is a

proper party to sue for breach of the Partnership Agreement.

      4963.    Plaintiff David Tyler Moss performed his obligation to the partnership by

investing $1,500.00 into the VideoGames channel, as agreed.

5064.   Defendant Marko Princip has breached the Partnership Agreement, by failing and/or refusing to make payments in the amount of 30% of all revenue and earnings from the VideoGames channelYouTube Channel and its brand to Plaintiff David Tyler Moss on the 15th day of each month, beginning in June 2012.

5161.   The Defendant's breach caused Plaintiff David Tyler Moss injury, in that Plaintiff David Tyler Moss has not received the 30% revenues from the VideoGames YoutubeYouTube channel and everything associated with its brand, as he entitled to pursuant to the Partnership Agreement. Further, Mr. Moss has not been consulted on numerous decisions involving the VideoGames YouTube Channel's management and operations, which has resulted in liability to the VideoGames YouTube Channel that has damaged Mr. Moss.

### DAVID TYLER MOSS'S CLAIM FOR CONVERSION

52.   Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-32   62.   Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of thePlaintiffs' First Amended PetitionComplaint as if set forth in their entirety herein.

5263.   Plaintiff David Tyler Moss owned, possessed, or had the right to immediate possession of property.

5364.   The property was personal property, funds or monies that he was entitled to receive pursuant to the Partnership Agreement.

54.   DefendantMarko Princip and Brian Martin wrongfully exercised dominion or control over the property, and retained said property for their own use and enjoyment, rather than making appropriate monthly distributions to Mr. Moss, as Mr. Princip agreed with Mr. Moss.

15

Plaintiffs' First Amended PetitionComplaint

5566.   Plaintiff David Tyler Moss suffered injury--the loss of revenue which he was entitled to.

### DAVID TYLER MOSS'S CLAIM FOR MONEY HAD AND RECEIVED

5667.   Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-3236 of thePlaintiffs' First Amended PetitionComplaint as if set forth in their entirety herein.

56.    Defendant68.   Defendants Marko Princip holdsand Brian Martin hold money.

5769.   Money held by DefendantDefendants Marko Princip and Brian Martin belongs to Plaintiff David Tyler Moss in equity and good conscience.

### DAVID TYLER MOSS'S CLAIM FOR TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

70.    Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

71.    Plaintiff David Tyler Moss has a valid contract with Defendant Marko Princip, the Partnership Agreement.

72.    Defendant Brian Martin willfully and intentionally interfered with the contract.

73.    The interference proximately caused Plaintiff David Tyler Moss injury.

74.    Plaintiff David Tyler Moss incurred actual damage or loss.

### DAVID TYLER MOSS'S CLAIM FOR CONSPIRACY

Plaintiffs' First Amended PetitionComplaint

75.     Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

76.     Defendants Marko Princip and Brian Martin were members of a combination of two or more persons.

77.     The object of the combination was to accomplish an unlawful purpose, or a lawful purpose by unlawful means--committing all acts complained of by Plaintiff David Tyler Moss herein.

78.     The members had a meeting of the minds on the object or course of action.

79.     One of the members committed an unlawful, overt act to further the object or course of action.

80.     Plaintiff David Tyler Moss suffered injury as a proximate result of the wrongful act.

## BRANDON KEATING'S CLAIM FOR COMMON-LAW FRAUD

~~58~~81.   Plaintiff ~~Brandon Keating~~David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-~~32~~36 of ~~the~~Plaintiffs' First Amended ~~Petition~~Complaint as if set forth in their entirety herein.

~~59~~82.   Defendant Marko Princip made representations to Plaintiff Brandon Keating; specifically, that ~~Plaintiff~~Mr. Keating and Defendant Marko Princip would be members of the company which formed the VideoGames channel, that ~~Plaintiff~~Mr. Keating would own 30% of the company, ~~and~~that ~~Plaintiff~~Mr. Keating would have the right to participate in the management and operation of the company, that Mr. Keating would have voting rights in the company, and

17

Plaintiffs' First Amended ~~Petition~~Complaint

that Mr. Keating would be entitled to receive 30% of all revenue and earnings from everything associated with the VideoGames channel and its brand as a YouTube project of the company.

6083.   These representations were material; these representations were the reasons that Plaintiff Brandon Keating agreed to enter the Membership Agreement and contribute money to the company.  Without these promises in the Membership Agreement, Plaintiff Brandon Keating would not have entered into the Membership Agreement, and would not have invested money in the VideoGames YouTube Channel.

