

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 8 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

`IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYLER MOSS AND BRANDON KEATING | § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| Vs. | § § | 3:14-CV-03088-M (JURY) |
| MARKO PRINCIP, Individually, MARKO PRINCIP d/b/a VIDEOGAMES YOUTUBE CHANNEL, MARKO PRINCIP d/b/a ACHIEVEMENT GUIDE, MARKO PRINCIP d/b/a GAME GUIDE, LLC, VIDEOGAMES YOUTUBE CHANNEL, AND BRIAN MARTIN | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## JOINT PRETRIAL ORDER

In accordance with the Court's December 14, 2015 Order, Federal Rule of Civil Procedure 26(a)(3) and Local Rule 16.4, Plaintiffs and Defendants submit this Joint Pretrial Order as follows:

(a) Summary of the Claims and Defenses of Each Party

1. Plaintiffs' Summary

Defendants have not honored their word and promises regarding a valuable YouTube Channel. Defendants used promises as a tool to get what they wanted without the intent to fully honor those promises. They have not respected (but instead breached) contracts. They violated Texas law—that is, they failed to do what the law requires—regarding that

YouTube Channel.  So Plaintiffs had no choice but to go to court against Defendants and sue them for a number of claims relating to Defendants' failure honor contracts and abide by the law with regard to the operation and management of a valuable asset called the VideoGames YouTube Channel.

Because of Defendants' various breaches of contract and their violations of Texas law, Plaintiffs have been harmed and damaged, thus requiring Plaintiffs to seek to (1) recover money damages to which they are entitled to compensate them for their harm and damage, and (2) obtain relief from the Court to which they are entitled because of Defendants' wrongful, tortious and illegal acts and omissions.

Plaintiffs have sued Defendants for actual and punitive damages regarding the following legal claims:

- Fraud;

- Breach of Fiduciary Duty;

- Breach of Contract/Breach of Partnership Agreement;

- Conversion;

- Money Had and Received;

- Tortious Interference with Contract(s); and

- Conspiracy.

Plaintiffs also seek legal relief from the Court, to include a permanent injunction, specific performance, declaratory relief, the imposition of a constructive trust, the disgorgement of profits, access to partnership books and records, the expulsion of Defendants from the partnership, the redemption of interests of Defendants in the partnership, attorneys' fees and costs, and pre- and post-judgment interest, and costs of court.

In short, Plaintiffs were left with no choice but to file this lawsuit, set forth in their First Amended Complaint (incorporated herein by reference for all purposes), in order to seek relief and redress for Defendants' wrongful, tortious and illegal acts and omissions regarding the valuable VideoGames YouTube Channel.

2.  Defendants' Summary

Plaintiff David Tyler Moss & Defendant Marko Princip terminated their partnership arrangement in November of 2012 by "both parties" actions and correspondence. Plaintiff David Tyler Moss sent an attorney demand letter on 02/11/2013, stating the breaches of the agreement, threatened a lawsuit and demanded $25,000 dollars to settle the matter.  Therefore, the partnership was "over" by November 2012 and a "winding up of affairs" would take place between the parties.  Defendant Marko Princip, by counsel provided, statements & a response offer letter to Plaintiff David Tyler Moss, but it was rejected.  Plaintiff David Tyler Moss filed his Original Petition on 03/12/2014 against Defendant Marko Princip.

As for Plaintiff Brandon Keating, it is Defendant Marko Princip's position that their partnership agreement was "never" signed by him and therefore one never existed between Plaintiff Keating and Defendant Princip.  Defendants do admit that Brandon Keating performed contractual services for plaintiffs at their request and the Defendant Brandon Keating has been paid in full.

(b) Statement of Stipulated Facts:

    a.  Plaintiff, David Tyler Moss, is an Individual whose address is 113 Pleasant Street, Belmont, North Carolina 28012.

b. The last three numbers of David Tyler Moss's driver's license number are 025. The last three numbers of David Tyler Moss's social security number are 940.

c. Plaintiff, Brandon Keating, is an Individual whose address is 220 Bradwell Road, Inverness, Illinois 60010.

d. The last three numbers of Brandon Keating's driver's license number are 013. The last three numbers of Brandon Keating's social security number 802.

e. Defendant Marko Princip is an Individual who is a resident of Texas.

