ORIGINAL



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

APR - 1 2016

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID TYLER MOSS and** | § | |
| **BRANDON KEATING** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 3:14-CV-03088-BF** |
| | § | |
| **MARKO PRINCIP, Individually,** | § | |
| **MARKO PRINCIP d/b/a** | § | |
| **VIDEOGAMES YOUTUBE** | § | |
| **CHANNEL,** | § | |
| **MARKO PRINCIP d/b/a** | § | |
| **ACHIEVEMENT GUIDE,** | § | |
| **MARKO PRINCIP d/b/a GAME** | § | |
| **GUIDE, LLC,** | § | |
| **VIDEOGAMES YOUTUBE** | § | |
| **CHANNEL,** | § | |
| **and BRIAN MARTIN** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## COURT'S CHARGE TO THE JURY

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendants in arriving at your verdict.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1. Do not let bias, prejudice or sympathy play any part in your deliberations.

2. In arriving at your answers, consider only the evidence introduced here under oath

and such exhibits, if any, as have been introduced for your consideration under the rulings of the court, that is, what you have seen and heard in this courtroom, together with the law as given you by the court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3.  Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4.  You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5.  You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6.  The verdict you render must be unanimous. You all must agree to the verdict.

7.  Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence *unless otherwise instructed*. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." The term "preponderance of the evidence" means the greater weight and degree of credible evidence admitted in this case. Whenever a question requires an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence *unless otherwise instructed*.

After you retire to the jury room, you will select your own presiding juror. It is the duty of the presiding juror:

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict by signing as presiding juror in the space provided.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

## Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**<u>No Inference From Filing Suit</u>**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## **Burden of Proof: Preponderance of the Evidence**

Plaintiffs **David Tyler Moss and Brandon Keating** have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs **David Tyler Moss and Brandon Keating** have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

Defendants **Marko Princip and Brian Martin** have the burden of proving the affirmative defenses of quasi-estoppel and waiver by a preponderance of the evidence. If you find that Defendants **Marko Princip and Brian Martin** have failed to prove any element of their affirmative defenses by a preponderance of the evidence, then they may not prevail on those affirmative defenses.

## Statute of Limitations

The following statute of limitations apply to each cause of action. Plaintiffs David Tyler Moss and Brandon Keating brought their causes of action with in the applicable statute of limitations.

1. Breach of contract—4 years (Question Nos. 1-4)

2. Fraud—4 years (Question Nos. 9-10)

3. Breach of Fiduciary Duty—4 years (Question Nos. 5-8)

4. Tortious Interference—2 years (Question Nos. 13-14)

5. Conversion—2 years (Question Nos. 11-12)

## Clear and Convincing Evidence and Exemplary Damages

"Clear and convincing evidence" is defined as the measure or degree of proof that produces a firm belief or conviction about the truth of the matter to be proven.

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

## **Punitive Damages**

Factors to consider in awarding punitive damages, if any, are:

1. The nature of the wrong.

2. The character of the conduct involved.

3. The degree of culpability of Princip or Martin.

4. The situation and sensibilities of the parties concerned.

5. The extent to which such conduct offends a public sense of justice and propriety.

6. The net worth of Princip or Martin.

**Contracted Royalty**

A plaintiff is entitled to the benefit of his or her bargain by putting the plaintiff in as good a position as the plaintiff would have been in if the contract had been performed properly. A plaintiff is further entitled to losses that flow naturally, but not necessarily, from the breach and were considered by the parties at the time they made the contract, to be a probable result of any breach.

## **Proximate Cause**

"Proximate Cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

### Waiver

Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

In determining whether a plaintiff has waived his or her claim for fraud, you are instructed that you must find by a preponderance of the evidence that the plaintiff had (1) an existing right, benefit or advantage to object; (2) knowledge, actual or constructive, of the existence of their right to object; and (3) an actual intent to relinquish their right to object, which can be inferred from their conduct.

