## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYLER MOSS AND | § | |
| BRANDON KEATING | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| Vs. | § | 3:14-CV-03088-M |
| | § | (JURY) |
| MARKO PRINCIP, | § | |
| Individually, MARKO | § | |
| PRINCIP d/b/a | § | |
| VIDEOGAMES YOUTUBE | § | |
| CHANNEL, MARKO | § | |
| PRINCIP | § | |
| d/b/a        ACHIEVEMENT | § | |
| GUIDE, MARKO PRINCIP | § | |
| d/b/a GAME GUIDE, LLC, | § | |
| VIDEOGAMES    YOUTUBE | § | |
| CHANNEL, | § | |
| AND BRIAN MARTIN | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AND
### PROVISIONAL/PRELIMINARY INJUNCTIVE RELIEF

Plaintiffs David Tyler Moss and Brandon Keating file this Motion pursuant to Fed. R. Civ. P. 58(d) and request that the Court: (i) enter and set out a final judgment in a separate document in favor of Plaintiffs and against Defendants Marko Princip and Brian Martin; and (ii) grant preliminary and provisional injunctive relief pending the entry of such final judgment. As such, Plaintiffs respectfully show the Court as follows:

1.      On March 28, 2016, a jury trial commenced on Plaintiffs' claims for declaratory relief, breach of contract, fraud, breach of fiduciary duty, conversion, tortious interference with contract(s), conspiracy, and other claims for relief.

2.      On April 1, 2016, the jury returned a verdict in favor of Plaintiffs and against Defendants. (Dkt. No 66.)

3.      The verdict form for all counts was a general verdict form that included answers to written questions. (Dkt. No. 66.)

4.      Fed. R. Civ. P. 58(a) requires every judgment to be set out in a separate document.

5.      Fed. R. Civ. P. 58(b)(1)(A) states that when a jury returns a general verdict, the Clerk must promptly enter a judgment without awaiting direction form the Court.

6.      Fed. R. Civ. P. 58(b)(2)(A) states that when a jury returns a general verdict with answers to written questions, the Court must first approve the form of the judgment, and then the Clerk must promptly enter judgment.

7.      There is no just reason to postpone entry of judgment in favor of Plaintiffs at this time.

8.      Plaintiffs are entitled to recovery of actual damages in tort pursuant to the jury's verdict findings in Question Nos. 5–18 and 23–24 of the jury verdict. (Dkt. No. 66.)

9.      Defendants Marko Princip and Brian Martin are jointly and severally liable to Plaintiff David Tyler Moss for actual damages in the amount of

$2,225,000.00 (USD) pursuant to the jury's verdict findings in Question Nos. 15–18 of the jury verdict. (Dkt. No. 66.) *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925-26 (Tex. 1979) (holding that conspirators are jointly and severally liable for all acts done by any of them in furtherance of the unlawful combination).

10.     Defendants Marko Princip and Brian Martin are jointly and severally liable to Plaintiff Brandon Keating for actual damages in the amount of $2,100,000.00 (USD) pursuant to the jury's verdict findings in Question Nos. 15–18 of the jury charge. (Dkt. No. 66.) *Carroll*, 592 S.W.2d at 925-26 (holding that conspirators are jointly and severally liable for all acts done by any of them in furtherance of the unlawful combination).

11.     Plaintiffs are entitled to recovery of exemplary damages pursuant to the jury's verdict findings in Question Nos. 25–28 of the jury verdict. (Dkt. No. 66.) Tex. Civ. Prac. & Rem. Code §§ 41.001 *et seq.*

12.     Each Plaintiff's individual recovery of exemplary damages from each individual Defendant is limited to the greater of the following: (i) twice the amount of economic damages, plus any noneconomic damages (up to $750,000.00) found by the jury, or (ii) $200,000.00. Tex. Civ. Prac. & Rem. Code §§ 41.008(b), 41.010(b); *Bennett v. Reynolds*, 315 S.W.3d 867, 882 (Tex. 2010).

