# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID TYLER MOSS et al.** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| *v.* | § | Civil Action No. 3:14-cv-03088-M |
| | § | |
| **MARKO PRINCIP, individually,** | § | |
| **VIDEOGAMES YOUTUBE CHANNEL,** | § | |
| **ACHIEVEMENT GUIDE,** | § | |
| **GAME GUIDE LLC, and BRYAN** | § | |
| **MARTIN, individually,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**FRIEDMAN & FEIGER, LLP**
Mazin A. Sbaiti, Esq.
State Bar No. 24058096
Mazin@FFLawOffice.com
Eric Friedman, Esq.
State Bar No. 24090106
EFriedman@FFLawOffice.com
5301 Spring Valley Road
Suite 200
Dallas, Texas 75254
Telephone: (972) 788-1400
Facsimile: (972) 788-2667
***COUNSEL FOR DEFENDANTS***

# I.

## INTRODUCTION

Defendants respectfully move to dismiss this action under Rule 12(b)(1) for lack of subject matter jurisdiction. While admittedly not intuitive, the law is clear that a partnership or a limited liability company is a citizen—for diversity purposes—of every state that a partner or member is a citizen of. Put another way, a partnership and any one of its partners have the same citizenship for diversity purposes. The same goes for an LLC and any of its members.

Here, the petition names Defendant VideoGames YouTube Channel, a general partnership, and Game Guide LLC, a limited liability company. Thus, because Ty Moss claims to be a partner of Defendant VideoGames YouTube Channel, it and Plaintiff Ty Moss are citizens of the same state. Similarly, because Plaintiff Brandon Keating alleges he is a member of the LLC, he and Defendant Game Guide LLC are citizens of the same state. There is thus not complete diversity, and Plaintiffs have raised no federal claims.

Therefore, it appears that this court lacks federal subject matter jurisdiction. Because subject matter jurisdiction is a priori, its absence must be raised and addressed as soon as a party or the Court realizes that there is a question. Subject matter jurisdiction cannot be agreed to, and its absence cannot be waived. Thus, it can be raised at any time during a case, including after trial or on appeal, even by the party that invoked the court's jurisdiction in the first place.

The law is clear that a federal court without subject matter is powerless to issue orders and must dismiss the action immediately. Any orders or proceedings conducted by a federal court without subject matter jurisdiction are void ab initio. Thus, the trial, verdict, and any requested judgment or injunctive relief would be unenforceable.

Accordingly, this case must be dismissed under Rule 12(b)(1) and Rule 12(h).

## II.

## THE INDESPENSIBLE REQUIREMENT OF FEDERAL SUBJECT MATTER JURISDICTION IS ABSOLUTE AND NON-WAIVABLE

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district courts lacks the statutory or constitutional power to adjudicate it."[1]

It is hornbook law that "the independent establishment of subject matter jurisdiction is so important" that it is irrelevant that the party challenging jurisdiction later on might be the party who first invoked it.[2] As codified by binding authority of the United States Supreme Court, a Plaintiff who sues in federal court may later allege the absence of subject matter jurisdiction,[3] and so too may a removing defendant who invoked federal jurisdiction in the first instance.[4] This is because "no action of the parties can confer subject-matter jurisdiction upon a federal court."

Thus, the consent [or actions] of the parties is irrelevant.[5] Indeed, the Federal Rules instruct that "if the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[6] On appeal, even for the first time at the Supreme Court—a party may attack jurisdiction after the entry of judgment in the district court, and the lack thereof will terminate the litigation.[7]

---

[1] *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167 (2d Cir. 2008), *aff'd* 130 S. Ct. 2869 (2010) (internal citation omitted).

[2] Wright, Miller & Cooper, 13 Federal Practice and Procedure § 3522, p.123 (collecting cases).

[3] *Capron v. Van Noorden*, 6 U.S. 126 (1804).

[4] *American Fire &Cas. Co. v. Finn*, 341 U.S. 6 (1951). See also *United States v. Leon*, 203 F.3d 162, 164 n.2 (2d Cir. 2000) ("As we have often observed, 'it is well settled that lack of federal jurisdiction may be raised for the first time on appeal, even by a party who originally asserted that jurisdiction existed, or by the Court *suasponte*.")(citation omitted).

[5] *California v. LaRue*, 409 U. S. 109 (1972).

[6] Fed R. Civ. P. 12(h)(3)(emphasis added).

[7] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Here, Plaintiffs filed this case in district court in Dallas County, Texas; thereafter, Defendants filed a timely notice of removal, bringing the parties before this Court.[8] After removal, Plaintiffs adopted the position that federal subject matter jurisdiction was proper under 28 U.S.C. § 1332(a), so-called "diversity jurisdiction."

"A case may be removed to [or filed in] federal court on the basis of diversity jurisdiction if both requirements of diversity jurisdiction are met, that is, if complete diversity exists and the amount in controversy exceeds $75,000.00."[9] "*Complete diversity* … requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[10]

As we show next, complete diversity is lacking.

### III.

### COMPLETE DIVERSITY IS LACKING

**A. From This Case's Inception, Plaintiffs Named Unincorporated Business Entities Among the Defendants**

In addition to Princip and Martin, several entities were also named in the suit who, along with the human Plaintiffs and Defendants, made up the amalgam of persons and non-person business vehicles meant to deliver content to viewers on YouTube.

