IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYLER MOSS AND BRANDON KEATING | § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| Vs. | § § | 3:14-CV-03088-M (JURY) |
| MARKO PRINCIP, Individually, MARKO PRINCIP d/b/a VIDEOGAMES YOUTUBE CHANNEL, MARKO PRINCIP d/b/a ACHIEVEMENT GUIDE, MARKO PRINCIP d/b/a GAME GUIDE, LLC, VIDEOGAMES YOUTUBE CHANNEL, AND BRIAN MARTIN | § § § § § § § § § § § § § | |
| Defendants. | § | |

### PLAINTIFFS' RULE 21 MOTION TO DISMISS DISPENSABLE NONDIVERSE PARTIES

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, Plaintiffs David Tyler Moss and Brandon Keating file this motion to dismiss Defendants VideoGames YouTube Channel (the "Partnership") and Game Guide, LLC ("Game Guide") as dispensable nondiverse parties, and respectfully show the Court as follows:

### I.   ARGUMENT AND AUTHORITIES

A.   **Rule 21 permits dismissal of dispensable nondiverse parties in order to cure a jurisdictional defect.**

Rule 21 of the Federal Rules of Civil Procedure directs that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." As recognized by the Supreme Court of the United States, "Rule 21 invests district courts with the authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 573 (2004) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).

**B.    The Partnership and Game Guide are dispensable nondiverse parties, and their dismissal will constitute "just terms."**

Both the Partnership and Game Guide are dispensable parties because, at trial, Plaintiffs did not seek relief against them. Nor is either party the subject of the jury verdict in favor of Plaintiffs. And Plaintiffs do not seek entry of judgment against the Partnership or Game Guide, since their presence as a party in this case is purely nominal and limited solely to the jurisdictional allegations contained in Plaintiffs' First Amended Complaint. *See* (Doc. 19 at 3.) Given the verdict returned by the jury, there is no need for either the Partnership or Game Guide to remain as named defendants.

Importantly, if the Court does not dismiss the Partnership and Game Guide, then no complete diversity exists between the parties, as at least one Plaintiff and one named defendant will be citizens of the same state. *See* 28 U.S.C. § 1332. Should this condition remain, the Court will lack subject matter jurisdiction to enter the verdict which the jury returned, which itself is the culmination of many months of pretrial litigation, motions, and a jury trial extending over the course of a

week. Thus in order to preserve the Court's jurisdiction and in light of the interests of justice and judicial economy, including the "just terms" established in Rule 21, the Partnership and Game Guide be dismissed as dispensable nondiverse parties.

### III.  CONCLUSION

For the foregoing reasons, David Tyler Moss and Brandon Keating respectfully request that their motion be granted and the Court enter an order dismissing Defendants VideoGames YouTube Channel and Game Guide, LLC as dispensable nondiverse parties.

Respectfully submitted,

/s/ Victor D. Vital
**Victor D. Vital**
Texas Bar No. 00794798
**BARNES & THORNBURG LLP**
2100 McKinney Avenue, Suite 1250
Dallas, Texas 75201-6908
Direct:  (214) 258-4124
Fax:  (214) 258-4199
E-mail: victor.vital@btlaw.com

-AND-

WYDE & ASSOCIATES

By: /s/ Dan L. Wyde
Dan L. Wyde
Texas Bar No. 22095500
Email:  wydelaw@gmail.com
10100 North Central Expressway, Suite 590
Dallas, Texas 75231
Tel. (214) 521-9100
Fax. (214) 521-9130

**ATTORNEYS FOR PLAINTIFFS**
**Certificate of Service**

I certify that on April 13, 2016 I caused the foregoing document to be served by electronic means on all counsel of record.

>  */s/ Victor D. Vital*
>  **Victor D. Vital**