IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYLER MOSS, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:14-CV-3088-BF |
| | § | |
| MARKO PRINCIP, et al., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [D.E. 80] and Plaintiffs' Rule 21 Motion to Dismiss Dispensable Nondiverse Parties [D.E. 81]. In their motion, Defendants argue that the Court lacks jurisdiction over the case because complete diversity of parties does not exist. Defs.' Mot. [D.E. 80 at 2-6]. Plaintiffs' motion is aimed directly at this issue and seeks to cure the lack of diversity of parties by expelling nondiverse Defendants Defendants Videogames YouTube Channel and Game Guide, LLC. Pls.' Mot. [D.E. 81 at 1-3].

**LEGAL STANDARD**

"[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether . . . they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them." *Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572 (2004) (quoting *Horn v. Lockhart*, 84 U.S. 570, 579 (1873)). The Federal Rules of Civil Procedure permit courts to add or drop parties as necessary through motion of the parties or on a court's own initiative. FED. R. CIV. P. 21. Indeed, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to

1

be dropped at any time, even after judgment has been rendered." *Groupo*, 541 U.S. at 572-73. Furthermore, even when complete diversity does not exist at the time of removal, this defect in diversity does not require dismissal of an action. *Id.* at 573.

## ANALYSIS

Although Defendants' argument that complete diversity does not exist is well taken, case law makes it clear that this action should not be dismissed for lack of diversity of the parties. *See Groupo*, 541 U.S. at 572. Instead, this Court is obligated to remove dispensable, nondiverse Defendants Videogames YouTube Channel and Game Guide, LLC to preserve jurisdiction. *See id.* Furthermore, the Federal Rules of Civil Procedure have empowered this Court to take such action on Plaintiffs' motion even after a judgment is entered. *See* FED. R. CIV. P. 21. Because no judgment has been entered in this case, and because even "courts of appeals also have the authority to cure a jurisdictional defect by dismissing a dispensable nondiverse party," this Court retains authority to dismiss dispensable, nondiverse Defendants Videogames YouTube Channel and Game Guide, LLC from the action. *See Groupo*, 541 U.S. at 573. This authority remains vested in this Court, even though the jurisdictional defect existed at the time of removal. *Id.*

## CONCLUSION

Therefore, the Court drops dispensable, nondiverse Defendants Videogames YouTube Channel and Game Guide, LLC from the above-styled action. Plaintiffs' Rule 21 Motion to Dismiss Dispensable Nondiverse Parties [D.E. 81] is **GRANTED**. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [D.E. 80] is **DENIED as moot**.

**SO ORDERED**, April 15, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE