IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYLER MOSS and BRANDON KEATING, § § § § Plaintiffs, § v. § § MARKO PRINCIP, § Individually, MARKO PRINCIP § d/b/a VIDEOGAMES YOUTUBE § CHANNEL, MARKO PRINCIP § d/b/a ACHIEVEMENT GUIDE, § MARKO PRINCIP § d/b/a GAME GUIDE, LLC, § VIDEOGAMES YOUTUBE § CHANNEL, § and BRIAN MARTIN, § § § § Defendants. § | | No. 3:14-CV-03088-BF |

## FINAL JUDGMENT

Following a full jury trial on the merits, and based upon the claims for relief sought by Plaintiffs in their First Amended Complaint (Dkt. No. 19), the Joint Pretrial Order (Dkt. No. 56), and the Jury's Verdict (Dkt. No. 66), **IT IS HEREBY ORDERED, ADJUDGED, DECLARED, AND DECREED** that:

1. Based upon Plaintiff David Tyler Moss's election of remedies in favor of a tort recovery pursuant to Jury Verdict Question No. 23 (as opposed to a contract recovery under Jury Verdict No. 21), judgment is entered against Defendants Brian Martin and Marko Princip on Plaintiff David Tyler Moss's claims for breach of fiduciary duty, fraud, tortious interference, and conspiracy. On these

claims, Plaintiff David Tyler Moss shall recover from Defendants Brian Martin and Marko Princip, jointly and severally, the amount of $2,100,000.00 (USD);

2. Based upon Plaintiff Brandon Keating's election of remedies in favor of a tort recovery pursuant to Jury Verdict Question No. 24 (as opposed to a contract recovery under Jury Verdict Question No. 22), judgment is entered against Defendants Brian Martin and Marko Princip on Plaintiff Brandon Keating's claims for breach of fiduciary duty, fraud, tortious interference, and conspiracy. On these claims, Plaintiff Brandon Keating shall recover from Defendants Brian Martin and Marko Princip, jointly and severally, the amount of $2,100,000.00 (USD);

3. Because of the tort remedy election, the Court further enters judgment against Defendant Brian Martin on Plaintiff David Tyler Moss's claim for exemplary damages, pursuant to Jury Verdict Question No. 27; and, in view of the statutory cap imposed by Chapter 41 of the Texas Civil Practices & Remedies Code, the Court hereby orders that Plaintiff David Tyler Moss shall recover exemplary damages from Defendant Brian Martin in the amount of $4,200,000.00 (USD);

4. Because of the tort remedy election, the Court further enters judgment against Defendant Brian Martin on Plaintiff Brandon Keating's claim for exemplary damages, pursuant to Jury Verdict Question No. 28; and, in view of the statutory cap imposed by Chapter 41 of the Texas Civil Practices & Remedies Code, the Court hereby orders that Plaintiff Brandon Keating shall recover exemplary damages from Defendant Brian Martin in the amount of $4,200,000.00 (USD);

5. Because of the tort remedy election, the Court further enters judgment against Defendant Marko Princip on Plaintiff David Tyler Moss's claim for exemplary damages, pursuant to Jury Verdict Question No. 25; and the Court hereby orders that Plaintiff David Tyler Moss shall recover exemplary damages from Defendant Marko Princip in the amount of $3,000,000.00 (USD);

6. Because of the tort remedy election, the Court further enters judgment against Defendant Marko Princip on Plaintiff Brandon Keating's claim for exemplary damages, pursuant to Jury Verdict Question No. 26; and the Court hereby orders that Plaintiff Brandon Keating shall recover exemplary damages from Defendant Marko Princip in the amount of $3,000,000.00 (USD);

7. As of the date of the jury's verdict, the Court hereby declares that a partnership exists in respect to the VideoGames YouTube Channel Partnership (the "Partnership"), with the following persons owning the following percentages of the Partnership:

   a. David Tyler Moss thirty (30) percent;

   b. Brandon Keating thirty (30) percent;

   c. Brian Martin twenty (20) percent; and

   d. Marko Princip twenty (20) percent.

8. Prejudgment interest at the rate allowed by law is awarded as to the amounts set forth in paragraphs 1) and 2) above, and the amounts set forth in paragraph 1) and 2) shall continue to bear interest post-judgment at the rate of .55% per annum;

9. Plaintiffs are entitled to and are awarded all recoverable costs; and

10. The Court expressly determines that there is no just reason to delay entry of Judgment. The Court may issue additional orders, as necessary, to effectuate this Judgment; or may amend this Judgment as permitted by law.

**SO ORDERED**, April 15, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE