IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYLER MOSS, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:14-CV-03088-M |
| MARKO PRINCIP, et al., | § § § | |
| Defendants. | § § | |

**PLAINTIFFS' BRIEF IN SUPPORT OF INJUNCTIVE RELIEF IN AID OF
JUDICIAL DECREE OF EXPULSION**

## I. INTRODUCTION

Plaintiffs David Tyler Moss and Brandon Keating file this Brief pursuant to Fed. R. Civ. P. 65 and Tex. Bus. Orgs. Code §152.501(b)(5), and request that the Court: (i) enter and set out a judicial decree expelling Defendants Marko Princip and Brian Martin from the VideoGames YouTube Channel (the "Partnership"); and (ii) grant permanent injunctive relief to effectuate the Court's decree.

Expulsion under the Texas Business Organizations Code is a straightforward matter of statute: an application by a proper party plus proper findings equals a judicial decree of expulsion. Tex. Bus. Orgs. Code §152.501(b)(5). Because Plaintiffs are proper parties who have applied to this Court for expulsion and the jury, through the Jury Verdict, has supplied the proper findings for expulsion, Plaintiffs pray for and should be granted the relief they seek: judicial expulsion and injunctive relief in support thereof.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiffs are entitled to a judicial decree of expulsion based upon Defendants wrongful withdrawal from the Partnership.

The Texas General Partnership Law[1] outlines several different ways for partners to no longer associate. *See* Tex. Bus. Orgs. Code § 152.501(b). The Texas Legislature has provided a procedure for partners in a general partnership to expel another partner while also preserving the partnership's business and thereby avoiding dissolution of the partnership.[2] Specifically, the Texas General Partnership Law provides the following withdrawal provision:

> (b) An event of withdrawal of a partner occurs on: [ . . . ]
>
> (5) the partner's expulsion by judicial decree, on application by the partnership or another partner, if the judicial decree determines that the partner:
>
>> (A) engaged in wrongful conduct that adversely and materially affected the partnership business;
>>
>> (B) willfully or persistently committed a material breach of:
>>
>>> (i) the partnership agreement; or
>>>
>>> (ii) a duty owed to the partnership or the other partners under Sections 152.204-152.206; or
>>
>> (C) engaged in conduct relating to the partnership business that made it not reasonably practicable to carry on the business in partnership with that partner[.]

---

[1] Tex. Bus. Orgs. Code § 1.008(f) states, "[t]he provisions of Chapters 151, 152, and 154 [ . . . ] may be cited as the "Texas General Partnership Law."

[2] Contrary to Defendants' Opposition [Dkt. No. 79] at p. 11, Plaintiffs are not seeking a "judicial decree that the partnership is dissolved"; rather, Plaintiffs seek to continue the Partnership following the requested "expulsion" of Defendants.

**Plaintiffs' Brief in Support of Injunctive Relief in Aid of Judicial Decree of Expulsion**
**Page 2**

Tex. Bus. Orgs. Code § 152.501(b)(5).

Plaintiffs have satisfied the following elements for a judicial decree of expulsion: (i) an application; (ii) by a partner; and (iii) proper findings of conduct by another partner constituting withdrawal. *See* Tex. Bus. Orgs. Code § 152.501(b)(5). Plaintiffs, who the jury determined are partners of the Partnership, satisfied the first and second elements when they—who are partners—made an application to the Court to expel Marco Princip and Brian Martin from the Partnership in their First Amended Complaint. (Dkt. No. 19, ¶¶ 136 – 137; Dkt. No. 66, Question No. 4.) Finally, the jury found that Marco Princip and Brian Martin engaged in conduct constituting withdrawal pursuant to Tex. Bus. Orgs. Code § 152.501(b)(5). (Dkt. No. 66, Question Nos. 19 – 20 (tracking the statutory language set forth in Tex. Bus. Orgs. Code § 152.501(b)(5)).) As such, Plaintiffs are entitled to a decree from this Court expelling Defendants Marco Princip and Brian Martin from the Partnership.

### 1. Tex. Bus. Orgs. Code § 152.501Bus. Orgs. Code § 152.501(b)(5)Legislature has expressly authorized the Court to issue.

