```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION

DAVID TYLER MOSS AND BRANDON    (  CAUSE NO. 3:14-CV-3088-BF
KEATING                         )
                                (
       Plaintiffs,              )
                                (
vs.                             )
                                (
MARKO PRINCIP, Individually,    )
MARKO PRINCIP, d/b/a VIDEOGAMES(
YOUTUBE CHANNEL, MARKO PRINCIP,)
d/b/a GAME GUIDE, LLC,          (
VIDEOGAMES YOUTUBE CHANNEL,     )
AND BRIAN MARTIN                (  DALLAS, TEXAS
                                )  APRIL 1, 2016
       Defendants.              (  2:30 p.m.
```

---

VOLUME 5-B

---

TRIAL ON THE MERITS

BEFORE THE HONORABLE PAUL STICKNEY
UNITED STATES MAGISTRATE JUDGE
and a jury

---

SHAWN M. McROBERTS, RMR, CRR
1100 COMMERCE STREET, RM. 1654
DALLAS, TEXAS  75242
(214) 753-2349
shawn_mcroberts@txnd.uscourts.gov

```
 1                    A P P E A R A N C E S

 2      FOR THE PLAINTIFFS:   WYDE & ASSOCIATES
                              10100 NORTH CENTRAL EXPRESSWAY
 3                            SUITE 590
                              DALLAS, TEXAS   75231
 4                            (214) 521-9100
                              BY:  MR. DAN L. WYDE
 5
                              BARNES & THORNBURG, LLP
 6                            2100 McKINNEY AVENUE
                              SUITE 1250
 7                            DALLAS, TEXAS   75204
                              (214) 258-4124
 8                            BY:  MR. VICTOR D. VITAL

 9      FOR THE DEFENDANTS:   LAW OFFICES ROBERT D. WILSON
                              18111 PRESTON ROAD, SUITE 150
10                            DALLAS, TEXAS   75252
                              (214) 637-8866
11                            BY:  MR. ROBERT D. WILSON

12      OFFICIAL REPORTER:    SHAWN M. McROBERTS, RMR, CRR
                              1100 COMMERCE STREET, RM. 1654
13                            DALLAS, TEXAS   75242
                              (214) 753-2349
14

15

16

17

18

19

20

21

22

23

24

25
```

1        <u>V E R D I C T</u>

2        THE COURT: When we get these verdict forms -- It
3   took me probably 40 minutes to read all these questions. I
4   think what I'll do, and I want to ask if you have any
5   particular objections to it, is I'll ask the foreperson if
6   they've gone over all these questions, and I'll poll the jury
7   to make sure they all agree to all the questions, and I'll ask
8   them individually if this is their verdict, and then I'll read
9   the verdict. But I think I might just -- on the longer ones I
10  will just read the number. And you read along with me, and
11  I'll have them read along with me, and then I'll ask them
12  again if that's their verdict. Will that work for you, other
13  than read all the questions and the law that's attached and so
14  forth?

15        MR. VITAL: That works for us, Your Honor.

16        MR. WILSON: Do I understand you're going to say,
17  No. 1, answer is blank; No. 2, answer is blank?

18        THE COURT: Or some of the shorter ones I can read,
19  but the longer ones I don't want to.

20        MR. WILSON: No objection from the Defense, Your
21  Honor.

22        (Whereupon, the jury entered the courtroom.)

23        THE COURT: Be seated, please.

24     Who is the foreperson of the jury?

25        THE PRESIDING OFFICER: Me, sir.

```
 1              THE COURT:  Sir, has the jury reached a unanimous
 2   verdict?
 3              THE PRESIDING OFFICER:  Yes, Your Honor.
 4              THE COURT:  I do have the verdict form in front of
 5   me.  And, as we know, it is 40 pages long, and the last page
 6   has my signature, but it has your signature on the 39th page
 7   dated April 1st of this year?
 8              THE PRESIDING OFFICER:  Yes, Your Honor.
 9              THE COURT:  All right.  I'm going to go through and
10   ask all of the jurors if they agree with this verdict.  And
11   I'll just start with 1, 2, 3, 4, 5, 6, 7.
12         So foreperson, Juror No. 1, is this your verdict?
13              THE PRESIDING OFFICER:  Yes, it is.
14              THE COURT:  As to all questions did you answer them
15   according to what it says here?
16              THE PRESIDING OFFICER:  Yes, we did.
17              THE COURT:  All right.  Juror No. 2, is this your
18   verdict?
19              JUROR NO. 2:  Yes.
20              THE COURT:  Juror No. 3, is this your verdict?
21              JUROR NO. 3:  Yes.
22              THE COURT:  Juror No. 4, is this your verdict?
23              JUROR NO. 4:  Yes, Your Honor.
24              THE COURT:  Juror No. 5, is this your verdict?
25              JUROR NO. 5:  Yes, Your Honor.
```

