IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYLER MOSS AND BRANDON KEATING | § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| Vs. | § | 3:14-CV-03088-M |
| | § | (JURY) |
| MARKO PRINCIP, Individually, MARKO PRINCIP d/b/a VIDEOGAMES YOUTUBE CHANNEL, MARKO PRINCIP d/b/a ACHIEVEMENT GUIDE, MARKO PRINCIP d/b/a GAME GUIDE, LLC, VIDEOGAMES YOUTUBE CHANNEL, AND BRIAN MARTIN | § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR TURNOVER, APPOINTMENT OF TURNOVER RECEIVER UNDER FRCP 66 AND CPRC §31.002, AND APPOINTMENT OF RECEIVER UNDER FRCP 66 AND CPRC §64.001 AGAINST DEFENDANT BRIAN MARTIN**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME DAVID TYLER MOSS and BRANDON KEATING, PLAINTIFFS in the above-referenced matter and Movants herein, and bring this Motion for Turnover, Appointment of Turnover Receiver pursuant to FED. RULES OF CIV. PROC. 66 and TEX. CIV. PRAC. & REM. CODE §31.002, and Appointment of Receiver pursuant to FED. RULES OF CIV. PROC. 66 and TEX. CIV. PRAC. & REM. CODE §64.001 against Defendant Brian Martin. Plaintiffs would show the

Court as follows:

## PROCEDURAL BACKGROUND

Plaintiffs and Defendants in the above styled and numbered case ... A true and correct copy of the Final Judgment is attached hereto as **Exhibit A.** The Final Judgment orders and decrees that Defendant Brian Martin, among others, is jointly and severally liable to Plaintiffs in the amount of $4.325 million for actual damages and also owes an additional $8.7 million to the Plaintiffs in exemplary damages. Defendant Marko Princip, in addition to his joint and several liability on the actual damages owed to the Plaintiffs, owes an additional $6 million to the Plaintiffs for exemplary damages. The Final Judgment is now final, fully enforceable, and the amounts stated therein are due. The Final Judgment remains unsatisfied. The Defendants in this cause have utterly failed to respond to any and all post-judgment discovery and have at points in the past demonstrated, against express and explicit orders of this Court, the willingness and ability to exercise their control over business interests and property of the Plaintiffs in a very negative way, thereby causing irreparable harm to the value of said business interests and property. The Plaintiffs are very concerned about the Defendants' predilection towards and history of harming the value of property that could properly be used (whether liquidated or not) in partial satisfaction of the judgment entered in this cause. The Plaintiffs feel very justified in asking for a turnover order against the Defendants and for the appointment of a receiver.

## PARTIES

Plaintiffs/Movants are David Tyler Moss and Brandon Keating, and they are judgment creditors in this cause.

Defendants/Respondents are Marko Princip, Marko Princip D/B/A VideoGames

YouTube Channel, Marko Princip D/B/A Achievement Guide, Marko Princip D/B/A Game Guide, LLC, and Brian Martin, and they are judgment debtors in this cause. Defendants may be served by and through their attorney of record, Mazin Sbaiti, in accordance with the Federal Rules of Civil Procedure.

## JURY VERDICT

At the conclusion of a week-long trial, the jury determined that a partnership existed between Plaintiffs David Tyler Moss ("Moss") and Brandon Keating ("Keating") (collectively, the "Plaintiffs") and Defendants Marko Princip ("Princip") and Brian Martin ("Martin") (collectively, the "Defendants"). Specifically, the jury determined that Moss and Keating each had 30 percent ownership of the YouTube Channel Partnership, amounting to 60 percent ownership by the Plaintiffs, and the Defendants Princip and Martin each had 20 percent ownership in the YouTube Channel Partnership, amounting to 40 percent ownership by the Defendants. The Jury also found that Princip and Martin owed a fiduciary duty to Plaintiffs Moss and Keating and that the Defendants did not comply with said fiduciary duty. Further, the jury found that Princip committed fraud against both Moss and Keating, and Martin wrongfully exercised control over personal property owned or possessed by Moss and Keating. The jury also found that both Princip and Martin conspired to intentionally interfere with the Princip/Moss partnership agreement, and said conspiracy damaged the Plaintiffs. Lastly, the jury found that both Princip and Martin engaged in wrongful conduct that adversely and materially affected the partnership, that the Defendants both willfully or persistently materially breached their obligations regarding the partnership, and that the Defendants' conduct relating to the YouTube partnership made it not reasonably practicable to carry on the business in partnership. *See* Court's Charge (D.E. 66 at 20-29). Judgment was entered on April 15, 2016 against the

