IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYLER MOSS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:14-cv-03088-BT |
| | § | |
| MARKO PRINCIP, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Brian Martin's Motion for Post-Judgment Relief Pursuant to Federal Rule of Civil Procedure 60(d) (ECF No. 169). In his Motion, Martin asks the Court to vacate or alter the final judgment in this case, which was entered against Defendants on April 15, 2016 and affirmed by the Fifth Circuit on January 16, 2019. S*ee* Final. J. (ECF No. 86); Mandate (ECF No. 164). For the following reasons, the District Judge should DENY Martin's Motion.

**Background**

This action centers around a series of agreements among Marko Princip, Brandon Keating, David Moss, and Brian Martin regarding the management and operation of a "VideoGames YouTube Channel." *See generally* First Am. Compl. (ECF No. 19). When the business relationships

1

amongst the parties soured, Moss and Keating brought claims in Texas state court against Princp and Martin for—among other things—fraud, breach of fiduciary duty, breach of contract, and conversion. Defendants Princp and Martin removed the case to federal court. *See* Notice of Rem. (ECF No. 1). Plaintiffs subsequently amended their pleadings, adding claims for conspiracy and tortious interference with an existing contract, and for declaratory relief to determine the identities and rights of the partners, owners, and investors in the partnership. *See generally* First Am. Compl. (ECF No. 19).

When the parties failed to settle their dispute at mediation early in the litigation, they consented to trial before a United States Magistrate Judge "conditioned on Magistrate Judges Stickney or Kaplan only." Jt. Rep. 5 (ECF No. 12). The Court later transferred the case to United States Magistrate Judge Paul D. Stickney "for the conducting of all further proceedings and the entry of judgment, in accordance with 28 U.S.C. § 636(c) and the . . . consent of the parties." Order (ECF No. 42).

Judge Stickney presided over a jury trial from March 28, 2016, to April 1, 2016. *See* ECF Nos. 58-64. The jury found a partnership among Moss, Keating, Princp, and Martin—with Moss and Keating each owning 30% of the partnership, and Princp and Martin each 20%. It also awarded Moss and Keating $2,100,000 each in compensatory damages from Princp and Martin, jointly and severally; $5,000,000 each in exemplary damages from

Martin; and $3,000,000 each in exemplary damages from Princip. *See* Jury Charge (ECF No. 66).

Before Judge Stickney entered final judgment, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 80) arguing that the court lacked jurisdiction over the case because complete diversity of parties did not exist. On the same day, Plaintiffs filed a Rule 21 Motion to Dismiss Dispensable Nondiverse Parties (ECF No. 81) seeking to cure the lack of diversity of parties by expelling nondiverse Defendants Videogames YouTube Channel and Game Guide, LLC. Judge Stickney granted Plaintiffs' Motion and dismissed the dispensable, nondiverse parties. Order (ECF No. 84). Judge Stickney also denied Defendants' subsequent motion to reconsider. Order (ECF No. 96). Thereafter, Judge Stickney entered final judgment on the jury's verdict. *See* J. (ECF No. 86).

Martin now contends that the final judgment was "procured by fraud of an officer of the Court." Mot. 5 (ECF No. 169). Specifically, he argues that Attorney Robert D. Wilson falsely represented to the Court that he was Martin's attorney in the underlying action and took actions purportedly on Martin's behalf without Martin's consent or knowledge—including agreeing to accept service on Martin's behalf, removing the action to federal court, and consenting to a trial before a United States Magistrate Judge. According to Martin, Wilson's "fraud" warrants relief from the judgment under Rule 60(d)(3).

3

No other party filed a response to Martin's Motion. Thus, the Court considers the Motion without the benefit of a response.

