IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYLER MOSS and BRANDON KEATING, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Case No. 3:14-cv-03088-M |
| MARKO PRINCIP and BRIAN MARTIN, | § § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is David Tyler Moss and Brandon Keating's Motion to Appoint Receiver (ECF No. 176) pursuant to Texas Civil Practice and Remedies Code § 31.002(b)(3). For the following reasons, the District Judge should DENY the Motion to Appoint Receiver.

## Background

This action centers around a series of agreements among Marko Princip, Brandon Keating, David Tyler Moss, and Brian Martin regarding the management and operation of a "VideoGames YouTube Channel." *See generally* First Am. Compl. (ECF No. 19). On April 15, 2016, the Court entered final judgment on the jury's verdict, awarding Moss and Keating $2,100,000 each in compensatory damages from Princip and Martin, jointly and severally; $4,200,000 each in exemplary damages from Martin; and

$3,000,000 each in exemplary damages from Princip. *See* J. (ECF No. 86). To date, the Judgment Creditors have collected $1,860,578.10 in satisfaction of the judgment. Mot. 2 (ECF No. 176).

On August 30, 2024, Moss and Keating (the "Judgment Creditors") filed their Motion to Appoint a Receiver to take control of all of Princip and Martin's (the "Judgment Debtors") non-exempt property to aid in satisfaction of the judgment. *Id.* Specifically, they ask the Court to (1) "appoint[] a receiver to take control of all Judgment Debtor[s]' non-exempt property (including money); giving the Receiver as much power and authority as permitted by law;" (2) "impose[] on Judgment Debtor[s] any duty permitted by law that might assist the Receiver in satisfying the Judgment;" and (3) "[a]ny other relief for the purpose of satisfying the Judgment." *Id.* at 3-4. Neither Princip nor Martin filed a response to the Motion. Thus, the Court considers the Motion without the benefit of a response.

**Preliminary Matters**

1. <u>Brian Martin's Notice of Appeal</u>

On September 11, 2024, Defendant and Judgment Debtor Brian Martin filed a notice of appeal of the Court's Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge

(ECF No. 172)[1] and the Court's Order denying Martin's Motion for Reconsideration of the Order Accepting (ECF No. 175).[2] *See* Notice of Appeal (ECF No 178).

The Fifth Circuit "follows the general rule that the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal," except in matters "to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded." *S.E.C. v. Barton*, 79 F.4th 573, 579 (5th Cir. 2023) (citing *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983)). The Court is satisfied that it retains jurisdiction to decide the Motion to Appoint Receiver under the exception to the general rule. *See Accordant Comms., LLC v. Sayers Constr., LLC*, 2020 WL 3065105, at *4 (W.D. Tex. June 9, 2020) ("even after the filing of a valid notice of appeal, the district court may . . . enforce its judgment, if the judgment has not been stayed or superseded."). "In the

---

[1] On September 20, 2023, Martin filed a Motion for Post-Judgment Relief pursuant to Federal Rule of Civil Procedure 60(d) asking the Court to vacate or alter the final judgment. The Magistrate Judge recommended denying Martin's Motion and the District Judge accepted this recommendation, ordering denial of the motion on July 3, 2024. *See* ECF Nos. 170 and 172.

[2] On July 30, 2024, Martin filed a Motion for Reconsideration of ECF No. 172. *See* Mot. (ECF No. 174). The District Judge denied the Motion on August 29, 2024. *See* Order (ECF No. 175).

absence of a stay obtained in accordance with Rule 62,³ 'the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment.'" *Id.* (citing 11 Wright & Miller § 2905 (3d ed. 2020)). Here, Brian Martin filed a notice of appeal, but he has not obtained a stay pending appeal, so the Court retains jurisdiction to enforce the judgment.

    2. <u>Marko Princip's Petition for Bankruptcy</u>

On October 8, 2024, Defendant and Judgment Debtor Marko Princip filed a notice of his bankruptcy petition in the Eastern District of Texas. *See* Suggestion of Bankr. 1 (ECF No. 180). Under the Bankruptcy Code, the filing of a bankruptcy petition operates as an automatic stay of any judicial proceeding against the debtor. 11 U.S.C. § 362; *see also Santry v. Ocwen Loan Servicing LLC*, 2024 WL 4229990, at *8 (N.D. Tex. Sept. 3, 2024) ("Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate' or 'to obtain or exercise control over the property of the debtor.'") (citing *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987). Accordingly, the case is STAYED as to Marko Princip and the Court decides the Judgment Creditors' Motion to Appoint Receiver only as it applies to Brian Martin.

---

³ Federal Rule of Civil Procedure 62(b) provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

## Legal Standards

A federal court may enforce a money judgment "in accordance with the practice and procedure of the state in which the district court is held." Fed. R. Civ. P. 69(a). The Texas Turnover Statute (Texas Civil Practice & Remedies Code § 31.002) "is 'the procedural device [in this state] by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process.'" *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 426 (5th Cir. 2006) (quoting *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991)).