6184.   The representations were false.  To date, Defendant Marko Princip has not performed any of his duties as set forth in the Membership Agreement in the manner that he agreed to perform them.  Defendant Marko Princip has consistently made excuses for nonpayment to Plaintiff Brandon Keating, and has not made payments to Plaintiff Brandon Keating as he agreed to do.  Additionally, Defendant Marko Princip apparently involved other individuals and/or entities in the management and direction of the VideoGames channel, without the knowledge and/or consent of Plaintiff Brandon Keating, as set forth in the Membership Agreement.  Defendant has not allowed Mr. Keating to participate in management of the VideoGames YouTube Channel's affairs as agreed.

6285.   When Defendant Marko Princip made the representations, the Defendant Marko Princip knew that the representations were false, or made the representations recklessly, as positive assertions, and without knowledge of their truth.

6386.   Defendant Marko Princip made the representations with the intent that Plaintiff Brandon Keating act on them, and invest money to start the VideoGames YoutubeYouTube channel.

6487.    Plaintiff Brandon Keating relied on the representations, and invested money to start the VideoGames ~~Youtube~~YouTube channel.

~~65.    Defendant's~~    88.    Defendant Marko Princip's representations caused Plaintiff Brandon Keating injury.  ~~Plaintiff Brandon~~Mr. Keating has received no payments since 2012 from the VideoGames channel as Defendant Marko Princip and the company are obligated to do ~~under~~pursuant to the terms of the Membership Agreement.

### BRANDON KEATING'S CLAIM FOR BREACH OF FIDUCIARY DUTY

### ~~BRANDON KEATING'S CLAIM FOR BREACH OF FIDUCIARY DUTY~~

6689.    Plaintiff ~~Brandon Keating~~David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-~~32~~36 of ~~the~~Plaintiffs' First Amended ~~Petition~~Complaint as if set forth in their entirety herein.

6790.    Plaintiff Brandon Keating and Defendant Marko Princip had a fiduciary relationship, as they agreed to be legal partners in business in the VideoGames Channel in the Membership Agreement.

6891.    Defendant Marko Princip breached his fiduciary duty as a partner to Plaintiff Brandon Keating.  Defendant Marko Princip breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership.  Defendant Marko Princip breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without ~~Plaintiff Brandon~~Mr. Keating's consent, and by making managerial decisions and directional decisions without ~~Plaintiff Brandon~~Mr. Keating's knowledge or consent.  Defendant Marko Princip breached the duty of full disclosure by bringing other individuals and/or entities into the

19

partnership without ~~Plaintiff Brandon~~ Mr. Keating's knowledge and/or consent, and by making managerial decisions and directional decisions without ~~Plaintiff Brandon~~Mr. Keating's knowledge and/or consent.

~~69.    Defendant's~~   92.    Defendant Marko Princip's breach resulted in injury to the Plaintiff and/or benefit to the Defendant. ~~Plaintiff Brandon~~Mr. Keating has received either no payments, or far insufficient payments, from the VideoGames channel partnership as is he entitled to receive pursuant to the terms of the Membership Agreement as a result of Defendant Marko Princip's breach.

93.    Further, Plaintiff Brandon Keating and Defendant Brian Martin had a fiduciary relationship as they are legal partners in business in the VideoGames YouTube Channel--if, in fact, Brian Martin is a partner, as Defendants have claimed.

94.    ~~Defendant's~~If he is a partner, Defendant Brian Martin breached his fiduciary duty as a partner to Plaintiff Brandon Keating.  Defendant Brian Martin breached the duty of loyalty by failing and/or refusing to account to and hold for the partnership property, profit, or benefit derived by the partner in the conduct of the partnership business, and by dealing with the partnership in a manner adverse to the partnership.  Defendant Brian Martin breached the duty of good faith, fairness, and honesty by bringing other individuals and/or entities into the partnership without Mr. Keating's consent, and by making managerial decisions and directional decisions without Plaintiff Brandon Keating's knowledge or consent.  Defendant Brian Martin breached the duty of full disclosure by bringing other individuals and/or entities into the partnership without Plaintiff Brandon Keating's knowledge and/or consent, and by making managerial decisions and directional decisions without Plaintiff Brandon Keating's knowledge and/or consent.