f. Defendant Marko Princip D/B/A VideoGames YouTube Channel is an Individual who is a resident of Texas.

g. Defendant Marko Princip D/B/A Achievement Guide is an Individual who is a resident of Texas.

h. Defendant Marko Princip D/B/A Game Guide, LLC is an Individual or entity who is a resident of Texas.

i. Defendant VideoGames YouTube Channel is a General Partnership based in Texas.

j. Defendant Brain Martin is an Individual who is a nonresident of Texas.

k. The Court has personal jurisdiction over all Defendants and venue is proper in the Northern District of Texas, Dallas Division.

l. On or about May 21, 2012, Plaintiff David Tyler Moss ("Mr. Moss") and Defendant Marko Princip entered into a Partnership Agreement (hereinafter "the Partnership Agreement") to be known as VideoGames YouTube Channel. The VideoGames YouTube Channel's web address is

http://www.youtube.com/videogames. On or about May 15, 2012, Mr. Princip represented t Mr. Moss that he had signed a company named "Machinima" to a lucrative sponsorship deal for $3.00 per 1,000 monetized views with ads running for a YouTube channel. Mr. Princip represented to Mr. Moss that he projected the channel to grow rapidly, and achieve great revenues. Mr. Princip represented to Mr. Moss that he needed $1,500.00 to start the VideoGames YouTube Channel, and assured Mr. Moss that he would profit greatly from his investment. Acting on these representations made by Mr. Princip, Mr. Moss agreed to enter into the Partnership Agreement with Mr. Princip and invested the $1,500.00.

m. The Partnership Agreement provided that Mr. Moss and Mr. Princip wish to become legal partners in business, and that the partnership will be governed under the laws of the State of Texas.

n. The Partnership Agreement provided that Plaintiff David Tyler Moss would invest $1,500.00 into the VideoGames YouTube Channel, in return for thirty percent (30%) ownership of the company, and that Mr. Moss would "make 30% off everything revolving around our brand, channel revenue, app revenue, etc."

o. The Partnership Agreement provided that "David Tyler Moss is an advisor to the company, and has equal say into every decision we make."

p. The Partnership Agreement provided that Mr. Princip would return Mr. Moss's initial investment within sixty (60) days of signing the Agreement, that Mr. Moss would be able to log into the VideoGames YouTube Channel at

any time that he pleased, and that Mr. Moss would earn thirty percent (30%) of the channel revenue, paid out every 15th day of the month.

q. Finally, the Partnership Agreement provided that, "The Partnership's primary purpose is Ensure [sic] that David Tyler Moss earns 30% of what the channel earns, and anything associated with the 'VideoGames' brand."

r. Mr. Princip, after much delay and at great inconvenience to Mr. Moss, finally returned Mr. Moss's $1,500.00 initial investment.

s. On or about November 19, 2012, Mr. Moss was involved in a Skype chat with Mr. Princip, and another individual named Brian Martin, a Defendant in this case. Mr. Princip stated that Brian Martin (hereinafter "Mr. Martin") was his "business partner." Mr. Martin stated to Mr. Moss that he was a "business partner," and that he had "experience in legal and to other arenas." Mr. Martin advised Mr. Moss that Mr. Martin was "the official manager of VideoGames," and that Mr. Moss was "in violation of extortion" due to his repeated demands that Mr. Princip pay him as set forth in the Partnership Agreement. Mr. Martin stated that he was "going to have to drop business with you and the channel VideoGames as it is ultimately the decision of the Manager in which I am." Mr. Martin further advised Mr. Moss that, "Your contract is void."

t. Mr. Princip has made a few small payments to Mr. Moss since the Partnership Agreement was signed; no such payments in accordance with the Partnership Agreement have been made by Mr. Princip or by the VideoGames YouTube Channel to Mr. Moss since approximately December 2012.

u. Mr. Princip hasn't made a payment from the VideoGames YouTube Channel to Mr. Keating in over one year. Mr. Princip paid $4,000 to Mr. Keating in January 2013, and may have made one other payment of $1,500.00 to Mr. Keating prior to the January 2013 payment. No payment has been made to Mr. Keating since, despite his repeated requests, and Mr. Princip's repeated assurances that he would pay Mr. Keating in accordance with the Membership Agreement. Further, Mr. Keating's rights to participate in the VideoGames YouTube Channel's management and operations have not been honored, and Defendants refuse to pay Mr. Keating.