You are further instructed that a plaintiff's expressing renunciation of a known right can establish waiver. Likewise, silence or inaction, for so long a period as to show an intention to yield the known right, is also enough to prove waiver. But the plaintiff's intent is the primary factor in determining waiver, so in the absence of a clear intent expressed in words, acts, or conduct, waiver will be implied only to prevent fraud or inequitable consequences. Finally, waiver may be shown by evidence of other conduct of the party knowingly possessing the right that misleads the opposite party into an honest belief that the waiver was intended or assented to.

### Quasi-Estoppel

"Quasi-estoppel" is an equitable doctrine that prevents a party from asserting, to another's disadvantage, a right inconsistent with a position the party previously took. The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced, or of which he accepted a benefit. You are further instructed that, unlike equitable estoppel, quasi-estoppel requires no proof of a false representation or of detrimental reliance.

### Duty to Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

## **VERDICT FORM**

**Question No. 1**

Did Princip fail to comply with the Partnership Agreement with Moss?

Answer "Yes" or "No."

Answer: _Yes_

**Question No. 2**

Did Princip and Keating agree to the Membership Agreement?

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

Answer "Yes" or "No."

Answer: _Yes_____

If you answered "Yes" to Question No. 2, then answer Question No. 3; otherwise, do not answer Question No. 3.

**Question No. 3**

Did Princip fail to comply with the Membership Agreement with Keating?

Answer "Yes" or "No."

Answer: _Yes_

**Question No. 4**

Who is a part of the Video Games YouTube Channel partnership presently, on today's date?

In determining whether a partnership exists, the following factors are to be considered:

1. Receipt or right to receive a share of profits of the business;

2. Expression of an intent to be partners in the business;

3. Participation or right to participate in control of the business;

4. Sharing or agreeing to share losses or liabilities of the business;

5. Contributing or agreeing to contribute money or property to the business;

6. A partnership does not have to be registered with the state or any other governmental entity.

No single one of these factors is determinative, but all of them should be considered in totality. All of these factors do not have to be present for a partnership to exist between two or more parties, but the most important factors are the sharing of profits (or the right to receive a share of profits) and control of the business (or the right to participate in control of the business). An agreement by the owners of a business to share losses is not necessary to create a partnership.

The name of the agreement is not determinative nor is whether the parties thought or believed they were creating a partnership. The factors outlined above are what the law requires you to consider in determining whether a partnership exists.

Answer by listing the name(s) of the partner(s) along with the percentage(s) of ownership in the Video Games YouTube Channel Partnership.

Moss 30%   Keating 30%   Princip 20%   Martin 20%

**Question Nos. 5, 6, 7, and 8**

As Moss's/Keating's partner, Princip/Martin owed Moss/Keating a fiduciary duty. To prove he complied with his duty, Princip/Martin must show:

1. the transaction[s] in question was/were fair and equitable to Moss/Keating; and

2. Princip/Martin made reasonable use of the confidence that Moss/Keating placed in him; and

3. Princip/Martin acted in the utmost good faith and exercised the most scrupulous honesty toward Moss/Keating; and

4. Princip/Martin placed the interests of Moss/Keating before his own and did not use the advantage of his position to gain any benefit for himself at the expense of Moss/Keating; and

5. Princip/Martin fully and fairly disclosed all important information to Moss/Keating concerning the transaction[s].

Answer Question No. 5 only if your answer to Question No. 4, at the least, included Princip and Moss; otherwise, do not answer Question No. 5.

**Question No. 5**

Did Princip comply with his fiduciary duty to Moss?

Answer "Yes" or "No."

Answer: _N o_

Answer Question No. 6 only if your answer to Question No. 4, at the least, included Princip and Keating; otherwise, do not answer Question No. 6.

**Question No. 6**

Did Princip comply with his fiduciary duty to Keating?

Answer "Yes" or "No."

Answer: _____ No _____

Answer Question No. 7 only if your answer to Question No. 4, at the least, included Martin and Moss; otherwise, do not answer.

**Question No. 7**

Did Martin comply with his fiduciary duty to Moss?

Answer "Yes" or "No."

Answer: _____ No _____

Answer Question No. 8 only if your answer to Question No. 4, at the least, included Moss and Keating; otherwise, do not answer Question No. 8.

**Question No. 8**

Did Martin comply with his fiduciary duty to Keating?

Answer "Yes" or "No."