13.     Defendant Brian Martin therefore is liable to Plaintiff David Tyler Moss for exemplary damages in the amount of $4,450,000.00 (USD) pursuant to the jury's verdict findings in Question Nos. 7, 11, 13 and 27 of the jury verdict. (Dkt. No. 66.)

14.     Defendant Brian Martin is liable to Plaintiff Brandon Keating for exemplary damages in the amount of $4,200,000.00 (USD) pursuant to the jury's verdict findings in Question Nos. 8, 12, 14 and 28 of the jury verdict. (Dkt. No. 66.)

15.     Defendant Marko Princip is liable to Plaintiff David Tyler Moss for exemplary damages in the amount of $3,000,000.00 (USD) pursuant to the jury's verdict findings in Question Nos. 5, 9 and 25 of the jury verdict. (Dkt. No. 66.)

16.     Defendant Marko Princip is liable to Plaintiff Brandon Keating for exemplary damages in the amount of $3,000,000.00 (USD) pursuant to the jury's verdict findings in Question Nos. 6, 10 and 26 of the jury verdict. (Dkt. No. 66.)

17.     As of the date of the jury's verdict, a partnership existed between the parties with respect to the VideoGames YouTube Channel Partnership (the "Partnership") pursuant to the jury's verdict findings in Question No. 4, in which the jury found that the following persons owning the following percentages of the Partnership:

    a.     David Tyler Moss thirty (30) percent;

    b.     Brandon Keating thirty (30) percent;

    c.     Brian Martin twenty (20) percent; and

    d.     Marko Princip twenty (20) percent.

(Dkt. No. 66.)

18.     In Plaintiffs' First Amended Complaint (Dkt. No. 19) and the Joint Pretrial Order (Dkt. No. 56), Plaintiffs sought an application for judicial expulsion

of Defendants Marko Princip and Brian Martin from the Partnership pursuant to

Texas Business Organizations Code Section 152.501, which provides in part:

> (a) A person ceases to be a partner on the occurrence of an event of withdrawal.
>
> (b) An event of withdrawal of a partner occurs on:
>
>> (5) the partner's expulsion by judicial decree, on application by the partnership or another partner, if the judicial decree determines that the partner:
>>
>>> (A) engaged in wrongful conduct that adversely and materially affected the partnership business;
>>>
>>> (B) willfully or persistently committed a material breach of:
>>>
>>>> (i) the partnership agreement; or
>>>>
>>>> (ii) a duty owed to the partnership or the other partners under Sections 152.204-152.206; or
>>>
>>> (C) engaged in conduct relating to the partnership business that made it not reasonably practicable to carry on the business in partnership with that partner;

Tex. Bus. Orgs. Code. §§ 152.501(a), 152.501(b)(5).

19.     Plaintiffs' application for judicial expulsion of Defendants Marko Princip and Brian Martin from the Partnership should be granted and expulsion ordered based upon the jury's verdict findings in Question Nos. 19 and 20 of the jury's verdict. (Dkt. No. 66.)   The jury's findings satisfied the statutory findings

required for expulsion set forth in Texas Business Organizations Code Section 152.501.

20.     Based upon the Court's expulsion of Brian Martin and Marko Princip from the Partnership David Tyler Moss owns fifty (50) percent of the Partnership and Brandon Keating owns fifty (50) percent of the Partnership as of the date of the Court's Final Judgment.

21.     Plaintiffs David Tyler Moss and Brandon Keating are entitled to permanent injunctive relief to prevent future losses in connection with the VideoGames YouTube Channel (hereinafter referred to as the "VideoGames Channel") resulting from Defendants' conduct.  Plaintiffs request for relief is proper under well-settled precedent in this Circuit because they (i) have suffered irreparable injury, (ii) remedies available at law, such as monetary damages, are inadequate to compensate for such injury, (iii) considering the balance of hardships between the parties, a remedy in equity is warranted; and (iv) that the public interest would not be disserved by a permanent injunction.