Specifically, as articulated in their Original Petition and then again in the First Amended Complaint, Plaintiffs sued "Marko Princip D/B/A *Game Guide, LLC*, an *entity*…" and "VideoGames YouTube Channel, *a General Partnership*[.]"[11] Indeed, these exact same entities were also named in Plaintiffs' original state-court complaintwith minor and immaterial

---

[8] *See* Docs #1 and 2.

[9] *Stephens v. Progressive Gulf Ins. Co.*, No. 1:13-cv-00244, 2014 U.S. Dist. LEXIS 157853 at *4 (N.D. Miss. Nov. 6, 2014).

[10] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

[11] Doc. #19 at p.3, ¶¶ 8 and 9 (emphasis added).

alterations as to agents for service of process.[12] Plaintiffs even included as exhibits the documents calling these entities into being.[13]

### B. Plaintiffs Sued as Defendants General Partnership Entities and LLCs While Claiming to Also be Members of Same; This Destroys Complete Diversity

As mentioned above, *Game Guide, LLC* and VideoGames YouTube Channel (a general partnership) were named as Defendants. For purposes of diversity, unincorporated entities like LLCs, General Partnerships, Limited Partnerships, etc. are regarded as citizens of every state in which its partners or members are citizens.[14]

In *Harvey v. Grey Wolf Drilling,* the Fifth Circuit joined every other circuit that had addressed the issue in holding that LLCs and general partnerships impute the citizenship of every member to the entity itself.[15] Notably, as a corollary to this rule, "there can be no diversity jurisdiction in an action between a limited partnership and one of its limited partners."[16]

Accordingly, complete diversity is non-existent here because:

(1) Plaintiff Ty Moss and Defendant VideoGames YouTube Channel are both citizens of North Carolina.

(2) Plaintiff Brandon Keating and Defendant Game Guide LLC are both citizens of Illinois.

Thus, diversity between the plaintiffs and the defendants is lacking, and this case fails to meet the requirements for 28 U.S.C. § 1332(a)'s grant of diversity subject matter jurisdiction.[17]

---

[12] *See* Doc. 19-4 at pp. 2-3

[13] *See* Docs ##19-1 and 19-3.

[14] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

[15] *Id*. (collecting cases).

[16] *Levy v. Aaron Faber Inc*., 148 F.R.D. 114, 122 (S.D.N.Y. 1993). *See also City of Rome, NY v. Verizon Commc'ns Inc*., 362 F.3d 168, 174 (2d Cir. 2004) (quoting *United States v. Leon*, 203 F.3d 162, 164 n.2 (2d Cir. 2000)) ("As we have often observed, 'it is well settled that lack of federal jurisdiction may be raised for the first time on appeal, even by a party who originally asserted that jurisdiction existed, or by the Court *sua sponte*.'").

[17] *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (citation and internal quotation omitted) ("Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute.").

### C. This Action Must Be Dismissed

Because this Court lacks subject matter jurisdiction, and always did, it must dismiss this case under Rule 12(b)(1) and Rule 12(h). The U.S. Supreme Court has held that a federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction) . . . ."[18] The Fifth Circuit has likewise held that "a judgment entered by a court lacking subject matter jurisdiction is void and is not entitled to *res judicata* effect."[19] Indeed, any process, injunction, order or judgments entered by the Court would be void *ab initio*.[20]

Therefore, the lack of subject matter jurisdiction requires dismissal of the action immediately.[21]

### IV.

### CONCLUSION

For the foregoing reasons Defendants respectfully submit that this Court must dismiss this action immediately under Rule 12(b)(1) and Rule 12(h).

Respectfully submitted this 13th Day of April, 2016.

---

[18] *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (declining to address jurisdiction and holding that district court had authority to dismiss action on forum non conveniens grounds before considering the merits) (citing *Steel Co. v. Citizens* for a *Better Env't,* 523 U.S. 83, 93–102 (1998) (rejecting doctrine of "hypothetical jurisdiction" that would allow a court to rule on issues of law before adjudicating jurisdiction)).

[19] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603-04 (5th Cir. 1999) (citing 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4428 (1981)).

[20] *United States Catholic Conf. v. Abortion Rights Mobilization*, 487 U.S. 72, 80 (1988); *Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 291 (5th Cir. 2015).

[21] *Accord Morrison v. Nat'l Australia Bank Ltd*, 547 F.3d 167 (2d Cir. 2008), aff'd 130 S. t. 2869 (2010) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir.2008)) ("'Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'").

Respectfully submitted,

**FRIEDMAN & FEIGER, LLP**

   /s/ Mazin A. Sbaiti
By:_____
  **Mazin A. Sbaiti**
  State Bar No. 24058096
  mazin@fflawoffice.com
  **Eric M. Friedman**
  State Bar No. 24090106
  efriedman@fflawoffice.com

5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Telephone)
(972) 788-2667 (Telecopier)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

     I hereby certify that on April 13, 2016, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Northern District of Texas, Dallas Division, using the electronic case filing system of the Court.  The electronic case filing system will send a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept the Notice as service of this document by electronic means.

                                       /s/  Mazin Sbaiti
                                          Attorney