Under the Texas General Partnership Law, a partner may leave a partnership through "withdrawal." Tex. Bus. Orgs. Code § 152.501. According to Tex. Bus. Orgs. Code § 152.056, an "event of withdrawal" is specifically defined Tex. Bus. Orgs. Code § 152.501(b). Withdrawal may occur through several means, but it is limited only to conduct that falls under the categories outlined in section 152.501(b) of the Texas Business Organizations Code. One such category under section 152.501(b) is a partner's expulsion by judicial decree. Tex. Bus. Orgs. Code

section 152.501(b)(5). To expel another partner by judicial decree, a partner must make an application to the court, upon which the court determines that the withdrawing partner has engaged in certain types of wrongful conduct. *Id.*

Since enacting section 152.501(b)(5) of the Texas Business Organizations Code, the Texas Legislature has made clear that a partner cannot unilaterally expel another partner merely by making an application for expulsion. Specifically, the legislature amended the statute in 2005 to clarify that an application was not enough: ***only a court*** may order expulsion upon a determination that the expelled partner engaged in wrongful conduct constituting withdrawal. *See* Act of May 17, 2005, 79th Leg., R.S., ch. 64 (H.B. 1319), § 78, 2005 Tex. Gen. Laws 111-113 (emphasis added). Additionally, Texas courts have long held that partners do not have the right to expel one of their own, absent an expulsion provision in a partnership agreement. *Bohatch v. Butler & Binion*, 977 S.W.2d 543, 545-547 (Tex. 1998); *Dillard v. Wholesale*, 286 S.W.2d 675, 677 (Tex. Civ. App.—Waco 1956, no writ).

Here, the parties did not have a partnership agreement containing an expulsion clause. Therefore, the only means by which Plaintiffs can expel Defendants from the partnership for their wrongful conduct lies exclusively within the power of this Court. Plaintiffs have satisfied the elements for a judicial decree of expulsion. (Dkt. No. 19, ¶¶ 136 – 137; Dkt. No. 66, Q. Nos. 19 – 20.)

> **2. The jury has already made the necessary "expulsion" determinations, so that the Court may simply incorporate and adopt such findings in a judicial decree of expulsion, granting Plaintiffs application.**

A judicial decree of expulsion requires findings that Defendants either:

> (A) engaged in wrongful conduct that adversely and materially affected the partnership business;
>
> (B) willfully or persistently committed a material breach of:
>
>> (i) the partnership agreement; or
>>
>> (ii) a duty owed to the partnership or the other partners under Sections 152.204-152.206; or
>
> (C) engaged in conduct relating to the partnership business that made it not reasonably practicable to carry on the business in partnership with that partner[.]

Tex. Bus. Orgs. Code § 152.501(b)(5). Questions nineteen (19) and twenty (20) of the Court's Charge to the Jury in this case contain statements which incorporate the findings required for expulsion in Tex. Bus. Orgs. Code § 152.501(b)(5) and further ask whether the jury agrees with any of those statements. (Dkt. No. 66.) The jury answered, "Yes" to both questions. *Id.* Thus, the jury has made findings of fact that support the legal conclusion that Marco Princip and Brian Martin engaged in conduct which constituted withdrawal for purposes of expulsion. *See* Tex. Bus. Orgs. Code § 152.501(b)(5).

In sum, Plaintiffs, who are partners, have made an application for expulsion, as they are statutorily entitled to do, and the jury has provided the Court with a sufficient factual basis to find that Defendants have withdrawn from the Partnership. The only remaining step to effectuate the jury's findings of

withdrawal is for this Court to enter a decree that incorporates the jury's findings and expels Marco Princip and Brian Martin from the Partnership.

The Texas Legislature has empowered this Court to issue such a decree. *See* Tex. Bus. Orgs. Code § 152.501(b); Act of May 17, 2005, 79th Leg., R.S., ch. 64 (H.B. 1319), § 78, 2005 Tex. Gen. Laws 111-113. Without a decree of expulsion from this Court, Plaintiffs would be denied a remedy to which they are entitled. *Id.* Indeed, the decree of expulsion is necessary in order to give full effect to the jury's unanimous verdict, which found that Defendants engaged in wrongful conduct constituting withdrawal. (Dkt. No. 66.)

### B. The VideoGames YouTube Channel is Partnership property.

Based upon well-established principles of partnership law, and the evidence at trial and the stipulated facts in the Joint Pretrial Order, the VideoGames YouTube Channel is property of the Partnership. (Dkt. No. 65, ¶ (b)(l), pp. 4-5.) Marco Princip does not have an individual claim of right to the channel. To the extent that Mr. Princip asserts a claim of right, such claim is directly controverted by the evidence, including the jury's findings, and the Joint Pretrial Order.