1  THE COURT: Jury No. 6?
2  JUROR NO. 6: Yes, Your Honor.
3  THE COURT: And Juror No. 7, is this your verdict?
4  JUROR NO. 7: Yes, Your Honor.
5  THE COURT: I will ask you once again after I read
6  it, but I am going to read some of these just the number and
7  the answer and not the whole thing again, just so you know.
8  And so do you have your jury forms there, or did we leave them
9  in there?
10  THE COURT SECURITY OFFICER: Let me grab them, sir.
11  THE COURT: Because, rather than read them all, I
12  think it's easier if I just go through and have you follow
13  along with me, and that way at the end when I ask you, having
14  had me pronounce the verdict, if this is your verdict, I will
15  ask it once again. It might cut 30 minutes off of this.
16  All right. Thank you.
17  As to the verdict form, Question No. 1, "Did Princip fail
18  to comply with the partnership agreement with Moss?"
19  Answer, "Yes."
20  Question No. 2, "Did Princip and Keating agree to a
21  membership agreement?"
22  Answer, "Yes."
23  Question No. 3, "Did Princip fail to comply with the
24  membership agreement with Keating?"
25  Answer, "Yes."

1       Question No. 4, this is the question that determines the
2   percentage of partnership.
3       The answer is "Moss, 30 percent; Keating 30 percent;
4   Princip, 20 percent; Martin 20 percent."
5       Then I'm turning to Questions 5, 6, 7, and 8.
6       Question No. 5, "Did Princip comply with his fiduciary
7   duty to Moss?"
8       Answer, "No."
9       Question No. 6, "Did Princip comply with his fiduciary to
10  Keating?"
11      Answer, "No."
12      Question 7, "Did Martin comply with his fiduciary duty to
13  Moss?"
14      Answer, "No."
15      Question 8, "Did Martin comply with his fiduciary duty to
16  Keating?"
17      Answer, "No."
18      Questions 9 and 10, "Did Princip commit fraud against
19  Moss?"
20      Answer, "Yes."
21      "Did Princip commit fraud against Keating?"
22      Answer, "Yes."
23      Question No. 11, "Did Martin wrongfully exercise dominion
24  or control over personal property owned or possessed by Moss?"
25      Answer, "Yes."

1         Question No. 12, "Did Martin wrongfully exercise dominion
2    or control over personal property owned or possessed by
3    Keating?"
4         Answer, "Yes."
5         Question No. 13 and 14.  Question 13, "Did Martin
6    intentionally interfere with Princip/Moss partnership
7    agreement?"
8         Answer, "Yes."
9         Question 14, "Did Martin intentionally interfere with the
10   Princip/Keating/Moss agreement?"
11        Answer, "Yes."
12        Questions 15, 16, 17, and 18.  Question No. 15, "Was
13   Princip part of a conspiracy with Martin that damaged Moss?"
14        Answer, "Yes."
15        Question No. 16, "Was Princip part of a conspiracy with
16   Martin that damaged Keating?"
17        Answer, "Yes."
18        Question No. 17, "Was Martin part of a conspiracy with
19   Princip that damaged Moss?"
20        Answer, "Yes."
21        Question No. 18, "Was Martin part of a conspiracy with
22   Princip that damaged Keating?"
23        Answer, "Yes."
24        Question No. 19, "Do you agree with any of the following
25   three statements?"