Defendants Martin and Princip on Plaintiff Moss' claims for breach of fiduciary duty, fraud, tortious interference, and conspiracy. *See* Final Judgment (D.E. 86 at 2). The jury assessed actual damages, to be paid from the Defendants to the Plaintiffs, as follows: Princip is to pay $2,225,000.00 to Moss and $2,100,000.00 to Keating, and Martin is to pay $2,225,000.00 to Moss and $2,100,000.00 to Keating. The jury also assessed exemplary damages, to be paid from the Defendants to the Plaintiffs, as follows: Princip is to pay $3,000,000.00 to Moss and $3,000,000.00 to Keating, and Martin is to pay $4,500,000.00 to Moss and $4,200,000.00 to Keating. *See* Court's Charge (D.E. 66 at 31-36).

## REQUESTED RELIEF

Plaintiffs are seeking a turnover order, requiring Defendant Brian Martin to turn over to a receiver the following:

    a.   Any and all interest in or information he has regarding FuturisticHub.com a YouTube Channel;

    b.   Any and all interest in or information he has regarding TopTrends.com, a YouTube Channel.

    c.   An as yet uncashed check in the amount of $20,000.00 (twenty thousand dollars) made payable to Brian Martin from Studio 71, the network which hosts the VideoGames YouTube Channel.

    d.   Any and all social media credentials, password, account details, or other identifying and managerial information for any and all Twitter accounts, Instagram accounts, and Facebook accounts involving, sponsored by, alluding to, or referencing the VideoGames.com YouTube Channel, FuturisticHub.com YouTube Channel, and TopTrends.com YouTube Channel.

Additionally, as the Movants are the Plaintiffs and judgment creditors in this cause, the Plaintiffs also move this Court to appoint a receiver to collect the revenue from all appropriate business entities, YouTube channels, and other cyber ventures of the parties in the cause at bar. This receiver would be for the express purpose of collecting judgment in this cause.

## GROUNDS FOR REQUESTED RELIEF

Pursuant to the Federal Rules of Civil Procedure, Rule 66, Plaintiffs request the Court to appoint a receiver to collect the judgment. Defendant Martin owns property, including present or future rights to property, that cannot readily be attached or levied on by ordinary legal process and that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities, to wit his ownership and interest in FuturisticHub.com a YouTube Channel. As previously noted, the judgment remains unsatisfied, no supersedeas bond has been posted, despite the Court's ruling of July 20, 2016, in Document 124 of this case, which requires the Defendants to post a supersedeas bond in the amount of $22,320,250.00 if they desire to stay the execution of the judgment or forthcoming amended judgment (D.E. 124).

## EXTENDED NOTICE

This motion is being filed with extended notice to Defendants to allow Defendants time to make arrangements to pay the judgment. Defendants are notified of Plaintiffs' willingness to consider an installment payment plan. If this matter is heard by the Court, the parties were unable to reach an agreement and Plaintiff respectfully submits that it is entitled to aid from the Court to collect the judgment.

## RECEIVERSHIP

Plaintiffs request that the Court appoint a receiver over the properties described above and authorize broad powers but require the receiver to obtain further court order, or

approval of Defendants, before any disbursement of funds.  The Court will continue to monitor the receivership, and no funds will be paid without either Defendants' written agreement or further court order.

## ARGUMENT AND AUTHORITIES

Federal law governs the issue of whether to appoint a receiver in a diversity action.  Fed. R. Civ. P. 66; *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 842-43 (9th Cir.2009).  The appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles.  Fed. R. Civ. P. 66; *Aviation Supply Co. v. RSBI Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir.1993).  Regardless of whether state law provides a vehicle by which to appoint a receiver, federal courts are free to provide that remedy solely by virtue of their equitable powers.  *LaPeter*, 563 F.3d at 843.   Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are:

1. A valid claim by the party seeking the appointment;

2. The probability that fraudulent conduct has occurred or will occur to frustrate that claim;

3. Imminent danger that property will be concealed, lost, or diminished in value;

4. Inadequacy of legal remedies;

5. Lack of a less drastic equitable remedy; and

6. Likelihood that appointing the receiver will do more good than harm.

*Aviation Supply Co.,* 999 F.2d at 316-17.  In addition, the Court may also consider other factors, such as the financial position of the defendant, the probability that harm to the moving party by denial of appointment could outweigh to parties opposing appointment, and whether the moving parties interests sought to be protected will in fact be well served by receivership.  *Brill*

*& Harrington Inv., et al v. Vernon Sav. & Loan Ass'n, et al*, 787 F.Supp. 250, 253-54 (D.E.C. 1992).