## Preliminary Matters

Pursuant to the Federal Magistrate Act, a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" if he is specially designated by the district court and all the parties' voluntary consent is obtained. 28 U.S.C. § 636(c)(1); *PNC Bank, Nat'l Ass'n v. Ruiz*, 989 F.3d 397, 400-02 (5th Cir. 2021). The parties' consent must be to a magistrate judge generally or a specifically named magistrate judge—and there is no consent to proceeding before a magistrate judge if the parties consented only to a different, specifically named magistrate judge. *See Mendes Jr. Int'l Co. v. M/V Sokai Maru*, 978 F.2d 920, 922-24 (5th Cir. 1992).

In their Joint Report, the parties consented to proceed before Judge Stickney or Judge Kaplan, *see* Jt. Rep. 5 (ECF No. 12), and the District Judge reassigned the case specifically to Judge Stickney, *see* Order (ECF No. 42). Judge Stickney has since retired from service as a United States Magistrate Judge. No party consented to proceed before the undersigned. Accordingly, the undersigned issues Findings, Conclusions, and a Recommendation to the District Judge for the disposition of Martin's Rule 60(d) motion under 28 U.S.C. § 636(b)(1).

4

**Legal Standards and Analysis**

A party may seek relief from a judgment or court order under Federal Rule of Civil Procedure 60. Under Rule 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding" for reasons including "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]" Fed. R. Civ. P. 60(b)(3). But "[u]nder the express terms of the rule, 60(b)(3) motions must be made within a reasonable time, not more than one year, after the challenged judgment was entered." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337 (5th Cir. 1978).

On the other hand, Rule 60(d)(3) "functions as a saving clause: it allows courts to 'set aside a judgment for fraud on the court' without a strict time bar." *Bowman v. Stephens*, 2015 WL 4635935, at *1 (N.D. Tex. Aug. 4, 2015); *see also Rozier*, 573 F.2d at 1337–38 (Rule 60(d)(3) motion alleging fraud on the court is "not subject to any time limitation"). Consequently, the standard under Rule 60(d)(3) to prove "fraud on the court" is demanding and "more exacting" than the standard for proving fraud under Rule 60(b)(3). *Rozier*, 573 F.2d at 1337.

To prevail on his Rule 60(d)(3) Motion, Martin has the burden to establish that there was fraud on the court by clear and convincing evidence. *Kinnear-Weed Corp. v. Humble Oil & Ref. Co.*, 441 F.2d 631, 636 (5th Cir.

1971) (collecting cases). Establishing fraud on the court requires proving "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Rozier*, 573 F.2d at 1337-38 (quotation omitted). Fraud on the court is a "narrow concept" and "should embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner[.]" *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989). "Alternately stated, '(in) order to set aside a judgment or order because of fraud upon the court . . . it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Rozier*, 573 F.2d at 1338 (citing *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960)).

Ultimately, Martin does not meet his demanding burden to establish this narrow class of fraud by clear and convincing evidence. Martin supports his allegation of fraud on the court with a statement purportedly signed by Attorney Robert D. Wilson in July of 2022. *See* Mot., Ex. 1 at 2 (ECF No. 169-1). In this statement, which is not sworn or authenticated, Wilson explains that he was the trial attorney "instructed on behalf of Marko Princip, one of the defendants to the underlying proceedings of this matter .

6

. . resulting in the judgment issued on 15 April 2016[.]"[1] *Id.* ¶ 3. Wilson represents that he "made filings on behalf of both Mr. Princip and Mr. Martin in the proceedings for the 2016 Judgment[,]" but that his instructions only came from Defendant Princip, since he "did not, at any time, receive instruction(s) directly from Mr. Martin." *Id.* ¶¶ 5, 6. Wilson further avers that he understood the instructions received from Mr. Princip were not on behalf of Mr. Martin. *Id.* ¶ 7. He explains that "when the proceedings were amended to include Mr. Martin, Mr. Princip (alone) instructed me to 'file a response' on behalf of Mr. Martin and Mr. Princip confirmed that he would pay all of the fees." *Id.* ¶ 8.