Under the Texas Turnover Statute, a judgment creditor is "entitled to aid from a court of appropriate jurisdiction . . . to obtain satisfaction on the judgment if the judgment debtor owns property . . . that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." Tex. Civ. Prac. & Rem. Code § 31.002(a). The Texas Turnover Statute permits a court to "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." § 31.002(b)(3).

The turnover statute itself does not require notice and a hearing prior to issuance of a turnover order. *Vaccaro v. Raymond James & Assocs., Inc.*, 655 S.W.3d 485, 489 (Tex. App.—Fort Worth 2022, no pet.). Nevertheless, the trial court must have "some substantive, probative evidence establishing the turnover statute's requirements." *Id.*; *see also Shanze Enterprises, Inc.*

5

*v. Amigo MGA, LLC*, 2014 WL 5493252, at *2 (N.D. Tex. Oct. 30, 2014) ("The Court therefore may not properly enter a turnover order if there is not at least some probative evidence of the necessary facts supporting the trial court's discretion."). And, "[t]he initial burden is on the judgment creditor to establish [1] the existence of an underlying judgment, [2] that the underlying judgment remains unpaid, and [3] that the judgment debtor owns nonexempt property." *Vaccaro*, 655 S.W.3d at 489; *see also Black v. Shor*, 443 S.W.3d 170, 181 (Tex. App.—Corpus Christi 2013, no pet.) (holding that "[i]ssuance of a turnover order requires 'a factual showing' that the judgment debtor owns nonexempt property that is not readily subject to ordinary execution and 'proof of the necessary facts.'"). "The trial court has wide discretion in determining whether and in what form turnover relief should be ordered." *World Fuel Services Corp. v. Moorehead*, 229 F. Supp. 2d 584, 592 (N.D. Tex. 2002) (citing cases).

## Analysis

The Judgment Creditors assert that an appointment of a receiver to aid in satisfaction of the judgment is appropriate under the Texas Turnover Statute. Mot. 2 (ECF No. 176). The Judgment Creditors argue that they "meet the required burden of proof through Exhibits 1, 2, & 3." *Id.* at 3. Exhibit 1 is this Court's final judgment filed on April 15, 2016. *Id.* at 6-9, Ex. 1. Exhibit 2 is a declaration from the Judgment Creditors' attorney Ryan

6

Rouz[4] and a copy of the proposed Receiver's CV. *Id.* at 11, Ex. 2. Exhibit 3 is an August 28, 2024 Order Appointing Receiver in a case between the same parties in state court. *Id.* at 19-33, Ex. 3.

The Court finds that the Judgment Creditors have failed to make the required factual showing that the conditions for granting turnover relief are present. Neither the Judgment Creditors' Motion, nor their attached Exhibits to the Motion, identify non-exempt property under Brian Martin's control that cannot readily be attached or levied on by ordinary legal process or set forth any specific facts to substantiate such a belief. The Judgment Creditors' Motion concludes entitlement to relief without explanation.

Without satisfying the required factual showing, the Court cannot be certain that a turnover order—and the appointment of a receiver—is appropriate under the circumstances. *See D'Arcy Petroleum, LLC v. Mink*, 2024 WL 2885326, at *2 (N.D. Tex. Apr. 30, 2024), (finding plaintiff failed to make required showing for turnover relief when he provided only "unsupported, conclusory allegations" about unidentified non-exempt property and the only exhibit attached to plaintiff's motion was a copy of the

---

[4] The substance of Ryan Rouz's declaration is that he "informed [him]self of the balance owed on the Judgment and confirmed [his] clients' right to enforce the Judgment," the "Judgment Creditor has not surrendered right or control to enforce the Judgment or impaired that right in any way," and that "the person proposed by the Judgment Creditor to serve as Receiver, Andrew R. Korn, is experienced and qualified to serve as Receiver in this [c]ase." Mot. 2, Ex. 2 (ECF No. 176).

court's default judgment), adopted by 2024 WL 2885904 (N.D. Tex. June 7, 2024); *see also Vaccaro*, 655 S.W.3d at 491 (holding that judgment creditor's attorney's conclusory statement based on her "understanding" that judgment debtor owns nonexempt assets—with no facts to support it—was not sufficient to carry judgment creditor's burden to obtain turnover relief); *see also Synergy Advisory Services, LLC v. ClearPrism, LLC*, 2024 WL 3418823, at *4 (N.D. Tex. July 15, 2024) ("[Judgment creditor's] 'belie[f] that unless a receiver is appointed, [the judgment debtor] will fraudulently transfer, or waste, or attempt to damage assets or place them beyond the Court's or [the judgment creditor's] reach' does not, without more, support appointing a receiver."). Therefore, the District Judge should deny the Judgment Creditors' Motion without prejudice to refiling with additional argument and evidence.

## Recommendation

The District Judge should DENY the Judgment Creditors' Motion to Appoint a Receiver (ECF No. 176).

**SO RECOMMENDED**.

January 22, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).