Plaintiffs' First Amended ~~Petition~~Complaint

95.     Defendant Brian Martin's breach resulted in injury to the Plaintiff Brandon Keating and/or benefit to Defendant Brian Martin.  Mr. Keating has received either no payments, or far insufficient payments, from the VideoGames channel partnership as is he entitled to receive under the terms of the Partnership Agreement as a result of Defendant Brian Martin's breach.

**BRANDON KEATING'S CLAIM FOR BREACH OF PARTNERSHIP AGREEMENT**

7096.    Plaintiff ~~Brandon Keating~~David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-~~32~~36 of the~~Plaintiffs'~~ First Amended ~~Petition~~Complaint as if set forth in their entirety herein.

7197.    Plaintiff Brandon Keating hereby brings this claim for Breach of the Game Guide, LLC Membership Agreement pursuant to Tex. Bus. Org. Code §152.211 and the common law.

7298.    Plaintiff Brandon Keating and Defendant Marko Princip have a valid, enforceable partnership agreement.

7399.    Plaintiff Brandon Keating is a partner and 30% owner of the VideoGames channel, and is a proper party to sue for breach of the ~~Partnership~~Membership Agreement.

74100.    Plaintiff Brandon Keating performed his obligation to the partnership by investing $1,500.00 into the partnership and the VideoGames YouTube Channel, as agreed.

75101.    Defendant Marko Princip has breached the Membership Agreement, by failing and/or refusing to make payments in the amount of 30% of all revenue and earnings from the VideoGames channel and its brand to Plaintiff Brandon Keating, as agreed in the Membership Agreement.

76.     The Defendant's102.    Defendant Marko Princip's breach caused Plaintiff Brandon Keating injury, in that ~~Plaintiff Brandon~~Mr. Keating has not received the 30% revenues

21

from the VideoGames ~~Youtube~~YouTube channel and everything associated with its brand, as he entitled to pursuant to the Membership Agreement.  Further, Mr. Keating has not been consulted on numerous decisions involving the VideoGames YouTube Channel's management and operations, which has resulted in liability to the VideoGames YouTube Channel that has damaged Mr. Keating.

### BRANDON KEATING'S CLAIM FOR CONVERSION

~~77~~103. Plaintiff ~~Brandon Keating~~David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18–~~32~~36 of ~~the~~Plaintiffs' First Amended ~~Petition~~Complaint as if set forth in their entirety herein.

~~77~~104. Plaintiff Brandon Keating owned, possessed, or had the right to immediate possession of property.

~~78~~105. The property was personal property, funds or monies that he was entitled to receive pursuant to the Membership Agreement.

~~79.     Defendant~~106. Defendants Marko Princip and Brian Martin wrongfully exercised dominion or control over the property.

~~80~~107. Plaintiff Brandon Keating suffered injury.

### ~~BRADON~~BRANDON KEATING'S CLAIM FOR MONEY HAD AND RECEIVED

~~81~~108. Plaintiff ~~Brandon Keating~~David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18–~~32~~36 of ~~the~~Plaintiffs' First Amended ~~Petition~~Complaint as if set forth in their entirety herein.

~~82~~109. Defendant Marko Princip ~~holds~~and Brian Martin hold money.

~~83~~110. Money held by ~~Defendant~~Defendants Marko Princip and Brian Martin belongs to Plaintiff Brandon Keating in equity and good conscience.

Plaintiffs' First Amended ~~Petition~~Complaint

### BRANDON KEATING'S CLAIM FOR
### TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

111.   Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

112.   Plaintiff Brandon Keating has a valid contract with Defendant Marko Princip, the Game Guide, LLC Membership Agreement.

113.   Defendant Brian Martin willfully and intentionally interfered with the contract.

114.   The interference proximately caused Plaintiff Brandon Keating injury.

115.   Plaintiff Brandon Keating incurred actual damage or loss.

### BRANDON KEATING'S CLAIM FOR CONSPIRACY

116.   Plaintiff David Tyler Moss incorporates by reference the factual allegations set forth in paragraphs 18-36 of Plaintiffs' First Amended Complaint as if set forth in their entirety herein.

117.   Defendants Marko Princip and Brian Martin were members of a combination of two or more persons.

118.   The object of the combination was to accomplish an unlawful purpose, or a lawful purpose by unlawful means--committing all acts complained of by Plaintiff Brandon Keating herein.