v. Mr. Princip claimed that he "lost control" of the VideoGames YouTube Channel for a time, and has now claimed that he is back in control of the VideoGames YouTube Channel, along with Defendant Brian Martin.

w. Mr. Princip and Mr. Martin are now controlling the VideoGames YouTube Channel. Mr. Princip arranged for A.L., a minor child, to manage and grow the VideoGames YouTube Channel days after Mr. Moss signed the Partnership Agreement with Mr. Princip—without Mr. Moss's or Mr. Keating's knowledge or consent. Mr. Princip and Mr. Martin—who later entered an arrangement with Mr. Princip, which Mr. Princip has since claimed is 50% ownership of the VideoGames YouTube Channel, along with Mr. Princip as purported 50% owner of the VideoGames YouTube Channel—have subsequently initiated and settled litigation with Abby and Adam Lovinger (A.L.'s parents), both in California and Virginia, without the knowledge or consent of Plaintiffs. New Litigation has commenced in California to enforce

the terms of the settlement, which Defendants have apparently breached. Defendants settled the prior litigation with the Lovingers for $30,000.00 to be paid to the Lovingers from the VideoGames YouTube Channel's gross revenues less expenses—before any payments of any kind to Martin, Princip, or any related persons or entities, and before taxes. Now, the Lovingers have obtained a judgment in excess of $40,000.00 against Defendants in California because Defendants refuse to pay the settlement in accordance with it terms.

x.  Defendants have not allowed Plaintiffs to participate in the management of the VideoGames YouTube Channel's affairs, as each Plaintiff is entitled to do by his respective written agreement with Mr. Princip. Defendants have acted willfully and maliciously, at a minimum, in denying Plaintiffs access to the VideoGames YouTube Channel, and their rights to participate in its management and operation.

(c) List of Contested Issues of Fact (to the extent any are Contested Issues of Law, they shall be deemed as such)

a.  All assumed names and dbas for associated with Defendant Marko Princip relate to the VideoGames YouTube Channel and its associated brand, and Plaintiffs have ownership and/or an interest in any YouTube Channel, sponsorship, or project of Defendants with the exception of "TEAMNOBLE."

b.  Plaintiffs have standing, as each Plaintiff is a partner/owner/investor in the VideoGames YouTube Channel, each Plaintiff has sustained injury caused by Defendants' actions complained of herein, and Plaintiffs seek relief that will likely remedy the injury.

c.  Plaintiffs seek a. monetary relief over $1,000,000. The amount in controversy exceeds $75,000.00.

d.  Defendant Brain Martin committed a tort in whole or in part of the State of Texas.

e.  On or about March 9, 2012 and/or in May 2012, Plaintiff Brandon Keating ("Mr. Keating") and Defendants Marko Princip, Marko Princip D/B/A Achievement Guide, Marko Princip D/B/A agreement entitled "Game Guide, LLC Membership Agreement."   Defendant Marko Princip signed the Membership Agreement, authorized another to sign it, or acquiesced or ratified the Membership Agreement and its terms.

f.  The Membership Agreement provides that Brandon Keating is a 30% owner of the company, and 30% owner of any YouTube Channel, sponsorship, or project with the exception of "TEAMNOBLE." Mr. Keating was given his 30% interest in exchange for the payment of $1,500.00 to Mr. Princip. The VideoGames YouTube Channel was a YouTube project initiated by Mr. Princip pursuant to the Membership Agreement.

g.  The Membership Agreement provides that Mr. Keating will act as an advisor to the company, own 30% of the stock and interested of the company, and would have the right to make decisions on how the company grows. In the event of a disagreement, Mr. Keating's vote would count for 30% of the vote. Marko Princip confirmed Brandon Keating was 30% owner of VideoGames YouTube Channel in an email sent June 21, 2014.

h.  On or about May 26, 2012, Mr. Princip admitted to Mr. Moss that the VideoGames YouTube Channel was receiving $3.00 per every 1,000 monetized views with ads running on the channel.