Answer: _____ No _____

**Question No. 9 and 10**

Fraud occurs when:

1. a party makes a material misrepresentation, and

2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

3. the misrepresentation is made with the intention that it should be acted on by the other party, and

4. the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means:

1. A false statement of fact; or

2. A promise of future performance made with an intent, at the time the promise was made, not to perform as promised.

**Question No. 9**

Did Princip commit fraud against Moss?

Answer "Yes" or "No."

Answer: _Yes_

**Question No. 10**

Did Princip commit fraud against Keating?

Answer "Yes" or "No."

Answer: _Yes_

**Question No. 11**

Did Martin wrongfully exercise dominion or control over personal property owned or possessed

by Moss?

Answer "Yes" or "No."

Answer: ___Yes___

**Question No. 12**

Did Martin wrongfully exercise dominion or control over personal property owned or possessed by Keating?

Answer "Yes" or "No."

Answer: ___Yes___

**Question Nos. 13 and 14**

Interference is intentional if committed with the desire to interfere with the contract or with the belief that intentional interference is substantially certain to result.

**Question 13**

Did Martin intentionally interfere with the Princip/Moss Partnership Agreement?

Answer "Yes" or "No."

Answer: ___Yes___

If you answered "Yes" to Question No. 2, then answer Question No. 14; otherwise, do not answer Question No. 14.

**Question No. 14**

Did Martin intentionally interfere with the Princip/Keating Membership Agreement?

Answer "Yes" or "No."

Answer: ___Yes___

**Question Nos. 15, 16, 17, and 18**

To be a part of a conspiracy, Princip/Martin and another person or persons must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to Moss/Keating. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

If you answered "Yes" to either or both of Question Nos. 7 or 11, then answer Question No. 15; otherwise, do not answer Question No. 15.

**Question No. 15**

Was Princip part of a conspiracy with Martin that damaged Moss?

Answer "Yes" or "No."

Answer: ___Yes___

If you answered "Yes" to either or both of Question Nos. 8 or 12, then answer Question No. 16; otherwise, do not answer Question No. 16.

**Question No. 16**

Was Princip part of a conspiracy with Martin that damaged Keating?

Answer "Yes" or "No."

Answer: ___Yes___

If you answered "Yes" to either or both of Question Nos. 5 or 9, then answer Question No. 17; otherwise, do not answer Question 17.

**Question No. 17**

Was Martin part of a conspiracy with Princip that damaged Moss?

Answer "Yes" or "No."

Answer: _Yes_

If you answered any or all of Question Nos. 6 or 10, then answer Question No. 18; otherwise, do

not answer Question No. 18.

**Question No. 18**

Was Martin part of a conspiracy with Princip that damaged Keating?

Answer "Yes" or "No."

Answer: _Yes_

Answer Question No. 19 only if your answer to Question No. 4, at the least, included Princip; otherwise, do not answer Question No. 19.

**Question No. 19**

Do you agree with any of the following three statements?

1. Princip engaged in wrongful conduct that adversely and materially affected the Video Games YouTube Channel partnership.

2. Princip willfully or persistently materially breached his obligations regarding the Video Games YouTube channel partnership?

3. Princip engaged in conduct relating to the Video Games YouTube Channel partnership that has made it not reasonably practicable to carry on the business in partnership?

Answer "Yes" or "No."

Answer: ___Yes___

Answer Question No. 20 only if your answer to Question No. 4, at the least, included Martin; otherwise, do not answer Question No. 20.

**Question No. 20**

Do you agree with any of the following three statements?

1. Martin engaged in wrongful conduct that adversely and materially affected the Video Games YouTube Channel partnership.

2. Martin willfully or persistently materially breached his obligations regarding the Video Games YouTube channel partnership.

3. Martin engaged in conduct relating to the Video Games YouTube Channel partnership that has made it not reasonably practicable to carry on the business in partnership.

Answer "Yes" or "No."

Answer: _Yes_

If you answered "Yes" to Question Nos. 1, then answer Question No. 21; otherwise, do not answer Question No. 21.

**Question No. 21**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Moss for his damages, if any, that result from such failure to comply.