22.     The Supreme Court of the United States pronounced the standard for permanent injunctive relief as follows:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy

in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Eastman Chem. Co. v. PlastiPure, Inc.*, 969 F. Supp. 2d 756, 767 (W.D. Tex. 2013), aff'd, 775 F.3d 230 (5th Cir. 2014) (*quoting eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)).   To establish irreparable injury "[a] plaintiff must allege specific facts." *ITT Educ. Servs. v. Arce*, 533 F.3d 342, 347 (5th Cir.2008) (internal quotations omitted). "[A]n injury is irreparable and there is no adequate remedy at law [if] a multiplicity of suits would be required to gain relief." *Tex. Guaranteed Student Loan Corp. v. Arrangements, Inc.*, No. 3:07–CV–438–BH, 2009 WL 1919553, at *3 (N.D.Tex. July 2, 2009) (internal quotations omitted).

23.    Defendants' conduct, including the conduct proven at trial (to include the conduct resulting in the jury findings in Question Nos. 19-20 of Dkt. No. 66), threatens to cause irreparable injury to the VideoGames Channel.  The Defendants are in sole possession of the username and password to the VideoGames Channel. Not only have Defendants made it impossible for Plaintiffs to exercise their right to participate in the Partnership as majority sixty (60) percent owners, but Defendants have unfettered control of the content appearing on the VideoGames Channel.  On more than one occasion, Defendant Brian Martin has threatened to take actions that could result in complete termination of the VideoGames Channel.

24.    On the same day that the jury issued a verdict in favor of Plaintiffs' claims in this suit, Defendant Brian Martin posted the following tweet (i.e., Twitter message) on his Twitter page from his Twitter handle @FuturisticHub:

"@FuturisticHub the extreme will always be set straight and that is a promise. VG directors! Send me porn for submission to the channel!" (James Decl. ¶ 3; Dkt. No. 62.)  VG is a shorthand reference for the VideoGames Channel. (James Decl. ¶ 4; Dkt. No. 62.)  Uploading pornography to the VideoGames YouTube Channel would violate the YouTube Community Guidelines and such violation could lead to the channel being terminated. (James Decl. ¶¶ 5-6; Dkt. No. 62.)  Moreover, a large number of the channel's viewers and content creators/directors are minors, and asking for and soliciting pornography from them is not a prudent practice for a reputable YouTube channel. (James Decl. ¶ 7; Dkt. No. 62.)  In point of fact, the YouTube Community Guidelines confirm that the channel could draw negative attention and reaction from law enforcement for child exploitation for conduct such as Brian Martin's/FuturisticHub's. *Id.*

25.     Following a settlement in a prior lawsuit involving the VideoGames Channel (the "Lovinger Lawsuit"), Defendant Brian Martin told Defendant Marko Princip, "I almost took out the VG channel entirely if we didn't get it back [b]ut now that things are going as planned there is no need." (Pls.' Ex. No. 45).  In referring to the Lovinger Lawsuit, Defendant Marko Princip told Plaintiff Brandon Keating, "[W]orst comes to WORST I'd sell it or close it [or] sell it to a friend." (Pls.' Ex. No. 26; Dkt. No. 20.)

26.     In sum, the very real and imminent threat of lasting and irreversible harm the Videogames channel exists for which there is no adequate legal remedy. For example, as proven at trial, Defendants have posted inappropriate content on

the VideoGames Channel in violation of YouTube Community Guidelines and caused the VideoGames Channel to receive two (2) strikes from YouTube as disciplinary action for inappropriate content. (Trial Testimony; Moss Off. pp. 2-3; Keating Off. pp. 4-5; Dkt. No. 20.).   A third strike will result in YouTube deactivating the VideoGames Channel.   If Defendant Martin acted on his intent to post pornography, the VideoGames Channel would receive a third and final strike from YouTube and be terminated by YouTube.   *(Id.; see* James Decl. ¶ 3; Dkt. No. 62.) At the present date, Defendants could easily tamper with or remove content, or take action to sell, assign, or close the VideoGames YouTube Channel and Plaintiffs would only discover such action after it had been completed.   Such action would result in a tremendous loss of value to the VideoGames channel and possibly render it completely worthless.   Monetary damages are inadequate to compensate for such irreparable harm.[1]

27.     Considering the balance of hardships between the parties, a remedy in equity is warranted.   The balance of hardships weighs in the Plaintiffs' favor in light of the jury's verdict.   At the very least, Plaintiffs have an ongoing interest in safeguarding the You Tube Channel from harm or unauthorized transfer of its rights while the final judgment is pending, and certainly upon entry of final judgment.   Defendants' interest does not change the analysis.   Even though Defendants are presently minority owners of the VideoGames Channel, the jury has

---

[1] Another reason for entry of Plaintiffs' requested injunctive relief is that both Defendants have had suspended YouTube Channels, per the trial testimony.  According to YouTube, "Users whose accounts have been terminated are prohibited from accessing, possessing or creating any other YouTube accounts." https://support.google.com/youtube/answer/2802168?hl=en

made findings sufficient to support judicial expulsion from the Partnership. Regardless, the hardship to Plaintiffs through non-access the channel, along with the risks posed additional transfers by Defendants, outweigh any hardship to Defendants.

28.   The public interest would not be disserved by the entry of a permanent injunction. In fact, the public would benefit from the injunction because the You Tube Channel's subscribers and the You Tube Community at large, would benefit from the improvement in content and responsive which would result from Plaintiffs' access to and involvement with the channel.

29.   For the foregoing reasons, Plaintiffs David Tyler Moss and Brandon Keating request that this Honorable Court:

    a.   Enter Final Judgment in conformity with Fed. R. Civ. P. 58 as requested herein;

    b.   Grant Plaintiffs application to expel Defendants Brian Martin and Marko Princip from the Partnership; and

    c.   Grant the following mandatory injunctive relief (provisionally/preliminarily and permanently) by ordering Defendants to do the following within twenty-four (24) hours:

        (i)   Disclose and surrender to Plaintiffs Brandon Keating and David Tyler Moss any and all usernames, passwords and log-in credentials for any and all social-media email, and/or internet-based accounts of the Partnership, to include usernames, passwords and log-in credentials for or associated with:

           (A)   The YouTube.com/VideoGames Channel;

           (B)   The email address/account of or associated with the YouTube.com/VideoGames Channel;

           (C)   The @videogamesent Twitter page;

           (D)   The email address/account of or associated with the @videogamesent Twitter account;

           (E)   The Facebook.com/VideogamesYT page;

           (F)   The email address/account of or associated with the Facebook.com/VideogamesYT page;

(G)   The @video_games_yt Instagram page;

(H)   The email address/account of or associated with @video_games_yt Instagram page; and

(I)   Any email address/account of or associated with the Partnership.

(ii)   Disclose to Plaintiffs Brandon Keating and David Tyler Moss any all contracts with:

(A)   Any multichannel network;

(B)   Any directors of the YouTube.com/VideoGames Channel; and

(C)   Any company, person or entity regarding branding, advertising, or sponsorships.

(iii)   Add Plaintiffs Brandon Keating and David Tyler Moss as administrators to the Partnership's Facebook account (Facebook.com/VideogamesYT), with the most full, complete and extensive administrative privileges granted and allowed by Facebook;

(iv)   Notify and instruct that all multichannel networks contracted to or with the Partnership to direct revenue and other payments for or associated with the YouTube.com/VideoGames Channel to be deposited in bank accounts as directed by Plaintiffs David Tyler Moss and Brandon Keating;

(v)   Turn over the YouTube 1,000,000 Subscribers Gold Plaque to Plaintiffs Brandon Keating and David Tyler Moss; and

(vi)   Decouple, separate, disconnect, unlink or otherwise completely disassociate the YouTube.com/VideoGames Channel from any and all other YouTube Channels, accounts, or other internet-based accounts, including but not limited to the FuturisticHub.

d.   Grant the following prohibitory injunctive relief (provisionally/preliminarily and permanently) by ordering Defendants to refrain from:

(i)   Liquidating, selling, transferring, or secreting any revenue and/or tangible or intangible assets or property of the Partnership;

(ii)   Withdrawing any money from any accounts at any financial institution in the name of or held on behalf of the Partnership and/or YouTube.com/VideoGames Channel;

(iii)   Liquidating, selling, transferring, closing, or deleting the YouTube.com/VideoGames Channel or any videos or other content on the YouTube.com/VideoGames Channel;

(iv)    Accessing in any way the YouTube.com/VideoGames Channel;

(v)    Acting on behalf of the Partnership to in any way negotiate or entering into any contracts or agreements with any company, person or entity, to include:

    (A)    YouTube;

    (B)    Multichannel network;

    (C)    Creators or directors of the YouTube.com/VideoGames; or

    (D)    Companies, persons or entities regarding branding, advertising, or sponsorships.

(vi)    Interfering with or breaching in any way the Partnership's contracts and agreements, to include those with:

    (A)    YouTube;

    (B)    Any multichannel network;

    (C)    Any creators or directors of the YouTube.com/VideoGames Channel; and

    (D)    Any company, person or entity regarding branding, advertising, or sponsorships.

(vii)    Posting content in the name of or that purports to be associated with the YouTube.com/VideoGames Channel in violation of the YouTube Community Guidelines, which are publicly available on the Internet at and on YouTube's website.

(viii)    Hiding, secreting, liquidating, selling, transferring, or closing any tangible or intangible assets of the Partnership;

(ix)    Changing, modifying, or altering any usernames, passwords or log-in credentials for any and all social-media accounts or email accounts of the Partnership, to include usernames, passwords and log-in credentials for or associated with:

    (A)    The YouTube.com/VideoGames Channel;

    (B)    The email address/account of or associated with the YouTube.com/VideoGames Channel;

    (C)    The @videogamesent Twitter page;

    (D)    The email address/account of or associated with the @videogamesent Twitter account;

    (E)    The Facebook.com/VideogamesYT page;

    (F)    The email address/account of or associated with the Facebook.com/VideogamesYT

    (G)    The @video_games_yt Instagram page;

      (H)    The email address/account of or associated with @video_games_yt Instagram page; and

      (I)    Any email address/account of or associated with Partnership.

    (x)    Transferring the username for the @videogamesent to any other Twitter account for any purpose, to include transferring the "Followers" of the @videogamesent to any other Twitter account; and

  e.    Enter any further relief this Court deems just and proper.

Dated: April 5, 2016

Respectfully submitted,

/s/ Victor D. Vital

**Victor D. Vital**
Texas Bar No. 00794798
**BARNES & THORNBURG LLP**
2100 McKinney Avenue, Suite 1250
Dallas, Texas 75201-6908
Direct:  (214) 258-4124
Fax:  (214) 258-4199
E-mail: victor.vital@btlaw.com

-AND-

WYDE & ASSOCIATES

By: /s/ Daniel L. Wyde
Daniel L. Wyde
Texas Bar No. 22095500
Email:  wydelaw@gmail.com
10100 North Central Expressway, Suite 590
Dallas, Texas 75231
Tel. (214) 521-9100
Fax. (214) 521-9130

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Victor Vital
VICTOR D. VITAL
BARNES & THORNBURG LLP

## VERIFICATION

STATE OF ILLINOIS

COUNTY OF C OOK

Before me, the undersigned notary, on this day personally appeared Brandon G. Keating, the affiant, whose identity is known to me. After I administered on oath, affiant as follows:

"My name is Brandon G. Keating. I am capable of making this verification. I have read Plaintiffs' Motion for Entry of Judgment and Provision/Preliminary Injunctive Relief. The facts stated in it are within my personal knowledge and are true and correct."

Brandon G. Keating

Sworn to and subscribed before me by Brandon G. Keating on April 4th, 2016.

OFFICIAL SEAL
SEJAL PATEL
Notary Public - State of Illinois
My Commission Expires Aug 14, 2016

Notary Public in and for the
State of Illinois
My commission expires: 8/14/16

Plaintiffs' Motion for Judgment and Provisional/Preliminary Injunctive Relief