#### 1. The VideoGames YouTube Channel is Partnership property because it has the same name as the Partnership.

"Property is partnership property if acquired in the name of the partnership[.]" Tex. Bus. Orgs. Code § 152.102(a)(1). The name of the Partnership is the VideoGames YouTube Channel, to which the parties stipulated in the Pretrial Order. (Dkt. No. 65, pp. 4-5.) And the property at issue – the VideoGames YouTube

Channel – was literally acquired in the name of the Partnership. Contrary to Princip's post-verdict protestations (which lacked documentary proof), the clearly apparent fact is that the channel was literally acquired under and named for the Partnership: it is not the "Marko Princip YouTube Channel"; it is *the VideoGames YouTube Channel* (https://www.youtube.com/user/videogames). Thus, without the Joint Pretrial Order or the evidence (both of which are mentioned below), the name of the channel alone is demonstrates that the channel is property of the Partnership.

### 2. The VideoGames YouTube Channel is Partnership Property because it was purchased with Partnership funds.

If property is acquired with partnership property, it is presumed to be partnership property regardless of how title is held. Tex. Bus. Orgs. Code § 152.102(b). Absent a demonstrable contrary intention, property acquired with partnership funds is treated as partnership property. *Conrad v. Judson*, 465 S.W.2d 819, 828-829 (Tex. Civ. App.—Dallas 1971, writ ref'd n.r.e.).

As stipulated by the Parties in the Joint Pretrial Order, the VideoGames YouTube Channel was started with partnership property:

> Mr. Princip represented to Mr. Moss that he needed $1,500.00 to start the VideoGames YouTube Channel, and assured Mr. Moss that he would profit greatly from his investment. Acting on these representations made by Mr. Princip, Mr. Moss agreed to enter into the Partnership Agreement with Mr. Princip and invested the $1,500.00.

(Dkt. No. 56, p. 5.) Thus, the parties stipulated that David Tyler Moss's initial investment was made to start the channel. (Notable is the fact that Moss's

investment post-dates Mr. Keating's, meaning that (necessarily) the Channel had not be "start[ed]" even after Mr. Keating's investment.) Mr. Moss' $1,500.00 investment was the property of the Partnership, because it was contributed by Mr. Moss (a partner) to Mr. Princip (a partner) for the purpose of launching the VideoGames YouTube Channel. If Princip now claims that the $1,500 *was not* used to start the Channel, then it would seem that he's further confirming the jury's fraud verdict.

Indeed, Princip's post-verdict declaration appears to admit fraud because (contrary to the Joint Pretrial Order stipulation above), he states that the channel is his individual property obtained before the partnership was established. (Dkt. No. 79-1, Decl. of Marko Princip.) He argues, therefore, that the channel was and remains his separate property. It should be no surprise to this Court that Marco Princip, in an attempt to keep the channel for himself, has made a statement under oath that directly contradicts the Court's Joint Pretrial Order stipulation that "he needed $1,500.00 **to start** the VideoGames YouTube Channel." (Dkt. No. 56, p. 5.) (emphasis added).

As the Court is aware, Princip's defiance of the Court's Joint Pretrial Order is highly remarkable. "It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and ***governs the issues and evidence*** to be presented at trial." *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir.1998) (quoting *Branch–Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir.1991)) (emphasis added). The pretrial order is designed to narrow the evidence and claims

in dispute, thereby focusing and expediting the trial. *Elvis*, 141 F.3d at 206. Thus, the Court's Joint Pretrial Order and the stipulated facts therein constrain the parties' proof and thus prohibit Mr. Princip from establishing a fact contrary to the governing facts in the Court's Order.

> **3. The VideoGames YouTube Channel is Partnership property because the evidence shows that the parties intended the channel to be Partnership property.**

In determining the character of an asset for purposes of ownership in the area of partnership law, Texas courts have held that the parties' intent controls:

> While mere use of property by the partnership does not make it an asset of the partnership, the question of actual ownership is one of intention. [ . . . ]Under well-established partnership principles, ownership of property intended to be a partnership asset is not determined by legal title. The intention of the parties, as found by the jury and supported by the evidence, is controlling.

*Biggs v. First Nat. Bank of Lubbock*, 808 S.W.2d 232, 237 (Tex. App.—El Paso 1991, writ denied) (citing *Littleton v. Littleton*, 341 S.W.2d 484, 489 (Tex.Civ.App.—Houston 1960, writ ref'd n.r.e.).

In *Keller v. United States*, the Fifth Circuit reviewed the decisions of Texas state courts regarding the character of an asset that was acquired at the formation of a partnership. The Court reasoned:

> '[W]ell-established principles of Texas law provide that the intent of an owner to make an asset partnership property will cause the asset to be the property of the partnership.' [ . . . ] The Texas Supreme Court expressly relied on a purchasing partner's intent as controlling whether newly acquired property belonged to a partner or the partnership. [ . . . ] Texas courts have not directly addressed whether the *Logan* rule applies at partnership

> formation as it does during partnership operation and dissolution. However, they continually emphasize the controlling nature of partnership intent in comprehensive terms. To the extent this remains an unresolved question under Texas law, our "Erie guess" is that Texas courts would apply *Logan*, absent a contravening provision of the TRLPA, and would use intent in determining property ownership in an initial partnership capitalization.

*Keller*, 697 F.3d 238, 242-43 (5th Cir. 2012) (citing *Logan v. Logan*, 156 S.W.2d 507, 511-12 (Tex. 1941); *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 695 (5th Cir. 2011)).

In addition to the Joint Pretrial Order and the name of the channel itself, the evidence in this case demonstrates that the parties intended the channel to be Partnership property. For example, well over one year after the channel's launch, Princip confirmed to third party Broadband TV that Brandon Keating was a "30 percent owner of the Channel." (Pl's. Ex. No. 20.) Additionally, as stated in Plaintiffs' Exhibit No. 2, "the Partnership's primary purpose is to Ensure [sic] that David Tyler Moss earns 30% of what the channel earns, and anything associated with the 'VideoGames' brand." Thus, the channel is existential to the Partnership—it is the "primary purpose" of the partnership. So, of course it was the intent of the parties that the channel would be owned by the Partnership. To divorce the channel from the Partnership would undermine and destroy the very purpose of the Partnership, which is why (as confirmed by Plaintiff's Exhibit 20, in Princip's own words) the partners were and are "owner[s]" of the channel.

### C. The Court's entry of a permanent injunction is necessary to preserve this Court's Final Judgment and Decree of Expulsion.

The power of a federal court to protect and enforce its judgments is unquestioned. *United States v. New York Tel. Co.*, 434 U.S. 159, 168-69 (1977). Moreover, "[t]he equitable jurisdiction of a federal court extends to supplemental or ancillary bills brought for the purpose of effectuating a decree of the same court." *Hamilton v. Nakai*, 453 F.2d 152, 157 (9th Cir. 1971). The power of the court to issue an order to require compliance or to enforce its judgment 'follows from the principle that a court's power to afford a remedy must be coextensive with its jurisdiction over the subject matter.' *Id.*

The Supreme Court of the United States pronounced the standard for permanent injunctive relief as follows:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Eastman Chem. Co. v. PlastiPure, Inc.*, 969 F. Supp. 2d 756, 767 (W.D. Tex. 2013), aff'd, 775 F.3d 230 (5th Cir. 2014) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)). To establish irreparable injury "[a] plaintiff must allege specific facts." *ITT Educ. Servs. v. Arce*, 533 F.3d 342, 347 (5th Cir.2008) (internal quotations omitted). "[A]n injury is irreparable

and there is no adequate remedy at law [if] a multiplicity of suits would be required to gain relief." *Tex. Guaranteed Student Loan Corp. v. Arrangements, Inc.*, No. 3:07-CV-438-BH, 009 WL 1919553, at *3 (N.D.Tex. July 2, 2009) (internal quotations omitted). Here, Plaintiffs unremarkably seek an injunction to give effect to the relief they have requested. With Defendants judicially expelled, they should be compelled and enjoined in the manner requested by Plaintiffs (e.g., Defendants should be compelled to provide to Plaintiffs the log-in credentials for the Partnership's channel).

### III.  CONCLUSION

For the foregoing reasons, David Tyler Moss, and Brandon Keating respectfully request that the Court enter an order (i) expelling Marco Princip and Brian Martin from the Partnership, (ii) entering an injunction to effectuate the expulsion, and (iii) granting all other relief, in law or equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ Victor D. Vital
**Victor D. Vital**
Texas Bar No. 00794798
**BARNES & THORNBURG LLP**
2100 McKinney Avenue
Suite 1250
Dallas, Texas 75201-1803 U.S.A.
Direct: (214) 258-4124
Fax: (214) 258-4199
E-mail: victor.vital@btlaw.com

-AND-

WYDE & ASSOCIATES

By: /s/ Dan L. Wyde
Dan L. Wyde
Texas Bar No. 22095500
E-mail: wydelaw@gmail.com
10100 North Central Expressway, Suite 590
Dallas, Texas 75231
Tel: (214) 521-9100
Fax: (214) 521-9130

**ATTORNEYS FOR PLAINTIFFS**

### Certificate of Service

I certify that on April 18, 2016 I caused the foregoing document to be served by electronic means on all counsel of record.

/s/ Victor D. Vital
Victor D. Vital