1          It lists the statements, and it answers, "Yes."
2          Question No. 20, "Do you agree with the following three
3    statements?"
4          And it lists the three statements, and the answer is,
5    "Yes."
6          Question No. 21, "What sum of money, if any, if paid now
7    in cash would fairly and reasonably compensate Moss for his
8    damages, if any, that result from such a failure to comply
9    such failure to comply?"
10         One, "Loss of contract of royalty in the past?"
11         Answer, "$725,000."
12         "Loss of contracted royalty that in reasonable
13   probability would be sustained in the future?"
14         Answer, "$731,700."
15         And I see that under that you put your calculations.
16              THE PRESIDING OFFICER:  Yes, sir.
17              THE COURT:  Explained why you came up with those
18   figures.
19              THE PRESIDING OFFICER:  Yes, sir.
20              THE COURT:  Okay.
21         Question No. 22, "What sum of money, if any, if paid now
22   in cash would fairly and reasonably compensate Keating that
23   result from such failure to comply?"
24          One, "Loss of contracted royalty in the past?"
25         Answer, "$725,000."

1      Two, "Loss of contracted royalty that in reasonable
2  probability will be sustained in the future?"
3      Answer, "$731,700."
4      And then you list "same calculations as in the previous
5  question."
6           THE PRESIDING OFFICER:  Yes, sir.
7           THE COURT:  Question No. 23, "What sum of money, if
8  any, if paid now in cash would fairly and reasonably
9  compensate Moss for his damages, if any, that were proximately
10 caused by such conduct?"
11     "Loss of contracted royalty in the past?"
12     Answer, "$700,000."
13     Two, "Loss of contracted royalty that in reasonable
14 probability would be sustained in the future?"
15     Answer, "$1,500,000."
16     Question No. 24 for Keating -- The first one was for
17 Moss, and for Keating.
18     "Loss of contracted royalty in the past?"
19     Answer, "$600,000."
20     Two, "Loss of contracted royalty that in reasonable
21 probability will be sustained in the future?"
22     Answer, "$1,500,000."  This is again question No. 24.
23     Questions 25, 26, 27, and 28.  "If you believe by clear
24 and convincing evidence that Princip/Martin acted with actual
25 fraud, or with a specific intent to cause substantial injury

1  or harm to Moss/Keating, then what sum of money, if any, if
2  paid now in cash should be assessed against Princip/Martin and
3  awarded to Moss/Keating as exemplary damages for the conduct?"
4        Answer, No. 25, for Princip as to Moss.
5        Answer, "$3 million."
6        Question No. 26, for Princip as to Keating.
7        Answer, "$3 million."
8        Question No. 27, for Martin as to Moss.
9        Answer, "$5 million."
10       For Martin as to Keating.
11       Answer--this is No. 28--"$5 million."
12       Question No. 29, "Did Moss or Keating waive their claim
13  for damages based on the fact that Moss or Keating did not
14  participate in the partnership?"
15       Answer, "No" for Moss.
16       Answer for Keating, "No."
17       Question No. 30, "Should Moss or Keating be barred from
18  asserting their claims for damages by the theory of quasi
19  estoppel?"
20       Answer for Moss, "No."
21       Answer for Keating, "No."
22       Again, signed on page 39 by the foreperson.
23       Now I'll ask the foreperson, is this your verdict?
24            THE PRESIDING OFFICER:  Yes, Your Honor.
25            THE COURT:  As to all the questions?

```
 1                THE PRESIDING OFFICER:  Yes, Your Honor.
 2                THE COURT:  Juror No. 2, is this your verdict as to
 3     all the questions?
 4                JUROR NO. 2:  Yes, Your Honor.
 5                THE COURT:  Juror No. 3, is this your verdict as to
 6     all the questions?
 7                JUROR NO. 3:  Yes, Your Honor.
 8                THE COURT:  Juror No. 4, is this your verdict as to
 9     all the questions?
10                JUROR NO. 4:  Yes, Your Honor.
11                THE COURT:  Juror No. 5, is this your answer to all
12     the questions?
13                JUROR NO. 5:  Yes, Your Honor.
14                THE COURT:  Juror No. 6, is this your answer to all
15     the questions?
16                JUROR NO. 6:  Yes, Your Honor.
17                THE COURT:  Juror No. 7, is this your answer to all
18     the questions?
19                JUROR NO. 7:  Yes, Your Honor.
20                THE COURT:  Anything further from the Plaintiff?
21                MR. VITAL:  Nothing from the Plaintiffs, Your Honor.
22                THE COURT:  From the Defendants?
23                MR. WILSON:  Not at this time, Judge.
24                THE COURT:  Thank you so much for your service.
25           We have a local rule in our district, in the Northern
```

1  District of Texas, that says that the lawyers are not allowed
2  to speak to the jurors after a case.  However, I do get to
3  talk to you, and I'll come back in a minute while you are
4  gathering your things and thank you personally, and on behalf
5  of counsel.
6       They both tried a good case, and I know how much they
7  appreciate the attentiveness that you gave to this case.  I've
8  never seen actually a jury that was so focused on everything
9  that you were.  I mean, you were paying attention to every
10 detail, and we really appreciate that.  We can't ask for more.
11      So, again, thank you for your service.
12      Please rise for the jury.
13           (Whereupon, the jury left the courtroom.)
14           THE COURT:  Be seated.
15      What else for the Plaintiff?
16           MR. VITAL:  Nothing -- Well, actually may I have a
17 moment to consult with Mr. Wyde?
18           THE COURT:  Sure.
19      Mr. Wilson, what for the Defendants?
20           MR. WILSON:  We have nothing at this time, Judge.
21           THE COURT:  All right.  One thing I do need is we
22 neglected to have you sign the exhibit list that went back to
23 the jury.  I probably need you to sign that for the records.
24 There is an exhibit list that went back to the jury and I need
25 counsel's signature on that.

```
1              MR. VITAL:  Do you have that, Your Honor?
2              THE COURT:  Ian's got it.
3              MR. VITAL:  Your Honor, while he's getting that, may
4    I be heard at the lectern?
5         The Plaintiffs actually do have a matter that's
6    previously been before the Court.
7              THE COURT:  Oh, the Receiver?
8              MR. VITAL:  Either Receiver or some provisional
9    relief on the temporary basis.
10             THE COURT:  You need to renew your motion in writing
11   for me.
12             MR. VITAL:  Okay.  I can go back to -- We can go
13   back to the office and get that on file immediately.
14             THE COURT:  Because I want Mr. Wilson to be able to
15   respond.
16             MR. VITAL:  Absolutely.  I totally understand.
17        What I would ask the Court, and I think the Court has the
18   inherent authority to do so, is to protect the Plaintiffs
19   between the time we leave the courtroom to the time we upload
20   such papers to Pacer, which I will not go home tonight until
21   that is done, so that whatever the appropriate relief is to
22   include non-access to any business, any accounts, Twitter, et
23   cetera, essentially to not do anything with respect to this
24   business until we get our papers up.
25             THE COURT:  Mr. Princip and Mr. Martin, you can in
```

1  no way damage or in anyway interfere with this business now
2  that there's a verdict of the jury and awards controlling
3  ownership of it, or at least 60 percent of a partnership to
4  it.  So be very careful what you do, because I don't want it
5  to come back and bite you.
6      Thank you.
7           MR. VITAL:  We will have papers up immediately, Your
8  Honor.
9           THE COURT:  Thank you.  All right.  I'm going to
10 meet with the jury.  Thank you both for a well-tried case,
11 both sides.
12          MR. VITAL:  Mr. Wyde was asking if we can get a
13 date, and I would be presumptuous that if we get papers up
14 asking for an immediate hearing that --
15          THE COURT:  I will set it as soon as I can, but I
16 did want Mr. Wilson to be able to have an opportunity to
17 respond.
18          MR. VITAL:  Absolutely.  I agree, Your Honor.  Thank
19 you very kindly.
20          THE COURT:  And I'll ask the Plaintiff to prepare
21 the judgment for me to sign.
22          MR. VITAL:  Absolutely.
23          THE COURT:  Run it past for Wilson for form.
24          MR. VITAL:  Yes, Your Honor.  Thank you.
25          (The proceedings were concluded at 2:59 p.m.)

1    I HEREBY CERTIFY THAT THE FOREGOING IS A
2    CORRECT TRANSCRIPT FROM THE RECORD OF
3    PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
4    I FURTHER CERTIFY THAT THE TRANSCRIPT FEES
5    FORMAT COMPLY WITH THOSE PRESCRIBED BY THE
6    COURT AND THE JUDICIAL CONFERENCE OF THE
7    UNITED STATES.
8
9    S/Shawn McRoberts                    04/18/2016
10   _____DATE_____
     SHAWN McROBERTS, RMR, CRR
11   FEDERAL OFFICIAL COURT REPORTER
12
13
14
15
16
17
18
19
20
21
22
23
24
25