In this case, these factors apply as follows:

Plaintiffs have a valid claim. Plaintiffs are partners, owners, and investors in the VideoGames YouTube Channel and have brought claims for common-law fraud, breach of fiduciary duty, breach of partnership agreement, conversion, money had and received, tortious interference with existing contracts, conspiracy, declaratory relief, injunctive relief, and other relief against the Defendants.

All of the websites/YouTube Channels described and named with specificity above are related to the business agreement and fiduciary relationship that the parties had and that the jury found overwhelmingly that the Defendants were in serious breach of.

The Plaintiffs have a justifiable fear that the Defendants, as has been their modus operandi in the past, will cause imminent harm to the Plaintiffs' property and will act to undermine the financial viability of these cyber ventures.

This imminent harm will cause Plaintiffs irreparable injury in that Plaintiff will likely lose revenues/profits/money from the partnership that they are each entitled to 30% of, and the partnership's interests will be harmed. Defendants Brian Martin and Marko Princip has wholly and completely refused and failed to comply with any and all post judgment discovery requests propounded by the Plaintiffs. As a result, Plaintiffs' damages are not presently ascertainable or easily calculated, due to Defendants' breach of fiduciary duty, fraud, breach of partnership agreement, conversion, money had and received, tortious interference with the Plaintiffs' partnership contracts, and conspiracy.

Legal remedies are inadequate because damages cannot be calculated at this time, and

damages cannot be calculated in the event that the VideoGames YouTube Channel, the FuturisticHub.com YouTube Channel, and/or the TopTrends YouTube Channel is/are sold, closed, removed, or deleted. The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir.1992) (citing *Ferrero v. Assoc. Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir.1991)).

The legal remedy of damages is only illusory if Defendants have hidden and/or spent funds that would be used to satisfy a judgment for damages, Defendants would otherwise be unable or unwilling to pay, and Plaintiffs cannot access the FuturisticHub.com YouTube Channel or the TopTrends.com YouTube Channel because it has been sold, transferred, or deleted. A theoretical right to recover money damages will not constitute an adequate legal remedy where difficulties in the collection of any judgment render that remedy illusory. *Winston v. Gen. Drivers, Warehousemen & Helpers*, 879 F.Supp. 719, 725 (W.D.Ky.1995) (citing *Peabody Coal v. UMW*, 416 F.Supp. 485 (E.D.Ill.1976)). Defendant Marko Princip has stated that he will not pay--and even act to avoid--the effect of a judgment against the Defendants, and that he would sell or delete the VideoGames YouTube Channel in the event that he is ordered to relinquish control of the VideoGames YouTube Channel. We can assume that such behavior and stated intent would attribute, as well, to his actions towards FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel.

It is likely that the appointment of a receiver for the FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel would do more good than harm. With a receiver, monies paid to the FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel can be properly accounted for and maintained, and preserved to pay toward any

judgment that Plaintiffs might obtain. Further, a receiver can help protect the FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel from the risk of termination by YouTube due to rules violations, and protect the FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel from the risk of further litigation from other individuals or entities who have agreed to conduct business with the FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel.

Finally, Tex. Bus. Orgs. Code §11.404 provides that the Court may appoint a receiver for a partnership in an action brought by a partner when:

> The governing persons of the entity are deadlocked in the management of the entity's affairs, the owners or members of the entity are unable to break the deadlock, and irreparable injury to the entity is being suffered or is threatened because of the deadlock;

> The actions of the governing persons of the entity are illegal, oppressive, or fraudulent; or

> The property of the entity is being misapplied or wasted.

Plaintiffs would assert that all three of these available conditions for appointment of a receiver are satisfied here by the actions of Defendants as complained of in the lawsuit and herein.

## COSTS

Plaintiffs request an award of all costs for an appointed receiver to be taxed as costs of Court and assessed against Defendants, to the extent allowed by law. Plaintiffs request that following notice and hearing, Defendants be ordered to pay the fees for a receiver.

## ATTORNEY'S FEES

It was necessary to secure the services of WYDE & ASSOCIATES, licensed attorneys, to enforce and protect the rights of David Tyler Moss and Brandon Keating, Plaintiffs. Defendants

should be jointly and severally ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Defendants and be ordered paid directly to the WYDE & ASSOCIATES, who may enforce the judgment in the attorney's own name.  Plaintiffs request postjudgment interest as allowed by law.

## REQUESTED RELIEF

Plaintiffs request that, after notice and hearing, the Court appoint a receiver and make the following orders:

1) That the receiver shall seize control of the FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel, the assets of both channels, any financial accounts maintained by the FuturisticHub.com YouTube Channel and/or TopTrends.com YouTube Channel, and any financial accounts belonging to Defendants that have received monies earned by the VideoGames YouTube Channel or by FuturisticHub.com YouTube Channel and/or TopTrends.com YouTube Channel;

2) That the Court appoint a receiver over the VideoGames YouTube Channel and the FuturisticHub.com YouTube Channel and authorize broad powers but require the receiver to obtain further Court order, or approval of Plaintiffs, before any disbursement of funds.  Plaintiffs pray that the Court will continue to monitor the order.

3) That the Defendants shall turn over and disclose all financial information regarding the FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel (including but not limited to tax returns and financial statements) since the inception of the FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel to the receiver within 30 days after the order appointing a receiver is entered by the Court;

    4)  That the receiver prepare an accounting and inventory of the FuturisticHub.com YouTube Channel's and TopTrends.com YouTube Channel's revenues, profits, losses, and assets since inception, to be delivered to all parties within 90 days of the issuance of the order appointing the receiver;

    5)  That Defendants shall immediately surrender the login credentials to the FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel to the receiver, who shall create new login credentials.  The new login credentials shall not be disclosed until this litigation has ended, by agreement of the parties, or by further order of the Court;

    6)  That the Court will enter an order of commitment to place Defendant Brian Martin in the custody of the United States Marshal Service if he does not immediately disclose and surrender log-in credentials for the FuturisticHub.com YouTube Channel and TopTrends.com YouTube Channel to Plaintiffs upon appointment of a receiver, and that Defendant Brian Martin shall remain in custody of the United States Marshall Service with no contact with any person(s) other than Counsel until he discloses and surrenders the log-in credentials to the receiver;

    7)  That the Court award Plaintiffs all costs incurred in obtaining a receiver, assess and tax the costs for the receiver against Defendants, and order Defendants to pay the fees for a receiver;

    8)  That the Court award reasonable and necessary attorney fees as requested herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, DAVID TYLER MOSS and BRANDON

KEATING, PLAINTIFFS, pray that the Court will GRANT their Motion for a Turnover Order, GRANT their Motion to Appoint to Receiver, GRANT the relief requested herein, award Plaintiffs reasonable and necessary attorney's fees, and GRANT any other relief which the Court may find appropriate, at law or in equity.

Respectfully submitted,

WYDE & ASSOCIATES

By: */s/ Dan L. Wyde*
Dan L. Wyde
Texas Bar No. 22095500
Email: wydelaw@gmail.com
10100 North Central Expressway, Suite 590
Dallas, Texas 75231
Tel. (214) 521-9100
Fax. (214) 521-9130
Attorney for Plaintiffs
David Tyler Moss and Brandon Keating

CERTIFICATE OF CONFERENCE

A conference was held prior to filing this Motion. Plaintiffs' counsel called the office of Defendants' counsel was opposed to the Motion.

Certified to the Day of July 20, 2016 by

>*/s/ Dan L. Wyde*
> Dan L. Wyde
> Attorney for Plaintiffs

CERTIFICATE OF SERVICE

On July 20, 2016, I electronically submitted the above and foregoing Plaintiffs' Motion for Turnover Order and Motion to Appoint Receiver with the clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>*/s/ Dan Wyde*
> Dan L. Wyde
> Attorney for Plaintiffs
> Server

**PLAINTIFFS' MOTION FOR TURNOVER,**
**APPOINTMENT OF TURNOVER RECEIVER UNDER CPRC §31.002,**                                       PAGE
**AND APPOINTMENT OF RECEIVER UNDER CPRC §64.001**
**AGAINST DEFENDANT BRIAN MARTIN**