Martin asserts that this evidence shows the final judgment was procured by a fraud on the court, since he personally never hired Wilson and never directly gave Wilson authority to take actions on his behalf. He argues that "[a]n attorney in a legal proceeding who fraudulently claims to represent a client whom she or he does not, not only commits a fraud against the parties to the proceeding, but also a fraud on the court." Mot. ¶ 16 (ECF No. 169).

But Martin's evidence and accompanying argument for fraud do not prevail. While Wilson does state that he never "received instructions

---

[1] Wilson acted as the attorney of record for Defendants Princip and Martin until the Court granted his Motion to Withdraw in April of 2016. *See* Order (ECF No. 78).

7

directly" from Martin, this apparent admission does not establish that Wilson acted without Martin's authority—much less with any intent to defraud the court. Wilson conspicuously declines to state that he acted without Martin's authority. *See* Mot., Ex. 1 at 2-3 (ECF No. 169-1). And there simply is no evidence of an unconscionable plan or scheme to purposefully misrepresent the nature of his attorney-client relationship to the court.

Martin also completely ignores that he appeared and participated at trial, and he never once objected—or intimated—that the court lacked jurisdiction over him or Wilson lacked authority to represent him in this matter. *See, e.g.,* Tr. Vol. 1 at 4 (ECF No. 88) (Wilson announcing his presence "on behalf of Marko Princip, Brian Martin, and the other named Defendants"); *id.* at 18 (Wilson introducing himself to venire panel as counsel for Martin). *See also* Tr. Vol. 3, p. 65-131 (ECF No. 90) (Wilson defending Martin's trial testimony); Tr. Vol. 4, p. 97-120 (ECF No. 91) (Wilson recalling Martin as a witness). Indeed, the trial proceeded before Judge Stickney all the way to judgment, and Martin never expressed any reservation about proceeding in federal court before a magistrate judge. *See Roell v. Withrow*, 538 U.S. 580, 586 (2003) (finding parties may impliedly consent to proceed before the magistrate judge). Martin also failed to raise

8

the issue of Wilson's alleged lack of authority or the court's alleged lack of jurisdiction on appeal.[2]

Further, Martin does not cite any binding authority holding that an attorney taking actions on behalf of a party without direct instruction fits within the narrow, extreme species of fraud which would justify vacating a judgment under Rule 60(d)(3). Martin instead relies on cases such as one from the Ninth Circuit Court of Appeals in which an attorney allegedly responded to a subpoena without express permission. *See Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769 (9th Cir. 2003). But even in this case, the court ultimately held that the alleged attorney conduct did not amount to fraud on the court under Rule 60(d)—indeed, the court reasoned that "fraud on the court" requires a "grave miscarriage of justice," [internal citation omitted] and a fraud that is aimed at the court." *Appling*, 340 F.3d at 780. The attorney's alleged conduct directed at a client, while it may have "worked an injustice," *id.*, "did not work a 'grave miscarriage of justice.'" *Id.* (citation omitted).

In sum, the Court finds that Martin does not present clear and convincing evidence of fraud on the court justifying vacating the final judgment in this action. And ultimately, "[w]hether relief should be granted based on fraud on the court under Rule 60(d) is committed to the sound

---

[2] Martin was represented by Eric Friedman on appeal. *See* Notice of Appeal (ECF No. 98).

discretion of the district court, and district courts are given wide discretion in denying such motions." *Buck v. Thaler*, 452 F. App'x 423, 431 (5th Cir. 2011). Martin voluntarily appeared and participated at trial, and—after hearing all the evidence—a jury returned a verdict unfavorable to him. Martin was not deprived due process, "fair play," or "substantial justice." There was no injustice here that warrants relief under Rule 60(d).

Accordingly, the District Judge should DENY Martin's Motion for relief under Rule 60(d).

**SO RECOMMENDED**.

June 4, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).