119.   The members had a meeting of the minds on the object or course of action.

120.   One of the members committed an unlawful, overt act to further the object or course of action.

121.   Plaintiff Brandon Keating suffered injury as a proximate result of the wrongful act.

Plaintiffs' First Amended PetitionComplaint

### DECLARATORY RELIEF

122.    Plaintiffs, David Tyler Moss and Brandon Keating, request declaratory relief pursuant to 28 U.S.C. §2201-2202 to determine the identities and rights of the partners, owners, and investors in the VideoGames YouTube Channel.  The identities and rights of the partners, owners, and investors are in dispute.  Declaratory relief will serve a useful purpose in clarifying and settling legal relations at issue and provide relief from uncertainty, insecurity, and controversy giving rise to the proceeding.  Plaintiffs request that the Court enter declaratory relief confirming their status as partners/owners/investors, and their rights to participate in the management and affairs of the VideoGames YouTube Channel pursuant to their respective agreements with Defendant Marko Princip.

### DAMAGES FOR PLAINTIFF DAVID TYLER MOSS

~~84~~123. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, David Tyler Moss, was caused to suffer economic damages, mental anguish damages, lost earnings, and lost profits, and to incur the following damages:

A.    ~~Lost~~Actual damages, economic damages, lost earnings and profits as set forth in the Partnership Agreement, due to ~~Defendant's misconduct in fraudulently inducing David Tyler Moss to enter into the Agreement, Defendant's~~Defendants' breach of partnership agreement, breach of fiduciary duty, and ~~Defendant's breach of partnership Agreement~~Defendants' misconduct giving rise to all other causes of action set forth herein.

B.    Mental anguish damages, as a result of ~~Defendant's~~Defendants' Breach of Fiduciary Duty, and mental anguish was a foreseeable result of the breach of fiduciary duty pursuant to *Douglas v. Delp*, 987 S.W.2d 879, 884 (Tex. 1999).

### EXEMPLARY DAMAGES

~~85~~123. Plaintiff David Tyler Moss pleads for an award of exemplary damages for

24

Defendant's Breach of Fiduciary Duty pursuant to *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 584 (Tex. 1963). Plaintiff David Tyler Moss pleads for an award of exemplary damages for Defendant's Common-Law Fraud, ~~-~~Breach of Fiduciary Duty, Breach of Partnership Agreement, Conversion, and Money Had and Received pursuant to Tex. Civ. Prac. & Rem. ~~§41.003(a)~~Chapter ~~.~~41, for conduct committed with fraud, malice, or gross negligence. Plaintiff David Tyler Moss pleads for an award of exemplary damages for all of Defendants' conduct complained of herein to the extent allowed by Tex. Civ. Prac. & Rem. Chapter ~~.~~41 and by law.

### ATTORNEY'S FEES

~~86~~124. It was necessary for Plaintiff David Tyler Moss to retain the services of ~~Dan L. Wyde, Hunter A. Nunn, and Read H. Reily~~WYDE & ASSOCIATES, licensed attorneys, to prosecute his claims against ~~Defendant Marko Princip.~~Defendants. Plaintiff ~~David Tyler Moss~~Brandon Keating pleads for an award of his attorney's fees pursuant to Tex. Civ. Prac. & Rem. ~~§38.001(8)~~Chapter 38, and an award for attorney's fees as damages incurred due to ~~Defendant Marko Princip's~~Defendants' wrongful withdrawal as ~~a partner~~partners by judicial decree of expulsion pursuant to Tex. Bus. Org. Code §152.503(b)(3). Plaintiff David Tyler Moss prays for an award of attorney's fees for all misconduct complained of herein to the extent allowed by law.

### DAMAGES FOR PLAINTIFF BRANDON KEATING

~~87~~125. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Brandon Keating, was caused to suffer economic damages, mental anguish damages, lost earnings, and lost profits, and to incur the following damages:

    A.  ~~Lost~~Actual damages, economic damages, lost earnings and profits as set forth in the Partnership Agreement, due to ~~Defendant's misconduct in fraudulently inducing Brandon Keating to enter into the Agreement, Defendant's~~Defendants' breach of partnership agreement, breach of

25

fiduciary duty, and ~~Defendant's breach of partnership Agreement~~Defendants' misconduct giving rise to all other causes of action set forth herein.

B.    Mental anguish damages, as a result of Defendant's Breach of Fiduciary Duty, and mental anguish was a foreseeable result of the breach of fiduciary duty pursuant to *Douglas v. Delp*, 987 S.W.2d 879, 884 (Tex. 1999).

## EXEMPLARY DAMAGES

~~88~~126. Plaintiff Brandon Keating pleads for an award of exemplary damages for Defendant's Breach of Fiduciary Duty pursuant to *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 584 (Tex. 1963). Plaintiff David Tyler Moss pleads for an award of exemplary damages for Defendant's Common-Law Fraud, ~~-~~Breach of Fiduciary Duty, Breach of Partnership Agreement, Conversion, and Money Had and Received pursuant to Tex. Civ. Prac. & Rem. ~~Civ. Prac. & Rem. §41.003(a).~~Chapter~~.~~ 41, for conduct committed with fraud, malice, or gross negligence. Plaintiff Brandon Keating pleads for an award of exemplary damages for all of Defendants' conduct complained of herein to the extent allowed by Tex. Civ. Prac. & Rem. Chapter~~.~~ 41 and by law.

## ATTORNEY'S FEES

~~89~~127. It was necessary for Plaintiff Brandon Keating to retain the services of ~~Dan L. Wyde, Hunter A. Nunn, and Read H. Reily~~WYDE & ASSOCIATES, licensed attorneys, to prosecute his claims against ~~Defendant Marko Princip~~Defendants. Plaintiff Brandon Keating pleads for an award of his attorney's fees pursuant to Tex. Civ. Prac. & Rem. ~~§38.001(8)~~Chapter 38, and an award for attorney's fees as damages incurred due to ~~Defendant Marko Princip's~~Defendants' wrongful withdrawal as ~~a partner~~partners by judicial decree of expulsion pursuant to Tex. Bus. Org. Code §152.503(b)(3). Plaintiff Brandon Keating prays for an award of attorney's fees for

26

Plaintiffs' First Amended ~~Petition~~Complaint

all misconduct complained of herein to the extent allowed by law.

### DAMAGES AND REMEDIES

128.    Plaintiffs pray for restitution of monies owed pursuant to their respective agreements with Defendant Marko Princip, and for specific performance of their contractual rights pursuant to their respective agreements with Defendant Marko Princip.

129.    Plaintiffs plead for an award of lost profits, loss of goodwill, cost of delay in performance, reliance damages, and benefit-of-the-bargain damages.

130.    Plaintiffs plead that Defendant Marko Princip and Defendant Brian Martin be held jointly and severally liable for each act of conspiracy.

### INTEREST

131.    Plaintiffs plead for an award of pre-judgment and post-judgment interest as allowed by law.

### COSTS

132.    Plaintiffs plead for an award of all costs recoverable by law.

### PERMANENT INJUNCTION

133.    Plaintiffs pray the Court will enter a permanent injunction to enjoin Defendants Marko Princip and Brian Martin, and each Defendant's officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with any of the above-referenced individuals from embedding inappropriate coding or otherwise posting inappropriate content on the VideoGames YouTube Channel in violation of YouTube rules and policies, hiding and/or misappropriating partnership profits, revenues, and assets of the VideoGames YouTube Channel and its brand from Plaintiffs, and preventing Plaintiffs from access to the VideoGames YouTube Channel and participating in the management and operation of the VideoGames

YouTube Channel.

<b>CONSTRUCTIVE TRUST AND DISGORGEMENT</b>

134.    Plaintiffs request that the Court place a constructive trust on proceeds, funds, and property obtained as a result of Defendants' breach of fiduciary duty.  Further, Plaintiffs request that all profits obtained by Defendants as a result of breach of fiduciary be disgorged.

<b>PLAINTIFFS' DEMAND FOR ACCESS TO BOOKS AND RECORDS</b>

90135. Plaintiffs David Tyler Moss and Brandon Keating, partners in the VideoGames YouTube channel, hereby make demand upon Marko Princip and Brian Martin to immediately allow access of all partnership books and records in the possession of, or obtainable by, Marko Princip to David Tyler Moss, Brandon Keating, and the attorneys at Wyde & Associates, specifically Dan L. Wyde, Hunter A. Nunn, and Read H. Reily.

<b>APPLICATION FOR JUDICIAL EXPULSION OF PARTNER</b>

91136. Plaintiffs David Tyler Moss and Brandon Keating present this Application for Judicial Expulsion of Partner pursuant to Tex. Bus. Org. Code §152.501(b)(5), and would show the Court that:

A.    Defendant Marko Princip engaged in wrongful conduct that adversely and materially affected the partnership business;

B.    Defendant Marko Princip willfully and/or persistently committed a material breach of the partnership agreement by failing and/or refusing to pay Plaintiffs as agreed in their respective agreements.  Defendant Marko Princip also committed material breaches of the duty of loyalty by failing to keep an accounting and hold profits for partnership benefit, the duty of good faith, and the duty of care for his actions in governing and maintaining the VideoGames partnership; and

Plaintiffs' First Amended PetitionComplaint

C.    Defendant Marko Princip engaged in conduct relating to the partnership business that has made it not reasonably practicable to carry on the business in partnership with Defendant.

137.    To the extent that Brian Martin is or may actually be found to be a partner, Plaintiffs ask for his expulsion, and would show the Court that:

A.    Defendant Brian Martin engaged in wrongful conduct that adversely and materially affected the partnership business;

B.    Defendant Brian Martin willfully and/or persistently committed a material breach of the partnership agreement by failing and/or refusing to pay Plaintiffs as agreed in their respective agreements.  Defendant Marko Princip also committed material breaches of the duty of loyalty by failing to keep an accounting and hold profits for partnership benefit, the duty of good faith, and the duty of care for his actions in governing and maintaining the VideoGames partnership; and

C.    Defendant Brian Martin engaged in conduct relating to the partnership business that has made it not reasonably practicable to carry on the business in partnership with Defendant.

**ACTION TO DETERMINE THE TERMS OF REDEMPTION**

~~92~~138. Plaintiffs respectfully request the Court to determine the terms of redemption of Defendant Marko ~~Princip's~~Princip and Brian Martin's interest in the partnership, pursuant to Tex. Bus. Org. Code §152.609(1), and prays for a set off of attorney's fees and any fees owed to a receiver, should the Court appoint a receiver, as damages for the wrongful withdrawal of Defendant Marko Princip and Brian Martin against Defendant Marko ~~Princip's~~Princip and Brian Martin's redemption pursuant to Tex. Bus. Org. Code §152.604.

Plaintiffs' First Amended ~~Petition~~Complaint

APPLICATION FOR TEMPORARY RESTRAINING ORDER

93.    Plaintiffs David Tyler Moss and Brandon Keating present this Application for Temporary Restraining Order and Temporary Injunction against Marko Princip and Defendants named in Plaintiffs' First Amended Petition, and in support thereof, would show the Court the following:

PARTIES AND SERVICE

139    94.    Defendant Marko Princip, an Individual who is a resident of Texas, may be served with process by serving his attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

95.    Defendant Marko Princip D/B/A VideoGames YouTube Channel, an Individual who is a resident of Texas, may be served with process by serving his attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

96.    Defendant Marko Princip D/B/A Achievement Guide, an Individual who is a resident of Texas, may be served with process by serving his attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

97.    Defendant Marko Princip D/B/A Game Guide, LLC, an entity who is a resident of Texas, may be served with process by serving its attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

98.    Defendant VideoGames YouTube Channel, a General Partnership based in Texas, may be served with process by serving its attorney of record, Robert D. Wilson, by any method authorized by Tex. R. Civ. P. 21a.

99.    Defendant Brian Martin, an Individual who is a nonresident of Texas, may be served with process at his home at the following address:  941 Cimarron Lane, Corona, California 92879. Service of said Defendant as described above can be effected by personal delivery.

JURISDICTION AND VENUE

30

Plaintiffs' First Amended PetitionComplaint

100. The subject matter in controversy is within the jurisdictional limits of this court.

101. Plaintiff seeks:

a. monetary relief over $1,000,000.

102. This ~~court has jurisdiction over the parties because Defendant is a Texas resident.~~

103. ~~Venue in Dallas County is proper in this cause under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because this county was the county of residence of Marko Princip, Defendant herein, at the time the cause of action accrued.~~

**FACTS**

104. ~~Plaintiffs incorporate by reference the factual~~ pleading contains allegations ~~contained in paragraphs 9-20 of their First Amended Petition.~~

105. ~~Unless Marko Princip and the Defendants named herein are immediately enjoined and restrained, Defendant will delete or remove the VideoGames YouTube Channel, change login credentials, including usernames and passwords, continue~~ made alternatively, hypothetically, and inconsistently pursuant ~~to~~ Fed. R. Civ. P. ~~liquidate assets or hide revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs David Tyler Moss and Brandon Keating are each entitled to 30% of in their respective agreements, post material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, and remove profitable content from the VideoGames Youtube channel to the channel's detriment.~~ 8(d).

**ELEMENTS FOR INJUNCTIVE RELIEF**

106. ~~In light of the above described facts, Plaintiff seeks permanent relief in the form of recovery from Defendant. The nature of the lawsuit is Common-Law Fraud, Breach of Fiduciary Duty, Breach of Partnership Agreement, and Conversion.~~

107. ~~Injunctive relief is authorized by Tex. Civ. Prac~~ & Rem. ~~§65.011(1), (2), (3), and (5). Injunctive relief is also available for Conversion (see Taiwan Shrimp Farm Vill. Ass'n v. U.S.A. Shrimp~~

Plaintiffs' First Amended ~~Petition~~ Complaint

31

Farm Dev., Inc., 915 S.W.2d 61, 65 (Tex.App.—Corpus Christi 1996, writ denied)), and for Money Had and Received (see Nowak v. Los Patios Investors, Ltd., 898 S.W.2d 9, 9-10 (Tex.App.—San Antonio 1995, no writ)).

108.    Plaintiffs are likely to succeed on the merits of this lawsuit because Plaintiffs have written agreements with Defendant Marko Princip, and can prove each and every element of their claims, as shown by the exhibits attached with the First Amended Petition and with this Application.

109.    Unless this Honorable Court immediately restrains the Defendants named herein, the Plaintiffs will suffer a probable, immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief.  More specifically, Plaintiffs will show the court the following:

A.    The harm to Plaintiffs is imminent because Defendant is in control of the VideoGames YouTube Channel (the "Channel"), which is generating revenue, and is not making distributions to the partners as he contracted to do so.  Defendant is apparently driving a Mercedes automobile, which is evidence that he is benefitting financially from at the expense of Plaintiffs.  In addition, Defendant has posted inappropriate content on the VideoGames YouTube Channel, and caused the Channel to receive two strikes for inappropriate content; a third strike will result in YouTube deactivating the Channel.

B.    This imminent harm will cause Plaintiffs irreparable injury in that Plaintiff will likely lose revenues/profits/money from the partnership that they are each entitled to 30% of, and the partnership's interests will be harmed.  Defendant has completely and intentionally refused to cooperate with discovery in this matter so far.  Plaintiffs have filed a Motion to Compel Discovery, which is pending.  As a result, Plaintiffs' damages are not presently ascertainable or easily calculated, due to Defendant's breach of fiduciary duty, fraud, breach of partnership agreement, conversion, and money had and received.  Should Defendant's conduct

32

Plaintiffs' First Amended PetitionComplaint

~~cause a third strike from YouTube, the VideoGames YouTube Channel will be removed from YouTube at Plaintiffs' detriment.~~

~~C.    There is no adequate remedy at law which will give Plaintiffs complete, final and equal relief because damages cannot be calculated at this time, Defendant is likely to remove content from the VideoGames channel, the Channel is in danger of being removed from YouTube due to Defendant's conduct, and Plaintiffs will be forced into great expense and effort to recover any funds or assets moved by Defendant to avoid the effect of a judgment.~~

~~**BOND**~~

~~110.    Plaintiffs are willing to post a reasonable temporary restraining order bond and requests the court to set such bond, in an amount not to exceed $10,000.00~~

~~**REMEDY**~~

~~111.    Plaintiffs have met their burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiffs is entitled to the requested temporary restraining order.~~

~~112.    Plaintiffs requests that the Court restrain Defendant from liquidating assets or hiding revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs are each entitled to 30% of (60% total), posting material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, posting any inappropriate content of any type on the VideoGames YouTube Channel that could subject the Channel to a third strike, and removing profitable content from the VideoGames Youtube channel to the channel's detriment.  Plaintiffs also request that Defendant be ordered to immediately disclose and turn over the log-in credentials for the VideoGames YouTube Channel, including any usernames and passwords necessary to access the Channel.  Finally, Plaintiffs request that Defendant be ordered to execute any and all necessary releases or forms with YouTube, any service provider, and any network host to allow Plaintiffs to take control of the Channel.~~

Plaintiffs' First Amended ~~Petition~~Complaint

113.    It is essential that the court immediately and temporarily restrain Marko Princip, Defendant herein, from liquidating assets or hiding revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs are each entitled to 30% of (60% total), posting material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, posting any inappropriate content of any type on the VideoGames YouTube Channel that could subject the Channel to a third strike, and removing profitable content from the VideoGames Youtube channel to the channel's detriment.  It is essential that the Court order to Defendant to immediately disclose and turn over the log-in credentials for the VideoGames YouTube Channel, including any usernames and passwords necessary to access the Channel, and that Defendant be ordered to execute any and all necessary releases or forms with YouTube, any service provider, and any network host to allow Plaintiffs to immediately take control of the Channel.

It is essential that the court act immediately, prior to giving notice to Defendant and a hearing on the matter because Defendant will likely take these actions if he is given notice before Plaintiffs have enforceable recourse.

114.    In order to preserve the status quo during the pendency of this action, Plaintiffs request that the Defendant be temporarily enjoined from liquidating assets or hiding revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs are each entitled to 30% of (60% total), posting material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, posting any inappropriate content of any type on the VideoGames YouTube Channel that could subject the Channel to a third strike, and removing profitable content from the VideoGames Youtube channel to the channel's detriment.  Plaintiffs also request that Plaintiffs also request that Defendant be ordered to immediately disclose and turn over the log-in credentials for the VideoGames YouTube Channel, including any usernames and passwords necessary to access the Channel, and that Defendant be ordered to execute any and all necessary releases or forms with YouTube, any service provider, and any

Plaintiffs' First Amended Petition Complaint

34

network host to allow Plaintiffs to immediately take control of the Channel as collective owners of 60%
of the VideoGames YouTube Channel.

**REQUEST FOR TEMPORARY INJUNCTION**

115.    Plaintiffs request that the Court set a hearing for a temporary injunction to preserve the
status quo for the duration of the litigation based on the allegations set forth herein.

## PRAYER

140.    WHEREFORE, PREMISES CONSIDERED, David Tyler Moss and Brandon
Keating, Plaintiffs herein, respectfully prays that:

A.    Marko Princip and all Defendants will be cited to appear and answer
herein;

B.    A temporary restraining order will issue without notice to Marko Princip, and all
Defendants named herein, restraining Defendants, Defendants' officers, agents, servants,
employees, agents, servants, successors and assigns, and attorneys from directly or indirectly
liquidating assets or hiding revenue and/or profits earned by the VideoGames Youtube channel
which Plaintiffs are each entitled to 30% of (60% total), posting material derogatory in nature to
Plaintiffs on the VideoGames Youtube channel, posting any inappropriate content of any type
on the VideoGames YouTube Channel that could subject the Channel to a third strike, and
removing profitable content from the VideoGames Youtube channel to the channel's detriment;

C.    That the Court will order Defendants to immediately disclose and surrender the
log-in credentials for the VideoGames YouTube Channel to Plaintiffs, including any usernames
and passwords necessary to access the Channel, and that the Court will order Defendants to
execute any and all necessary releases or forms with YouTube, any service provider, and any
network host to allow Plaintiffs to immediately take control of the Channel as collective owners
of 60% of the VideoGames YouTube Channel.

Plaintiffs' First Amended PetitionComplaint

~~C.       The Court sets a reasonable bond for the temporary restraining order;~~

~~D.       After notice and hearing, a temporary injunction will issue enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly liquidating assets or hiding revenue and/or profits earned by the VideoGames Youtube channel which Plaintiffs are each entitled to 30% of (60% total), posting material derogatory in nature to Plaintiffs on the VideoGames Youtube channel, posting any inappropriate content of any type on the VideoGames YouTube Channel that could subject the Channel to a third strike, and removing profitable content from the VideoGames Youtube channel to the channel's detriment;~~

~~E~~B.     After notice and hearing, Plaintiffs David Tyler Moss and Brandon Keating be granted all relief as requested herein; and

         C.     For such other and further relief, in law or in equity, to which Plaintiffs may be justly entitled.


                              Respectfully submitted,

                              WYDE & ASSOCIATES


                              By: _____ s/ *Dan L. Wyde*
                              Dan L. Wyde
                              Texas Bar No. 22095500
                              Hunter A. Nunn
                              Texas Bar No. 24083587
                              Read H. Reily
                              Texas Bar No. 24080126
                              Email:  wydelaw@gmail.com
                              10100 North Central Expressway, Suite 590
                              Dallas, Texas 75231
                              Tel. (214) 521-9100
                              Fax. (214) 521-9130
                              Attorneys for Plaintiffs,
                              David Tyler Moss and Brandon Keating

                                                                      36



Plaintiffs' First Amended PetitionComplaint



# Exhibit A

Plaintiffs' First Amended ~~Petition~~Complaint

# Exhibit B

Plaintiffs' First Amended PetitionComplaint

# ~~Exhibit C~~

Plaintiffs' First Amended ~~Petition~~Complaint