i.  From the time that Mr. Moss and Mr. Princip entered into the Partnership Agreement, Mr. Princip and the partnership consistently failed and/or refused to make timely payments to Mr. Moss for 30% of all revenues from the VideoGames YouTube Channel and its associated brand on the 15th day of each month, as set forth in the Partnership Agreement. Despite Mr. Moss's repeated requests, and Mr. Princip's acknowledgements that he owed Mr. Moss money from the VideoGames YouTube Channel, Mr. Princip never paid Mr. Moss on time/. Mr. Moss continued to make payment demands to Mr. Princip, who continuously assured Mr. Moss that he would pay him in accordance with the Partnership Agreement, without ever actually sending payments. Further, Mr. Princip has never allowed Mr. Moss access to the VideoGames YouTube Channel as agreed upon, or consulted Mr. Moss in making decisions regarding the partnership and the VideoGames YouTube Channel as agreed upon.

j.  In addition, Defendants have embedded inappropriate coding into videos on the VideoGames YouTube Channel, designed to drive traffic to their personal YouTube Channels. This has resulted in disciplinary action against the VideoGames YouTube Channel by YouTube under YouTube's rules and policies, including a temporary suspension. Further, Defendants have brought harm to the VideoGames YouTube Channel by refusing to compensate video

creators and producers pursuant to written agreements, resulting in copyright infringement claims and other detrimental action being brought against the VideoGames YouTube Channel.

k.  Whether the alleged partnership was or is terminated;

l.  Whether the alleged partnership had or has a "zero" value;

m.  Whether Plaintiffs were obligated to (and/or failed to) contribute to any of the partnership expenses or bills.

n.  Whether Defendants' conduct, individual or in conspiracy, was (or amounts to):

    i.  Fraud;

    ii.  Fiduciary breach;

    iii.  Breach(es) of contract(s);

    iv.  Conversion of tangible or intangible property;

    v.  The retention of monies that, in equity and good conscience, belong to and should be returned to Plaintiffs;

    vi.  Tortious interference with existing contract(s); and

    vii.  Civil conspiracy.

o.  Whether Plaintiffs are entitled to the recovery of reasonable and/or necessary attorneys' fees and costs pursuant to either the Texas Civil Practices & Remedies Code or the Texas Business Organizations Code.

p.  Whether Plaintiffs are entitled to the recovery of actual economic and non-economic damages (past and future), to include:

    i.  Benefit-of-the-bargain damages;

    ii.  Out-of-pocket or reliance damages;

    iii.  Restitution damages;

    iv.  Lost earnings;

    v.  Lost profits;

    vi.  Mental anguish;

    vii.  Loss of goodwill; and

    viii.  Cost of delay in performance.

q. Whether Plaintiffs are entitled to and should receive exemplary damages as against Defendants to the fullest extent allowed by law, which would include an exemplary damage award above the Texas Civil Practice and Remedies caps because of the felony of Securing Execution of a Document by Fraud or Deception.

r. Whether Plaintiffs are entitled to the remedy of specific performance as against Defendants.

s. Whether Defendants are entitled to prevail on one or more of Plaintiffs cause of actions with Defendants Affirmative Defenses of Estoppel, Laches, Waiver, Failure of Performance, Defective Performance and Offset.

(d) List of Contested Issues of Law (to the extent any are Contested Issues of Fact, they shall be deemed as such):

Plaintiffs' Identified Issues:

a. Whether Plaintiffs are partners, owners, and investors in the VideoGames YouTube Channel and are entitled to relief in the form of damages for injuries, performance of their contractual rights, and injunctive and other relief.

b.   Whether Defendant Marko Princip engaged in common law fraud as to Plaintiff David Tyler Moss that damaged Plaintiff David Tyler Moss.

c.   Whether Defendant Marko Princip owed a fiduciary duty to Plaintiff David Tyler Moss, and whether Defendant Marko Princip breached that fiduciary duty causing damage to Plaintiff David Tyler Moss.

d.   Whether Defendant Marko Princip breached a partnership agreement with Plaintiff David Tyler Moss causing damage to Plaintiff David Tyler Moss.

e.   Whether Defendants engaged in conversion as to Plaintiff David Tyler Moss that damaged Plaintiff David Tyler Moss.

f.   Under the theory or doctrine of money had and received, whether Defendants did hold (or are holding) money that, in equity and good conscience, belongs to Plaintiff David Tyler Moss, such that those monies should be returned to Plaintiff David Tyler Moss.

g.   Whether Defendant Brian Martin tortious interfered with a contract between Plaintiff David Tyler Moss and Defendant Marko Princip that damaged Plaintiff David Tyler Moss.

h.   Whether a civil conspiracy exists between Defendants that damaged Plaintiff David Tyler Moss.

i.   Whether Defendant Marko Princip engaged in common law fraud as to Plaintiff Brandon Keating that damaged Plaintiff Brandon Keating.

j.   Whether Defendant Marko Princip owed a fiduciary duty to Plaintiff Brandon Keating, and whether Defendant Marko Princip breached that fiduciary duty causing damage to Plaintiff Brandon Keating.

k.  Whether Defendant Marko Princip breached a partnership agreement with Plaintiff Brandon Keating causing damage to Plaintiff Brandon Keating.

l.  Whether Defendants engaged in conversion as to Plaintiff Brandon Keating that damaged Plaintiff Brandon Keating.

m.  Under the theory or doctrine of money had and received, whether Defendants did hold (or are holding) money that, in equity and good conscience, belongs to Plaintiff Brandon Keating, such that those monies should be returned to Plaintiff Brandon Keating.

n.  Whether Defendant Brian Martin tortious interfered with a contract between Plaintiff Brandon Keating and Defendant Marko Princip that damaged Plaintiff Brandon Keating.

o.  Whether a civil conspiracy exists between Defendants that damaged Plaintiff Brandon Keating.

p.  Whether Plaintiffs are entitled to declaratory relief as to the VideoGames YouTube Channel, confirming their status as partners/owners/investors as well as their rights to participate in the management and affairs of the VideoGames YouTube Channel pursuant to their respective agreements with Defendant Marko Princip.

q.  Whether Plaintiffs are entitled to the recovery of reasonable and/or necessary attorneys' fees and costs pursuant to either the Texas Civil Practices & Remedies Code or the Texas Business Organizations Code.

r.  Whether Plaintiffs are entitled to the recovery of actual economic and non-economic damages (past and future), to include:

      i.   Benefit-of-the-bargain damages;

     ii.   Out-of-pocket or reliance damages;

   iii.   Restitution damages;

   iv.   Lost earnings;

    v.   Lost profits;

   vi.   Mental anguish;

  vii.   Loss of goodwill; and

 viii.   Cost of delay in performance.

s.   Whether Plaintiffs are entitled to and should receive exemplary damages as against Defendants to the fullest extent allowed by law, which would include an exemplary damage award above the Texas Civil Practice and Remedies caps because of the felony of Securing Execution of a Document by Fraud or Deception.

t.   Whether Plaintiffs are entitled to the remedy of specific performance as against Defendants.

u.   Whether Plaintiffs are entitled to pre- and post-judgment interests and costs of suit.

v.   Whether Plaintiffs are entitled to a permanent injunction against Defendants, and each of Defendants' officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with any such persons, from embedding inappropriate coding or otherwise posing inappropriate content on the VideoGames YouTube Channel in violation of YouTube rules and policies; from hiding and/or misappropriating partnership profits,

revenues, and assets of the VideoGames YouTube Channel and its brand from Plaintiffs; and from preventing Plaintiffs from access to the VideoGames YouTube Channel and participating in the management and operation of the VideoGames YouTube Channel.

w.  Whether the Court should impose a constructive trust on the proceeds, funds, and property obtained as a result of the Defendants' breach(es) of fiduciary duty.

x.  Whether all profits obtained by Defendants as a result of breach(es) of fiduciary duty should be disgorged.

y.  Whether Plaintiffs should be permitted access, per their demand, to the partnership books and records in the possession of, or obtainable by, Defendant Marko Princip.

z.  Whether Defendant Marko Princip should be judicially expelled as a partner pursuant to the Texas Business Organizations Code.

aa.  Whether the Court can and should determine the terms of redemption of Defendants' interest in the partnership, pursuant to the Texas Business Organizations Code, and whether a receiver can and should be appointed in connection with same.

bb.  Whether the parties, as owners of the business/partnership/enterprise in suit, are able and competent, under Texas law and/or Federal Rules of Evidence 602 and 701, to testify as to the past, present, and future value and profits of the business/partnership/enterprise; and whether such testimony is excepted from and/or not covered by Federal Rule of Civil Procedure 26(a)(2).

Defendants' Identified Issues:

Whether the Plaintiffs have met their burden, to establish by a preponderance of the evidence and/or intentionally or recklessly, that Defendants, directly or indirectly:

a. engaged in common law fraud as to Plaintiff David Tyler Moss that damaged Plaintiff David Tyler Moss.

b. owed a fiduciary duty to Plaintiff David Tyler Moss, and whether Defendant Marko Princip breached that fiduciary duty causing damage to Plaintiff David Tyler Moss.

c. Defendant Marko Princip breached a partnership agreement with Plaintiff David Tyler Moss causing damage to Plaintiff David Tyler Moss.

d. Defendants engaged in conversion as to Plaintiff David Tyler Moss that damaged Plaintiff David Tyler Moss.

e. Under the theory or doctrine of money had and received, whether Defendants did hold (or are holding) money that, in equity and good conscience, belongs to Plaintiff David Tyler Moss, such that those monies should be returned to Plaintiff David Tyler Moss.

f. Whether Defendant Brian Martin tortious interfered with a contract between Plaintiff David Tyler Moss and Defendant Marko Princip that damaged Plaintiff David Tyler Moss.

g. Whether a civil conspiracy exists between Defendants that damaged Plaintiff David Tyler Moss.

h. Whether Defendant Marko Princip engaged in common law fraud as to Plaintiff Brandon Keating that damaged Plaintiff Brandon Keating.

i.   Whether Defendant Marko Princip owed a fiduciary duty to Plaintiff Brandon Keating, and whether Defendant Marko Princip breached that fiduciary duty causing damage to Plaintiff Brandon Keating.

j.   Whether Defendant Marko Princip breached a partnership agreement with Plaintiff Brandon Keating causing damage to Plaintiff Brandon Keating.

k.   Whether Defendants engaged in conversion as to Plaintiff Brandon Keating that damaged Plaintiff Brandon Keating.

l.   Under the theory or doctrine of money had and received, whether Defendants did hold (or are holding) money that, in equity and good conscience, belongs to Plaintiff Brandon Keating, such that those monies should be returned to Plaintiff Brandon Keating.

m.   Whether Defendant Brian Martin tortious interfered with a contract between Plaintiff Brandon Keating and Defendant Marko Princip that damaged Plaintiff Brandon Keating.

n.   Whether a civil conspiracy exists between Defendants that damaged Plaintiff Brandon Keating.

o.   Whether Plaintiffs are entitled to declaratory relief as to the VideoGames YouTube Channel, confirming their status as partners/owners/investors as well as their rights to participate in the management and affairs of the VideoGames YouTube Channel pursuant to their respective agreements with Defendant Marko Princip.

(e) Estimated Length of Trial:  A jury trial has been demanded.  The parties anticipate that the trial of this matter, including voir dire, will take 3-4 days.

(f) List of Additional Matters that Might Aid in the Disposition of the Case:  None.

(g) Plaintiffs' Witness List:  Attached hereto as Exhibit "A."

(h) Defendants Witness List:  Attached hereto as Exhibit "B"

(i) Plaintiffs' Exhibit List:  Attached hereto as Exhibit "C"

(j) Defendants' Exhibit List:  Attached hereto as Exhibit "D"

(k) Deposition testimony Designations:  None.

Respectfully submitted,


/s/ Victor D. Vital

**Victor D. Vital**
Texas Bar No. 00794798
**BARNES & THORNBURG LLP**
2100 McKinney Avenue, Suite 1250
Dallas, Texas 75201-6908
Direct:  (214) 258-4124
Fax:  (214) 258-4199
E-mail: victor.vital@btlaw.com

-AND-

WYDE & ASSOCIATES

By: */s/ Dan L. Wyde*
Dan L. Wyde
Texas Bar No. 22095500
Email:  wydelaw@gmail.com
10100 North Central Expressway, Suite 590
Dallas, Texas 75231
Tel. (214) 521-9100
Fax. (214) 521-9130

**ATTORNEYS FOR PLAINTIFFS**

LAW OFFICES OF ROBERT D. WILSON, PC

By: */s/ Robert D. Wilson*
Texas Bar No. 00789823
18111 Preston Road
Suite 150
Dallas, Texas 75252
(214)637-8866
(214)637-2702/fax

**ATTORNEY FOR DEFENDANTS**

SIGNED this ___ day of _____ 2016.

HONORABLE PAUL STICKNEY
UNITED STATES MAGISTRATE JUDGE