Consider the following element of damages, if any, and none other: loss of contracted royalty, if any. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1. Loss of contracted royalty in the past.

Answer: $ 725, 000.00

2. Loss of contracted royalty that, in reasonable probability, will be sustained in the future.

Answer: $ 731, 700.00

1. 813,000,000 views divided by 1000 to establish cpm by $3.00 at 30% then rounded down to $725,000.00 by plaintiff's advice based on 4 years

2 calculated as potential future growth not rounded down same formula used for previous amount.

31

If you answered "Yes" to Question No. 2, then answer Question No. 22; otherwise, do not answer Question No. 22.

**Question No. 22**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Keating for his damages, if any, that result from such failure to comply?

Consider the following element of damages, if any, and none other: loss of contracted royalty, if any. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1. Loss of contracted royalty in the past.

Answer: $ 725, 000. 00

2. Loss of contracted royalty that, in reasonable probability, will be sustained in the future.

Answer: $ 731, 700. 00

Same calculations used in previous question

**Question Nos. 23 and 24**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Moss/Keating for his damages, if any, that were proximately caused by such conduct?

Consider the following element of damages, if any, and none other: Loss of contracted royalty.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

If you answered "Yes" to any or all of Question Nos. 5, 7, 9, 11, or 13, then answer Question No. 23; otherwise, do not answer Question No 23.

**Question No. 23**

For Moss

Answer separately in dollars and cents for damages, if any.

1. Loss of contracted royalty in the past.

Answer: $ 600,000.00

2. Loss of contracted royalty that, in reasonable probability, will be sustained in the future.

Answer: $ 1,500,000.00

If you answered "Yes" to any or all of Question Nos. 6, 8, 10, 12, or 14, then answer Question No. 24; otherwise, do not answer Question No 24

**Question No. 24**

For Keating

Answer separately in dollars and cents for damages, if any.

    1.  Loss of contracted royalty in the past.

Answer: $ 600,000.00

    2.  Loss of contracted royalty that, in reasonable probability, will be sustained in the

       future.

Answer: $ 1,500,000.00

**Question Nos. 25, 26, 27, and 28**

If you believe by clear and convincing evidence that Princip/Martin acted with actual fraud or with a specific intent to cause substantial injury or harm to Moss/Keating, then what sum of money, if any, if paid now in cash, should be assessed against Princip/Martin and awarded to Moss/Keating as exemplary damages, if any, for such the conduct?

Answer in dollars and cents, if any, as to each of the following.

Answer Question No. 25 only if you answered "Yes" to either or both of Question Nos. 5 or 9; otherwise, do not answer Question No. 25.

**Question No. 25**

For Princip as to Moss

Answer: $ 3,000,000.00

Answer Question No. 26 only if you answered "Yes" to either or both of Question Nos. 6 or 10; otherwise, do not answer Question No. 26.

**Question No. 26**

For Princip as to Keating

Answer: $ 3,000,000.00

Answer Question No. 27 only if you answered "Yes" to any or all of Question Nos. 7, 11 or 13; otherwise, do not answer Question No. 27.

**Question No. 27**

For Martin as to Moss

Answer: $ 5,000,000.00

Answer Question No. 28 only if you answered "Yes" to any or all of Question Nos. 8, 12 or 14;

otherwise, do not answer Question No. 28.

**Question No. 28**

For Martin as to Keating

Answer: $ _5, 000,000. 00_

**Question No. 29**

Did Moss or Keating waive their claims for damages based on the fact that Moss or Keating did

not participate in the partnership?

Answer "Yes" or "No."

For Moss

Answer: _No_____

For Keating

Answer: _No_____

**Question No. 30**

Should Moss or Keating be barred from asserting their claims for damages by the theory of quasi-estoppel?

Answer "Yes" or "No."

For Moss

Answer: _No_

For Keating

Answer: _No_

## VERDICT OF THE JURY

We, the jury, have answered the above and foregoing questions as indicated, and herewith return the same into Court as our verdict.

DATE: ~~March~~ April 1 , 2016

_____
PRESIDING JUROR

## COMMUNICATION WITH THE COURT

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

DATE: ~~March~~ April ___, 2016

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE